Exhibit A

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Marta Manus (SBN 260132)
mmanus@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**THE CARTER LAW FIRM**
Roger Carter (SBN 140196)
roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 254-7500/Facsimile: (949) 629-2501

**THE PHELPS LAW GROUP**
Marc H. Phelps (SBN 237036)
Marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533/Facsimile: (949) 629-2501

Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 21 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

**19STCV09574**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **CLASS ACTION**<br>**CLASS ACTION COMPLAINT**<br>1. Failure to Pay Reporting Time Wages (Labor Code § 204; IWC Wage Orders 7-2001 and 9-2001, § 5);<br>2. Failure to Reimburse Business Expenses (Lab. Code § 2802 and IWC Wage Orders 7-2001 and 9-2001, § 9);<br>3. Denial of Right to Use Sick Leave Without Threat of Discipline and/or Discharge (Lab. Code § 233);<br>4. Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and 1198, and IWC Wage Orders 7-2001 and 9-2001, § 7);<br>5. Failure to Timely Pay Wages Due During Employment (Lab. Code §§ 204(a) and 1198, and IWC Wage Orders 7-2001 and 9- |

Class Action Complaint

**Exhibit A, Page 21**



| | |
|---|---|
| 1 | ) 2001, § 4); |
| 2 | ) 6. Failure to Timely Pay Wages Due Upon |
| 3 | ) Separation of Employment (Lab. Code §§ 201, 202, and 203); |
| 4 | ) 7. Violation of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208); |
| 5 | ) 8. Invasion of Privacy – Intrusion; Cal. Const. Article 1, Section 1); |
| 6 | ) 9. Failure to Provide Paid Sick Leave in |
| 7 | ) Compliance with San Diego Paid Sick Leave Ordinance and Los Angeles Paid Sick |
| 8 | ) Leave Ordinance. |
| 9 | ) |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Class Action Complaint

1  Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ
2  (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, complain
3  and allege as follows:

4  ## I.

5  ## INTRODUCTION

6      1.    Plaintiffs bring this action as a Class Action pursuant to California Code of Civil
7  Procedure section 382 on behalf of themselves and other current and former non-exempt
8  transportation drivers of ALBERTSON'S, LLC and DOES 1 through 50, inclusive (collectively
9  "Defendants"). Plaintiffs bring this action for: unpaid compensation, including reporting time
10 pay; reimbursement of reasonably incurred business expenses; sick pay claims (including denial
11 of the right to use sick pay and violation of local ordinances); payment of wages due during and
12 upon termination of employment; invasion of privacy; and statutory and civil penalties, interest
13 and attorneys' fees and costs. In addition, Plaintiffs bring this action for unfair competition
14 under Business and Professions Code sections 17200, *et seq.*

15 ## II.

16 ## JURISDICTION AND VENUE

17     2.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of
18 Civil Procedure, section 395. Defendants conduct business in Los Angeles County, California
19 and each Defendant is within the jurisdiction of this Court for service of process purposes. The
20 unlawful acts alleged have a direct effect on Plaintiffs and those similarly situated within the
21 State of California and Los Angeles County. Defendants employ numerous Class Members in
22 Los Angeles County. There is no federal question at issue, as the issues are based solely on
23 California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil
24 Procedure, Civil Code, and Business and Professions Code.

25     3.    Business and Professions Code, section 17203 provides that any person who
26 engages in unfair competition may be enjoined in any court of competent jurisdiction. Business
27 and Professions Code, section 17204 provides that any person, acting on his own behalf, may
28 bring an action in a court of competent jurisdiction.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -
Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### III.

### THE PARTIES

**A.    Plaintiffs**

4.    Plaintiff MICHAEL RAZIANO is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

5.    Plaintiff BRIAN TRAISTER is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

6.    Plaintiff CHRIS VALDEZ is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

**B.    Defendants**

7.    Defendant ALBERTSON'S, LLC is a Delaware Limited Liability Company engaged in business throughout California and in Los Angeles County. During the Class Period, Defendant employed Plaintiffs and others as non-exempt transportation drivers within California and Los Angeles County.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe, and based on that allege, each of the Defendants designated as a DOE is legally responsible in some manner for the unlawful acts alleged. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when those identities become known.

9.    Plaintiffs are informed, believe, and allege each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each Defendant are legally attributable to the other Defendants.

### IV.

### GENERAL ALLEGATIONS

10.    During all, or portions, of the Class Period, Plaintiffs and each member of the

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   Plaintiff Class were employed by Defendants in the State of California.

2       11.    At all relevant times, Defendants had a consistent policy and practice of failing

3   to pay Plaintiffs and similarly-situated employees all wages due, including reporting time pay.

4       12.    At all relevant times, Defendants had a consistent policy and practice of failing

5   to reimburse Plaintiffs and similarly-situated employees for all reasonable and necessarily

6   inured business-related expenses, including all expenses incurred for business layovers, in

7   violation of California state wage and hour laws..

8       13.    At all relevant times, Defendants had a consistent policy and practice of denying

9   Plaintiffs and similarly-situated employees the right to use accrued sick leave without the threat

10  of discipline and/or discharge.

11      14.    At all relevant times, Defendants knowingly and willfully failed to provide

12  accurate wage statements to non-exempt employees, including Plaintiffs, which did not include,

13  among other things, accrued sick time, the accurate total hours and pay for reporting time, and

14  all rates of pay, or deductions made.

15      15.    At all relevant times, Defendants had a consistent policy and practice of failing

16  to timely compensate non-exempt employees, including Plaintiffs, for all wages owed during

17  and upon separation of employment, in violation of California state wage and hour laws.

18      16.    At all relevant times, Defendants required Plaintiffs and all other similarly-

19  situated employees to enter into an agreement allowing Defendants to install and use a camera

20  monitoring system called the DriveCam Video System ("DriveCam") in their trucks at

21  distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other

22  similarly-situated employees that the DriveCam would only be used when activated by the

23  driver or by a "triggering event" such as hard braking, swerving, or a collision. Based on

24  Defendants' representations, Plaintiffs and all other similarly-situated employees had a

25  reasonable expectation of privacy that the DriveCam was not continuously recording at all times

26  while drivers were on duty but rather only recording when activated by a driver or a triggering

27  event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact

28  that the DriveCam recorded them during times other than when it was activated by a driver or a

triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner which would be highly offensive to a reasonable person, including Plaintiffs and all other similarly-situated employees.

17. At all relevant times, Plaintiffs and the other similarly-situated employees performed work within the geographical boundaries of the City of San Diego and were therefore entitled to be paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage Ordinance ("SDO"). Defendants failed to comply with the requirements of the SDO by failing to provide its employees with earned sick leave. See SDO Chapter 3, Article 9, Division 1. Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees with paid earned sick leave in compliance with the SDO.

18. At all relevant times, Plaintiffs and other similarly-situated employees performed work within the geographical boundaries of the City of Los Angeles and were therefore entitled to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 Section 187.04 ("LAO"). Defendants failed to comply with the requirements of the LAO by failing to provide employees with earned sick leave. Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees with paid earned sick leave in compliance with the LAO.

19. Plaintiffs, on behalf of themselves and all similarly-situated employees in the State of California, bring this action pursuant to Labor Code sections 201, 202, 203, 204(a), 210, 218.5, 218.6, 226(a), 226(h), 226.3, 233, 510, 512, 1174(d), 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, seeking unpaid wages, expense reimbursement, penalties, equitable relief, and reasonable attorneys' fees and costs.

20. Plaintiffs, on behalf of themselves and all similarly-situated employees in the State of California, bring this action pursuant to Business and Professions Code sections 17200-17208, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by

- 4 -
Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   Defendants by failing to pay all wages owed.

2   **V.**

3   <u>**CLASS ACTION ALLEGATIONS**</u>

4   21.   Plaintiffs bring this action on behalf of themselves and all similarly-situated

5   current and former employees of Defendants as a Class Action pursuant to Code of Civil

6   Procedure section 382. The Class and Subclasses Plaintiffs seek to represent are defined as:

7   <u>**Plaintiff Class**</u>

8   All non-exempt transportation drivers employed by Defendants in
    the State of California at any time since the four years preceding

9   the filing of this Complaint.

10   22.   Plaintiffs seek to certify a Subclass of employees defined as:

11   <u>**Reporting Time Subclass**</u>

12   All Plaintiff Class Members who were required to call in each day,
     but were not put to work and were not furnished at least half of the

13   usual day's work or at least two hours, at their regular rate of pay.

14   23.   Plaintiffs seek to certify a Subclass of employees defined as:

15   <u>**Unreimbursed Business Expense Subclass**</u>

16   All Plaintiff Class Members who were not reimbursed for
     business-related expenses incurred in the discharge of duties for

17   Defendants.

18   24.   Plaintiffs seek to certify a Subclass of employees defined as:

19   <u>**Wage Statement Subclass**</u>

20   All members of the proposed Plaintiff Class who, within one year
     of the filing of the Complaint, received one or more itemized wage

21   statements that did not include accrued sick time, and/or all wages
     due for reporting time pay, and/or the applicable rates of pay for

22   time worked, and/or any deductions taken.

23   25.   Plaintiffs seek to certify a Subclass of employees defined as:

24   <u>**Waiting Time Penalty Subclass**</u>

25   All Plaintiff Class Members whose employment ended at any time
     during the three years preceding the filing of this Complaint.

26   26.   Plaintiffs seek to certify a Subclass of employees defined as:

27   <u>**UCL Subclass**</u>

28   All members of the proposed Plaintiff Class who were subject to
     Defendants' pay practices relating to failure to pay reporting time

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

Class Action Complaint

**Exhibit A, Page 27**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

pay, failure to reimburse all business-related expenses, denial of the right to use sick leave without the threat of discipline and/or discharge, and failure to timely pay all wages due at separation of employment.

27.     Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the Plaintiff Class and Subclass descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

28.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before this Court.

29.     **Ascertainable Class:** The proposed Plaintiff Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

30.     **Numerosity:** The potential members of the Plaintiff Class and Subclasses, defined above, are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the Plaintiff Class and Subclasses is unknown to Plaintiffs, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

31.     **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Plaintiff Class and Subclasses because all members of the Plaintiff Class and Subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Plaintiff Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged.

32.     **Adequacy:** Plaintiffs will adequately and fairly protect the interests of the members of the Plaintiff Class. Plaintiffs have no interest adverse to the interests of absent Class Members. Plaintiffs are represented by attorneys with substantial wage-and-hour and class action law experience.

33.     **Superiority:**   A class action is superior to other available means for fair and

- 6 -

**Exhibit A, Page 28**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties

2   and the Court. Class action treatment will allow a large number of similarly-situated persons to

3   prosecute their common claims in a single forum, simultaneously, efficiently, and without the

4   unnecessary duplication of effort and expense numerous individual actions would require. The

5   damages suffered by each Plaintiff Class Member are relatively small in the sense pertinent to

6   class action analysis, and the expense and burden of individual litigation would make it

7   extremely difficult or impossible for individual Plaintiff Class Members to seek and obtain

8   individual relief. A class action will serve an important public interest by permitting such

9   individuals to effectively pursue recovery of sums owed to them. Class litigation also prevents

10   the potential for inconsistent or contradictory judgments raised by individual litigation.

11       34.    The predominating common questions of law and fact include, without

12   limitation:

13       a.    Whether Defendants compensated Plaintiff Class Members for all hours worked,

14           including reporting time;

15       b.    Whether Defendants reimbursed Plaintiff Class Members for all business-related

16           expenses incurred in the discharge of duties pursuant to Labor Code section

17           2802;

18       c.    Whether Defendants denied Plaintiff Class Members the right to use accrued sick

19           leave without the threat of discipline and/or discharge pursuant to Labor Code

20           section 233;

21       d.    Whether Defendants invaded the privacy of Plaintiff Class Members via the

22           method of installation and operation of cameras in their trucks;

23       e.    Whether Defendants maintained accurate records for Plaintiff Class Members

24           pursuant to Labor Code section 1174(d) and section 7 of the applicable IWC

25           Wage order;

26       f.    Whether Defendants provided Plaintiff Class Members with accurate itemized

27           wage statements pursuant to Labor Code section 226;

28       g.    Whether Defendants timely paid wages due during employment pursuant to

- 7 -

Class Action Complaint

**Exhibit A, Page 29**

Labor Code sections 204(a) and 1198;

h.   Whether Defendants timely paid wages due upon separation of employment pursuant to Labor Code sections 201-202;

i.   Whether Defendants violated sections 17200, *et seq.* of the Business and Professions Code; Labor Code sections 226 and 1194; IWC Wage Orders 7-2001 and 9-2001, and other applicable IWC Wage Orders which constitutes a violation of fundamental public policy;

h.   Whether Plaintiff Class and Subclass Members are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

## VI.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Failure to Pay Reporting Time Wages
[Labor Code § 204; IWC Wage Order 9-2001, § 5]
**(Plaintiff VALDEZ and the Reporting Time Subclass Against Each Defendant)**

35.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

36.   Wage Order 9(5)(A) provides as follows:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half of said employer's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employees' regular rate of pay, which shall not be less than the minimum wage.

37.  Labor Code section 204(a) states: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 8 -

covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time."

38. Plaintiff VALDEZ and other part-time employees were scheduled for call-in shifts and required to report to work by calling in each day to determine whether they were scheduled to work the following day. If the workload did not support their presence, Plaintiff VALDEZ and other part-time employees did not receive at least two hours pay at their regular rate of pay, or half of the usually-scheduled shift in pay at their regular rate. Although Defendants required Plaintiff VALDEZ and other part-time employees to report to work by calling in each day to determine whether they were scheduled to work the following day. Defendants failed to pay any wages for this reporting time. These on-call shifts burden Plaintiff VALDEZ and other part-time employees by limiting their time and availability for other activities but nonetheless receiving no compensation from Defendants unless they are ultimately called in to work.

39. By their failure to pay hourly wages for reporting time, Defendants willfully violated provisions of Labor Code section 204, and section 5 of IWC Wage Orders 7-2001 and 9-2001.

40. Defendants' unlawful acts deprived Plaintiff VALDEZ and the Plaintiff Class and the Reporting Time Subclass he seeks to represent of hourly wages in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

41. Plaintiff VALDEZ, on behalf of himself and members of the Reporting Time Subclass, requests relief as described below.

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

Class Action Complaint

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**[Labor Code § 2802 and the § 9 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Unreimbursed Business Expenses Subclass Against Each Defendant)**

42.　　Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

43.　　Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

44.　　Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, Defendants failed to reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass as required by Labor Code section 2802. Defendants required Plaintiffs and members of the Unreimbursed Business Expenses Subclass to pay for traffic and speeding tickets incurred while on duty and performing work for Defendants.

45.　　Defendants also did not fully reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass for business-related expenses incurred on layovers of up to twenty-four (24) hours.

46.　　Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

47.　　IWC Wage Order 9-2001, section 9(b) states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

48.　　Plaintiffs and members of the Unreimbursed Business Expenses Subclass suffered losses including, but not limited to, the costs of traffic and speeding tickets and costs incurred during layovers. Plaintiffs and members of the Unreimbursed Business Expenses Subclass incurred these costs in direct consequence of the discharge of their duties.

- 10 -

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

49.     As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Unreimbursed Business Expenses Subclass have suffered, and continue to suffer, substantial losses related to failure to be indemnified for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

50.     Plaintiffs seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendants' violations, interest thereon permitted by Labor Code section 2802(b), reasonable attorney's fees and costs of suit, injunctive relief, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor Code section 2802 and Code of Civil Procedure section 1021.5.

51.     Plaintiffs, on behalf of themselves and the members of the Unreimbursed Business Expenses Subclass, request relief as described below.

### THIRD CAUSE OF ACTION
### DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
### [Labor Code § 233]
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

52.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

53.     Labor Code section 233(c) states in pertinent part: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

54.     Plaintiffs and members of the Plaintiff Class were denied the right to use their accrued sick leave without the threat of discipline and/or discharge by Defendants. Defendants carried out a consistent policy and practice of disciplining Plaintiffs and members of the Plaintiff Class for taking sick leave. Specifically, Defendants intimidate, discipline, and threaten

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

Class Action Complaint

1   Plaintiffs and members of the Plaintiff Class for exercising their right to take sick leave when

2   they are fatigued, ill, or otherwise unable to safely operate a commercial vehicle. Defendants

3   implemented and carried out a policy that disciplines and threatens discharge for repeated

4   absences regardless of the reason. In fact, Defendants implemented and carried out a policy that

5   issues points for each occurrence, such as absence due to illness or fatigue, with the threat that a

6   specific number of occurrences will result in discharge. However, each point issued for an

7   occurrence results in some form of discipline, threat, or warning.

8        55.  Plaintiffs seek to recover in a civil action to the fullest extent permissible all

9   available remedies including but not limited to the remedies permitted by Labor Code section

10  233(e) and Code of Civil Procedure section 1021.5.

11       56.  Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

12  requests relief as described below.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**[Labor Code § 226 and § 7 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

16       57.  Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

17       58.  Labor Code section 226(a) states in pertinent part: "Every employer shall,

18  semimonthly or at the time of each payment of wages, furnish each of his or her employees,

19  either as a detachable part of the check, draft, or voucher paying the employee's wages, or

20  separately when wages are paid by personal check or cash, an accurate itemized statement in

21  writing showing": (1) gross wages earned; (2) total hours worked by the employee, except for

22  any employee whose compensation is solely based on a salary and who is exempt from payment

23  of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial

24  Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if

25  the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made

26  on written orders of the employee may be aggregated and shown as one item; (5) net wages

27  earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the

28  employee and only the last four digits of his or her social security number or an employee

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

Class Action Complaint

1  identification number other than a social security number; (8) the name and address of the legal

2  entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and

3  the corresponding number of hours worked at each hourly rate by the employee. The deductions

4  made from payment of wages shall be recorded in ink or other indelible form, properly dated,

5  showing the month, day, and year, and a copy of the statement and the record of the deductions

6  shall be kept on file by the employer for at least three years at the place of employment or at a

7  central location within the State of California.

8    59.    IWC Wage Orders 7-2001 and 9-2001, section 7(A) states in relevant part that

9  the employer shall keep accurate information regarding, "(4) Total wages paid each payroll

10  period, including value of board, lodging, or other compensation actually furnished to the

11  employee; (5) Total hours worked in the payroll period and applicable rates of pay."

12    60.    Through Defendants' alleged conduct during the applicable statutory period

13  including, but not limited to, on information and belief, Defendants failed to provide accurate

14  wage statements including, but not limited to, the recording of accrued sick time, all wages due

15  for reporting time pay, the applicable rates of pay for time worked, and/or deductions taken.

16    61.    As a consequence of Defendants' knowing and willful failure to comply with

17  Labor Code section 226(a), Plaintiffs and similarly-situated employees are entitled to actual

18  damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code section

19  226(b), together with interest and attorneys' fees and costs.

20    62.    Labor Code section 226(e) states: "An employee suffering injury as a result of a

21  knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

22  recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which

23  a violation occurs and one hundred dollars ($100) per employee for each violation in a

24  subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000),

25  and is entitled to an award of costs and reasonable attorneys' fees." Labor Code section

26  226(e)(2)(B) states: "An employee is deemed to suffer injury for purposes of this subdivision if

27  the employer fails to provide accurate and complete information as required by any one or more

28  of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

Class Action Complaint

**Exhibit A, Page 35**

1  determine from the wage statement alone one or more of the following: (i) The amount of gross

2  wages or net wages paid to the employee during the pay period or any other information

3  required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive,

4  (6) and (9) of subdivision (a)..." Because Plaintiffs' wage statements did not include, among

5  other things, an accurate accounting of gross wages earned or the accurate total hours worked,

6  they are deemed to have suffered injury.

7    63.   Labor Code section 226(h) states: "An employee may also bring an action for

8  injunctive relief to ensure compliance with this section, and is entitled to an award of costs and

9  reasonable attorney's fees."

10    64.   Labor Code section 226.3 states, in part: "Any employer who violates

11  subdivision (a) of section 226 shall be subject to a civil penalty in the amount of two hundred

12  fifty dollars ($250) per employee per violation in an internal citation and one thousand dollars

13  ($1,000) per employee for each violation in a subsequent citation, for which the employer fails

14  to keep the records required in subdivision (a) of Section 226. The civil penalties provided for

15  in this section are in addition to any other penalty provided by law."

16    ·65.   As a direct result of Defendants' violations alleged herein, Plaintiffs and

17  members of the Plaintiff Class have suffered, and continue to suffer, injury including substantial

18  losses related to the use and enjoyment of such wages, lost interest on such monies and

19  expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations

20  under state law, all to their respective damage in amounts according to proof at trial and within

21  the jurisdictional limitations of this Court.

22    66.   Plaintiffs seek to recover in a civil action all remedies including damages, unpaid

23  wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible

24  including those permitted pursuant to Labor Code sections 226(e) and (h), 226.3, and Code of

25  Civil Procedure section 1021.5.

26    67.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

27  request relief as described below.

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

**Exhibit A, Page 36**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### FIFTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT**
**[Labor Code §§ 204(a), 1198, and § 4 of the IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

68. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

69. Labor Code section 204(a) states in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

70. Labor Code section 210 states in pertinent part: "(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

71. IWC Wage Orders 7-2001 and 9-2001, section 4(B) state: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

72. Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiffs and members of the Plaintiff Class (i) all wages due and owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code section 204(a) and IWC Wage Orders 7-2001 and 9-2001, section 4(B) including, but not limited to, not paying all reporting time overtime wages.

73. As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Plaintiff Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state

- 15 -

Class Action Complaint

**Exhibit A, Page 37**

1  law, all to their respective damage in amounts according to proof at trial and within the

2  jurisdictional limitations of this Court.

3      74.   Plaintiffs seek to recover in a civil action all remedies including unpaid wages,

4  attorneys' fees and costs, penalties and interest to the fullest extent permissible including those

5  permitted pursuant to Labor Code sections 210, 218.5, 218.6, 226.7, 1198, and Code of Civil

6  Procedure section 1021.5.

7      75.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

8  request relief as described below.

9  ## SIXTH CAUSE OF ACTION

10 ### FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT
[Labor Code §§ 201, 202, 203]

11 **(Plaintiffs and the Waiting Time Penalty Subclass Against Each Defendant)**

12     76.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

13     77.   Labor Code section 201(a) states: "If an employer discharges an employee, the

14 wages earned and unpaid at the time of discharge are due and payable immediately."

15     78.   Labor Code section 202(a) states: "If an employee not having a written contract

16 for a definite period quits his or her employment, his or her wages shall become due and

17 payable not later than 72 hours thereafter, unless the employee has given 72 hours previous

18 notice of his or her intention to quit, in which case the employee is entitled to his or her wages

19 at the time of quitting. Notwithstanding any other provision of law, an employee who quits

20 without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so

21 requests and designates a mailing address. The date of the mailing shall constitute the date of

22 payment for purposes of the requirement to provide payment within 72 hours of the notice of

23 quitting."

24     79.   Through Defendants' conduct during the applicable statutory period including,

25 but not limited to, the conduct alleged herein, including that alleged on information and belief,

26 Defendants willfully failed to provide Plaintiffs and members of the Waiting Time Penalty

27 Subclass with all wages due and owing, including minimum wages, overtime wages, and

28 regular wages, by the time specified by Labor Code sections 201(a) and 202(a), as applicable.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1     80.    Labor Code section 203(a) states, in relevant part: "If an employer willfully fails

2  to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and

3  205.5, any wages of an employee who is discharged or who quits, the wages of the employee

4  shall continue as a penalty from the due date thereof at the same rate until paid or until an action

5  therefore is commenced; but the wages shall not continue for more than 30 days."

6     81.    As a direct result of Defendants' violations alleged herein, Plaintiffs and

7  members of the Waiting Time Penalty Subclass have suffered and continue to suffer substantial

8  losses related to the use and enjoyment of such wages, including lost interest on such monies

9  and expenses and attorneys' fees in seeking to compel Defendants to fully perform their

10  obligation under state law, all to their respective damage in amounts according to proof at trial

11  and within the jurisdictional limitations of this Court.

12     82.    Plaintiffs seek to recover in a civil action all remedies to the fullest extent

13  permissible including those permitted pursuant to Labor Code section 203 and Code of Civil

14  Procedure 1021.5.

15     83.    Plaintiffs, on behalf of themselves and the members of the Waiting Time Penalty

16  Subclass, request relief as described below.

17
### SEVENTH CAUSE OF ACTION
**VIOLATION OF THE UNFAIR COMPETITION LAW**
18
**[Business and Professions Code §§ 17200, *et seq*.]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**
19

20     84.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

21     85.    Business & Professions Code section 17200 states: "As used in this chapter,

22  unfair competition shall mean and include any unlawful, unfair or fraudulent business act or

23  practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by

24  Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and

25  Professions Code."

26     86.    Through Defendants' conduct during the applicable statutory period including,

27  but not limited to, the conduct alleged herein, including that alleged on information and belief,

28  Defendants have engaged in unlawful, unfair, or fraudulent business practices in California by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**Exhibit A, Page 39**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  practicing, employing, and utilizing, the employment practices outlined in the preceding

2  paragraphs all in violation of California law and the Industrial Welfare Commission Wage

3  Orders. Defendants' use of such practices constitutes an unfair business practice, unfair

4  competition, and provides an unfair advantage over Defendants' competitors doing business in

5  the State of California that comply with their obligations to properly provide employment

6  conditions in compliance with the law and pay employees for all earned wages and

7  compensation as required by law.

8       87.      Defendants' violations of the Labor Code and the Industrial Welfare

9  Commission Wage Orders, and their scheme to lower payroll costs as alleged herein, constitute

10  unlawful business practices because these actions were done in a systematic manner over a

11  period of time to the detriment of Plaintiff and the Plaintiff Class. The acts complained of herein

12  occurred within the last four (4) years preceding the filing of this complaint and include, but are

13  not limited to, failure to (i) pay minimum, overtime, and regular wages, and sick pay, both

14  during and after separation of employment; (ii) maintain accurate records; (iii) provide and

15  maintain accurate itemized wage statements; (iv) pay timely wages during employment; (v) pay

16  timely wages upon separation of employment; and (vi) indemnify employees for their expenses

17  and losses and (vii) preserve employee privacy, i.e., by using cameras in the ways specified

18  above.

19       88.      Defendants' failure to pay Plaintiffs and members of the Plaintiff Class and

20  Subclasses for all reporting time, as required by the applicable Wage Orders and the Labor

21  Code, as alleged, constitutes unlawful activity prohibited by Business and Professions Code

22  sections 17200, *et seq.*

23       89.      The actions of Defendants in failing to pay Plaintiffs and members of the

24  Plaintiff Class in a lawful manner constitute false, unfair, fraudulent, and deceptive business

25  practices, within the meaning of Business and Professions Code, sections 17200, *et seq.*

26       90.      Plaintiff are entitled to an injunction, specific performance under Business and

27  Professions Code, section 17202, and/or other equitable relief against such unlawful practices in

28  order to prevent future loss, for which there is no adequate remedy at law, and to avoid a

- 18 -

Class Action Complaint

**Exhibit A, Page 40**

1   multiplicity of lawsuits. Plaintiffs bring this cause individually and as a member of the general

2   public as a representative of all others subject to Defendants' unlawful acts and practices.

3       91.     This cause of action is brought as a cumulative remedy and is intended as an

4   alternative remedy for restitution for Plaintiffs, and each Plaintiff Class Member, for the four (4)

5   year period before the filing of this Complaint, and as the primary remedy during the fourth year

6   before the filing of this Complaint. Business and Professions Code section 17205.

7       92.     As a result of Defendants' unlawful and unfair business practice of failing to pay

8   earned wages, each Plaintiff Class member has suffered damages and is entitled to restitution in

9   an amount according to proof.

10      93.     The illegal conduct alleged is continuing and there is no indication that

11  Defendants will discontinue such activity in the future. Plaintiffs allege that if Defendants are

12  not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all

13  wages as required by law.

14      94.     Plaintiffs further request the Court issue a preliminary and permanent injunction

15  prohibiting Defendants from continuing to fail to pay reporting time wages.

16      95.     As a direct and proximate result of Defendants' conduct, Defendants have

17  received and will continue to receive monies that rightfully belong to members of the general

18  public who have been adversely affected by Defendants' conduct, as well as to Plaintiffs by

19  virtue of unpaid wages and other monies.

20      96.     Plaintiffs are entitled to and seek any and all available remedies including

21  restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil

22  Procedure section 1021.5, Business and Professions Code sections 17200, *et seq.*, the substantial

23  benefit doctrine, and/or the common fund doctrine.

24      97.     Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

25  requests relief as described below.

26  / / /

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

Class Action Complaint

**Exhibit A, Page 41**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## EIGHTH CAUSE OF ACTION

**INVASION OF PRIVACY – INTRUSION INTO PRIVATE AFFAIRS; VIOLATION OF CAL. CONST. ARTICLE 1, SECTION 1**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

98.     Plaintiffs incorporate all preceding paragraphs of this Complaint.

99.     Plaintiffs and other similarly-situated employees have a reasonable expectation of privacy in their conduct at work based on Defendants' representations that the DriveCam will only be used to record work-related activities when activated by the driver or a triggering event such as hard braking, swerving or a collision.

100.    Plaintiffs and other similarly-situated employees possess a legally protected privacy interest in their personal and private conduct including private conversations they engaged without knowledge that their conversations and activities were being recorded by the DriveCam system in Defendants' vehicles.

101.    At all relevant times, Defendants required Plaintiffs and all other similarly-situated employees to enter into an agreement allowing Defendants to install and use a camera monitoring system call the DriveCam Video System ("DriveCam") in its trucks at distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or a triggering event such as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs and all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam was not continuously recording at all times while drivers were on duty but rather only recording when activated by a driver or a triggering event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner in which is highly offensive to a reasonable person, including to Plaintiffs and all other similarly-situated employees.

- 20 -
Class Action Complaint

102.   Plaintiffs and all other similarly-situated employees did not consent to or have knowledge of the fact that the DriveCam was recording them at times other than when activated by the driver or by a triggering event such as hard braking, swerving, or a collision.

103.   Defendants failed to inform Plaintiffs and all other similarly-situated employees that the DriveCam would record them at times other than when activated by the driver or a triggering event such as hard braking, swerving, or a collision.

104.   This intrusion would be highly offensive to a reasonable person.

105.   Defendants' conduct was intentional and done with reckless disregard for the fact that a reasonable person in Plaintiffs' positions would consider the conduct highly offensive.

106.   As a direct result of Defendants' violations alleged herein, Plaintiffs and similarly-situated employees were harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing the harm suffered as a result of the invasion of privacy.

107.   Plaintiffs seek to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Civil Code sections 1708.8, *et seq.*

108.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

## NINTH CAUSE OF ACTION
### FAILURE TO PROVIDE PAID SICK LEAVE IN COMPLIANCE WITH SAN DIEGO PAID SICK LEAVE ORDINANCE AND LOS ANGELES PAID SICK LEAVE ORDINANCE
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

109.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

110.   At all relevant times, Defendants employed and continue to employee employees such as Plaintiffs and other similarly-situated employees throughout the State of California including in San Diego County and Los Angeles County.

111.   At all relevant times, Defendants maintained a uniform policy and practice of providing employees such as Plaintiffs and other similarly-situated employees a total of five (5) days of sick leave per year to all employees who have been continuously employed by Defendants for the period of at least one (1) year. If an employee was employed for less than

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Exhibit A, Page 43

1  one (1) year, they did not accrue sick leave per Defendants' policy.

2      112.  San Diego County's Earned Sick Leave and Minimum Wage Ordinance, San

3  Diego County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, effective as of July

4  11, 2016 provides that "all employers must provide paid earned sick leave to each employee

5  (including temporary and part-time employees) who perform at least two (2) hours of work

6  within the geographical boundaries of the City of San Diego." San Diego County's Earned Sick

7  Leave and Minimum Wage Ordinance requires employers, such as Defendants, to provide

8  employees with one (1) hour of earned sick leave for every thirty hours worked by the employee

9  within the geographic boundaries of the City of San Diego. Employees are entitled to use

10  accrued earned sick leave beginning July 11, 2016 or after the ninetieth (90) day of

11  employment, whichever is later.

12      113.  At all relevant times, Plaintiffs and other similarly-situated employees performed

13  work within the geographical boundaries of the City of San Diego and were therefore entitled to

14  paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage

15  Ordinance. Defendants failed to comply with the requirements of San Diego County's Earned

16  Sick Leave and Minimum Wage Ordinance by failing to provide employees with earned sick

17  leave in compliance with San Diego County's Earned Sick Leave and Minimum Wage

18  Ordinance, SDMC Chapter 3, Article 9, Division 1.

19      114.  Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles

20  Municipal Code, Article 7 Section 187.04(A) states in pertinent part, "Every Employee who, on

21  or after July 1, 2016, works in the City for the same Employer for 30 days or more within a year

22  from the commencement of employment is entitled to paid sick leave." Section 187.04(B)

23  provides, "Paid sick leave shall accrue on the first day of employment or July 1, 2016,

24  whichever is later." Section 187.04(C) states, "An Employee may use paid sick leave beginning

25  on the 90th day of employment or July 1, 2016, whichever is later."

26      115.  At all relevant times, Plaintiffs and other similarly-situated employees performed

27  work within the geographical boundaries of the City of Los Angeles and were therefore entitled

28  to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

Class Action Complaint

1  Los Angeles Municipal Code, Article 7 Section 187.04. Defendants failed to comply with the

2  requirements of the Los Angeles Minimum Wage and Paid Sick Leave Ordinance by failing to

3  provide employees with earned sick leave in compliance with the Los Angeles Minimum Wage

4  and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq.*

5  Indeed, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees

6  with paid earned sick leave in compliance with the Los Angeles Minimum Wage and Paid Sick

7  Leave Ordinance.

8       116.   Neither the San Diego County's Earned Sick Leave Ordinance, San Diego

9  County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, nor the Los Angeles Paid

10  Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq.* provide

11  an exemption for union employees.

12       117.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

13  requests relief as described below.

**VII.**

**PRAYER FOR RELIEF**

16       Plaintiffs pray for judgment as follows:

17       1.   That the Court determine this action may be maintained as a class action and

18  Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

19       2.   For injunctive relief as provided by the Labor Code to the extent permitted by

20  law including, but not limited to, pursuant to Section 226(h), and Business and Professions

21  Code sections 17200, *et seq.*;

22       3.   For restitution as provided by Business and Professions Code sections 17200, *et*

23  *seq.*;

24       4.   For an order requiring Defendants to restore and disgorge all funds to each

25  affected person acquired by means of any act or practice declared by this Court to be unlawful,

26  unfair or fraudulent and, therefore, constituting unfair competition under Business and

27  Professions Code sections 17200, *et seq.*;

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

Class Action Complaint

5.   For an award of unpaid wages, including regular wages, minimum, and overtime wages to the extent permissible by law to each affected person;

6.   For penalties to the extent permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code section 226(e);

7.   For an award of penalties incurred under sections 210, 226.3, 226(e), and 1174.5 per underpaid employee pursuant to Labor Code sections 210, 226(e), 226.3, and 1174.5;

8.   For the remedies provided by Labor Code section 233 including reasonable attorneys' fees;

9.   For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

10.   For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

11.   For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

12.   For reimbursement of all necessary expenses incurred in direct consequence of the discharge of duties;

13.   For an award of actual damages, compensatory damages, statutory damages and penalties, for acts constituting an invasion of privacy, in an amount to be determined;

14.   For an award of punitive damages;

15.   For damages pursuant to Civil Code sections 1708.8, *et seq.*;

16.   For paid sick pay leave provided by local ordinances;

17.   For reasonable attorneys' fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code sections 218.5, 226, 226(h), 1194, and Code of Civil Procedure section 1021.5;

18.   Determine the appropriate remedy to compensate Plaintiffs, Plaintiff Class, and Subclass members, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, and fluid recovery if appropriate;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 24 -

Class Action Complaint

1   19.   Prejudgment Interest; and

2   20.   Any other relief as this Court deems proper.

3

4   Dated: March 20, 2019                    COHELAN KHOURY & SINGER

5

6                                           By: 
                                            Michael D. Singer, Esq.

7                                           Marta Manus, Esq.
                                            Attorneys for Plaintiffs MICHAEL RAZIANO,

8                                           BRIAN TRAISTER, and CHRIS VALDEZ, on
                                            behalf of themselves and all others similarly

9                                           situated

10                          **DEMAND FOR JURY TRIAL**

11          Plaintiffs demand a jury trial of all claims triable as of right by jury.

12   Dated: March 20, 2019                    COHELAN KHOURY & SINGER

13

14                                           By:
                                            Michael D. Singer, Esq.

15                                           Marta Manus, Esq.
                                            Attorneys for Plaintiffs MICHAEL RAZIANO,

16                                           BRIAN TRAISTER, and CHRIS VALDEZ, on
                                            behalf of themselves and all others similarly

17                                           situated

18

19

20

21

22

23

24

25

26

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

**Exhibit A, Page 47**

4/18/19 2:15

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALBERTSON'S, LLC, a Delaware Limited Liability Company; and
DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on
behalf of themselves and all others similarly situated

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 2 1 2019<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Steven Drew, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for the State of California<br>County of Los Angeles, Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV09574** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marta Manus, Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101, (619) 595-3001

| DATE: MAR 2 1 2019 | Sherri R. Carter, Clerk Clerk, by | STEVEN DREW , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   *Albertson's, LLC, a Delaware Limited Liability Company*
3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit A, Page 48**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Marta Manus (SBN 260132)
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
TELEPHONE NO.: 619-595-3001   FAX NO.: 619-595-3000
ATTORNEY FOR *(Name)*: Plaintiffs Michael Raziano, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles**

**MAR 2 1 2019**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

CASE NAME:
RAZIANO, ET AL. v. ALBERTSON'S, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **19STCV09574** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify)*: Nine (9)

5. This case ☑ is ☐ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 20, 2019
Marta Manus, Esq.
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Exhibit A, Page 49**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto.)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

---

**CIVIL CASE COVER SHEET**

**Exhibit A, Page 50**

| SHORT TITLE: RAZIANO, ET AL. v. ALBERTSON'S, LLC | CASE NUMBER 19STCV09574 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

**Exhibit A, Page 51**

| SHORT TITLE: RAZIANO, ET AL. v. ALBERTSON'S, LLC | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

**Exhibit A, Page 52**

| SHORT TITLE: RAZIANO, ET AL. v. ALBERTSON'S, LLC | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

**Exhibit A, Page 53**

| SHORT TITLE: RAZIANO, ET AL. v. ALBERTSON'S, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 20, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**Exhibit A, Page 54**



## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET.

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR -** ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit A, Page 57

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Exhibit A, Page 58**

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**Exhibit A, Page 60**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):     FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11     **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                                                                              Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

(INSERT DATE) (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date: _____

_____       >  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

**Exhibit A, Page 62**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

    i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

    ii. Include a brief summary of the dispute and specify the relief requested; and

    iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

    i. Also be filed on the approved form (copy attached);

    ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**Exhibit A, Page 63**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**Exhibit A, Page 65**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**Exhibit A, Page 66**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**Exhibit A, Page 67**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**Exhibit A, Page 68**