**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Marta Manus (SBN 260132)
mmanus@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**THE CARTER LAW FIRM**
Roger Carter (SBN 140196)
roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 245-7500/Facsimile: (949) 629-2501

**THE PHELPS LAW GROUP**
Marc H. Phelps (SBN 237036)
Marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533/Facsimile: (949) 629-2501

Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 19-CV-04373 JAK (ASx)<br><br>**FOURTH AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Pay Reporting Time Wages (Labor Code § 218; IWC Wage Orders 7-2001 and 9-2001, § 5);<br><br>2. Failure to Reimburse Business Expenses (Lab. Code § 2802 and IWC Wage Orders 7-2001 and 9-2001, § 9); |



COHELAN KHOURY & SINGER<br/>605 C Street, Suite 200<br/>San Diego, CA 92101

3.  Denial of Right to Use Sick Leave Without Threat of Discipline and/or Discharge (Lab. Code § 233);

4.  Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and 1198, and IWC Wage Orders 7-2001 and 9-2001, § 7);

5.  Violation of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208);

6.  Invasion of Privacy – Intrusion; Cal. Const. Article 1, Section 1);

7.  Failure to Provide Paid Sick Leave in Compliance with San Diego Paid Sick Leave Ordinance and Los Angeles Paid Sick Leave Ordinance;

8.  Civil Penalties Pursuant to the PAGA for Failure to Pay Reporting Time Wages (Lab. Code§ 2698, *et seq.*);

9.  Civil Penalties Pursuant to the PAGA for Failure to Reimburse Business Expenses (Lab. Code § 2698, *et seq.*);

10.  Civil Penalties Pursuant to the PAGA for Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 2698, *et seq.*);

11.  Civil Penalties Pursuant to the PAGA for Failure to Timely Pay Wages Upon Separation of Employment (Lab. Code §§ 201-203, 256, and 2698, *et seq.*);

12.  Failure to Pay Regular and Minimum Wages (Labor Code § 1194, 1194.2, 1197; IWC Wage Orders 7-2001 and 9-2001, § 4);

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

)  13.   Civil Penalties Pursuant to the
)        PAGA for Failure to Pay Regular and
)        Minimum Wages (Lab. Code § 2698,
)        *et seq.*).
)
)
)        **DEMAND FOR JURY TRIAL**
)
)

Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## I.

## INTRODUCTION

1.      Plaintiffs bring this action as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23 on behalf of themselves and other current and former non-exempt transportation drivers of ALBERTSON'S LLC and DOES 1 through 50, inclusive (collectively "Defendants"). Plaintiffs bring this action for: unpaid compensation, including regular and minimum wages and reporting time pay; reimbursement of reasonably incurred business expenses; sick pay claims (including denial of the right to use sick pay and violation of local ordinances); invasion of privacy; and statutory and civil penalties, interest and attorneys' fees and costs. In addition, Plaintiffs bring this action for unfair competition under Business and Professions Code sections 17200, *et seq*.

2.      Plaintiffs have given notice of these claims to the California Labor and Workforce Development Agency ("LWDA") seeking intervention. As there has been no LWDA intervention within 65 days of that notice, Plaintiffs assert claims for civil penalties as representatives for and on behalf of the State of California in representative capacities, as provided by the Private Attorneys General Act ("PAGA") to the extent permitted by law, as aggrieved employees who held the positions identified and suffered one or more of the violations alleged herein. A true and correct copy of the March 20, 2019 Notice showing compliance with Labor Code section 2699.3 is attached hereto as **Exhibit 1** and demonstrates that Plaintiffs are aggrieved employees and have standing to bring a representative action on behalf of the State of California and the LWDA and as private attorney generals. A true and correct copy of Plaintiffs' December 3, 2019 and December 20, 2019 notices are attached hereto as **Exhibit 2** and **Exhibit 3**.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Fourth Amended Class and Representative Action Complaint
Case No. 19-CV-04373 JAK (ASx)

1   Since no notice of cure has been provided by Defendant ALBERTSON'S, LLC

2   nor has the LWDA indicated that it intends to intervene within the proscribed 65-

3   day period from the date of mailing of the notice, Plaintiffs have asserted PAGA

4   claims herein and bring this action as a "Representative Action" as specifically

5   permitted and authorized by Labor Code section 2699.3(a)(2)(C).

## II.

## JURISDICTION AND VENUE

8       3.      Defendant removed this action to this Court on May 20, 2019

9   pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§

10  1332(d), 1453, 1711 from the Superior Court of the State of California, County of

11  Los Angeles. Venue is proper in the United States District Court, Central District

12  of California to the extent this Court has jurisdiction under the CAFA.

## III.

## THE PARTIES

**A.    Plaintiffs**

16      4.      Plaintiff MICHAEL RAZIANO is a resident of the State of

17  California employed by Defendants in Los Angeles County as a non-exempt

18  transportation driver.

19      5.      Plaintiff BRIAN TRAISTER is a resident of the State of California

20  employed by Defendants in Los Angeles County as a non-exempt transportation

21  driver.

22      6.      Plaintiff CHRIS VALDEZ is a resident of the State of California

23  employed by Defendants in Los Angeles County as a non-exempt transportation

24  driver.

**B.    Defendants**

26      7.      Defendant ALBERTSON'S LLC is a Delaware Limited Liability

27  Company engaged in business throughout California and in Los Angeles County.

28  During the Class Period, Defendant employed Plaintiffs and others as non-exempt

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   transportation drivers within California and Los Angeles County.

2        8.    The true names and capacities, whether individual, corporate,

3   associate, or otherwise, of Defendants sued herein as DOES 1 through 50,

4   inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by

5   such fictitious names under Code of Civil Procedure section 474. Plaintiffs are

6   informed and believe, and based on that allege, each of the Defendants designated

7   as a DOE is legally responsible in some manner for the unlawful acts alleged.

8   Plaintiffs will seek leave of court to amend this Complaint to reflect the true

9   names and capacities of the Defendants designated as DOES when those identities

10   become known.

11        9.    Plaintiffs are informed, believe, and allege each Defendant acted in

12   all respects pertinent to this action as the agent of the other Defendants, carried

13   out a joint scheme, business plan or policy in all pertinent respects, and the acts of

14   each Defendant are legally attributable to the other Defendants.

## IV.

## <u>GENERAL ALLEGATIONS</u>

17       10.   During all, or portions, of the Class Period, Plaintiffs and each

18   member of the Plaintiff Class were employed by Defendants in the State of

19   California.

20       11.   At all relevant times, Defendants had a consistent policy and practice

21   of failing to pay Plaintiffs and similarly-situated employees all wages due,

22   including regular and minimum wages. Defendants failed to pay Plaintiffs and

23   other similarly-situated employees regular and/or minimum wages for all hours

24   worked, in violation of Labor Code sections 1194 and 1197, and section 4 of the

25   applicable IWC Wage Orders, as follows: Defendants' written policy requires

26   Plaintiffs and other similarly-situated employees to report to work 15-minutes

27   prior to shift time to pick their daily run. On information and belief, Defendants

28   do not pay any wages for hours worked during the 15-minutes worked prior to the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

shift start time, during which these employees are required to be on work premises. As a result, although Plaintiffs and other similarly-situated employees are under the control of Defendants, suffered or permitted to work for Defendants whether or not they were required to work, as set forth in Wage Orders 7 and 9, Section 2(G), and are required to report to the work premises 15-minutes prior to their shift, they are not, and have not been during the class period, paid any wages, including regular or minimum wages for these hours worked. Furthermore, at all relevant times, Defendants had a consistent policy and practice of requiring Plaintiffs and all other similarly-situated employees to undergo mandatory security searches of all personal packages and bags when exiting the employer's premises and after clocking out at the end of each shift. As a result, although Plaintiffs and similarly-situated employees are under the control of Defendants and suffered or permitted to work, Defendants fail to pay any wages, including regular or minimum wages to Plaintiffs and other similarly-situated employees for the compensable time during which Plaintiffs and other similarly-situated employees are subject to the control of the employer, including all the time the employees are suffered or permitted to work, whether or not required to do so.

12.     At all relevant times, Defendants failed to pay Plaintiffs and similarly-situated employees all wages due, including regular and minimum wages. Defendants failed to pay Plaintiffs and other similarly-situated employees regular and/or minimum wages for all hours worked, in violation of Labor Code sections 1194 and 1197, and section 4 of the applicable IWC Wage Orders, as follows: Defendants' written policy directs all part-time drivers to call a designated phone number at least once daily to listen to a recording which informs the driver if they are scheduled to work the following day and the time the start of the shift time. Part-time drivers are required to call in to work on a daily basis, often multiple times per day without receiving any compensation for the time spent calling into work each day. As a result, although Plaintiffs and similarly-

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

situated employees are under the control of Defendants and suffered or permitted to work, Defendants fail to pay any wages, including regular or minimum wages to Plaintiffs and other similarly-situated employees for the compensable time during which part-time drivers are subject to the control of the employer, including all the time the employees are suffered or permitted to work, whether or not required to do so.

13.     At all relevant times, Defendants had a consistent policy and practice of failing to pay Plaintiffs and similarly-situated employees all wages due, including reporting time pay, in violation of Labor Code section 218 and section 5(A) of the applicable IWC Wage Orders.

14.     At all relevant times, Defendants had a consistent policy and practice of failing to reimburse Plaintiffs and similarly-situated employees for all reasonable and necessarily inured business-related expenses, including all expenses incurred for business layovers and the use of personal cell phones for work-related purposes, in violation of California state wage and hour laws.

15.     At all relevant times, Defendants had a consistent policy and practice of denying Plaintiffs and similarly-situated employees the right to use accrued sick leave without the threat of discipline and/or discharge.

16.     At all relevant times, Defendants knowingly and willfully failed to provide accurate wage statements to non-exempt employees, including Plaintiffs, which did not include, among other things, accrued sick time, the accurate total hours and pay for reporting time, and all rates of pay, or deductions made.

17.     At all relevant times, Defendants required Plaintiffs and all other similarly-situated employees to enter into an agreement allowing Defendants to install and use a camera monitoring system called the DriveCam Video System ("DriveCam") in their trucks at distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or by a "triggering

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

event" such as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs and all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam was not continuously recording at all times while drivers were on duty but rather only recording when activated by a driver or a triggering event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner which would be highly offensive to a reasonable person, including Plaintiffs and all other similarly-situated employees.

18. At all relevant times, Plaintiffs and the other similarly-situated employees performed work within the geographical boundaries of the City of San Diego and were therefore entitled to be paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage Ordinance ("SDO"). Defendants failed to comply with the requirements of the SDO by failing to provide its employees with earned sick leave. See SDO Chapter 3, Article 9, Division 1. Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees with paid earned sick leave in compliance with the SDO.

19. At all relevant times, Plaintiffs and other similarly-situated employees performed work within the geographical boundaries of the City of Los Angeles and were therefore entitled to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 Section 187.04 ("LAO"). Defendants failed to comply with the requirements of the LAO by failing to provide employees with earned sick leave.

- 6 -

Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees with paid earned sick leave in compliance with the LAO.

20.     Plaintiffs, on behalf of themselves and all similarly-situated employees in the State of California, bring this action pursuant to Labor Code sections 201, 202, 203, 218, 218.5, 218.6, 226(a), 226(h), 233, 510, 512, 1174(d), 1194, 1194.2, 1197, 1197.1, 1198, 1199 and 2802, seeking unpaid wages, expense reimbursement, penalties, equitable relief, and reasonable attorneys' fees and costs.

21.     Plaintiffs, on behalf of themselves and all similarly-situated employees in the State of California, bring this action pursuant to Business and Professions Code sections 17200-17208, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by Defendants by failing to pay all wages owed.

## V.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former employees of Defendants as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23. The Class and Subclasses Plaintiffs seek to represent are defined as:

**Plaintiff Class**

All non-exempt transportation drivers employed by Defendants at Defendants' Irvine or Brea Distribution Centers in the State of California at any time since the four years preceding the filing of this Action.

23.     Plaintiffs seek to certify a Subclass of employees defined as:

**Unpaid Wages Subclass**

All Plaintiff Class Members who were required to report to work fifteen (15) minutes prior to shift start time to pick their daily run at any time since the four years prior to January 6, 2020.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

24. Plaintiffs seek to certify a Subclass of employees defined as:

**Part-time Drivers Unpaid Wages Subclass**

All Plaintiff Class Members who were employed as a part-time transportation driver and were required to call into work daily to determine whether they are scheduled to work the following day at any time since the four years prior to [DATE of filing of 4AC].

25. Plaintiffs seek to certify a Subclass of employees defined as:

**Sick Leave Subclass**

All Plaintiff Class Members who performed work for Defendants within the geographic boundaries of Los Angeles County and/or San Diego County at any time since the four years prior to the filing of this Action.

26. Plaintiffs seek to certify a Subclass of employees define as:

**Security Bag Search Subclass**

All Plaintiff Class Members who were required to submit to a security bag search prior to leaving the Defendants' distribution center and after clocking out at the end of a shift at any time since the four years prior to March 4, 2020.

27. Plaintiffs seek to certify a Subclass of employees defined as:

**Part-Time Driver Reporting Time Subclass**

All Plaintiff Class Members who were employed as a part-time transportation driver and were required to call into work daily to determine whether they are scheduled to work the following day but were not provided work the following day nor paid reporting pay nor paid half the usual or scheduled day's work, consisting of no less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay.

28. Plaintiffs seek to certify a Subclass of employees defined as:

**Unreimbursed Business Expense Subclass**

All Plaintiff Class Members who were not reimbursed for business-related expenses incurred in the discharge of duties for Defendants.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

29.     Plaintiffs seek to certify a Subclass of employees defined as:

**Wage Statement Subclass**

All members of the proposed Plaintiff Class who, within one year of the filing of the Complaint, received one or more itemized wage statements that did not include accrued sick time, and/or all wages due for reporting time pay, and/or the applicable rates of pay for time worked, and/or any deductions taken.

30.     Plaintiffs seek to certify a Subclass of employees defined as:

**UCL Subclass**

All members of the proposed Plaintiff Class who were subject to Defendants' pay practices relating to failure to pay reporting time pay, failure to pay all wages due including regular and minimum wages, failure to reimburse all business-related expenses, and denial of the right to use sick leave without the threat of discipline and/or discharge.

31.     Plaintiffs reserve the right under Federal Rules of Court, Rules 23(c)(4) and (5), to amend or modify the Plaintiff Class and Subclass descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

32.     This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 because there is a well-defined common interest of many persons and it is impractical to bring them all before this Court.

33.     **Ascertainable Class**: The proposed Plaintiff Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

34.     **Numerosity**: The potential members of the Plaintiff Class and Subclasses, defined above, are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class

- 9 -

action will benefit both the parties and this Court. The number of members of the Plaintiff Class and Subclasses is unknown to Plaintiffs but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

35.   **Typicality**: The claims of Plaintiffs are typical of the claims of all members of the Plaintiff Class and Subclasses because all members of the Plaintiff Class and Subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Plaintiff Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged.

36.   **Adequacy**: Plaintiffs will adequately and fairly protect the interests of the members of the Plaintiff Class. Plaintiffs have no interest adverse to the interests of absent Class Members. Plaintiffs are represented by attorneys with substantial wage-and-hour and class action law experience.

37.   **Superiority**:   A class action is superior to other available means for fair and efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense numerous individual actions would require. The damages suffered by each Plaintiff Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for individual Plaintiff Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of sums owed to them. Class litigation also prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

38.   The predominating common questions of law and fact include,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 10 -

1    without limitation:

2        a.    Whether Defendants paid Plaintiff Class Members all wages due,

3              including reporting time pay;

4        b.    Whether Defendants reimbursed Plaintiff Class Members for all

5              business-related expenses incurred in the discharge of duties pursuant

6              to Labor Code section 2802;

7        c.    Whether Defendants denied Plaintiff Class Members the right to use

8              accrued sick leave without the threat of discipline and/or discharge

9              pursuant to Labor Code section 233;

10       d.    Whether Defendants provided Plaintiff Class Members paid sick leave

11             in compliance with the San Diego County and Los Angeles County

12             Paid Sick Leave ordinances;

13       e.    Whether Defendants invaded the privacy of Plaintiff Class Members

14             via the method of installation and operation of cameras in their

15             trucks;

16       f.    Whether Defendants maintained accurate records for Plaintiff Class

17             Members pursuant to Labor Code section 1174(d) and section 7 of

18             the applicable IWC Wage order;

19       g.    Whether Defendants provided Plaintiff Class Members with accurate

20             itemized wage statements pursuant to Labor Code section 226;

21       h.    Whether Defendants violated sections 17200, *et seq.* of the Business

22             and Professions Code; Labor Code sections 226 and 1194; IWC

23             Wage Orders 7-2001 and 9-2001, and other applicable IWC Wage

24             Orders which constitutes a violation of fundamental public policy;

25       i.    Whether Plaintiff Class and Subclass Members are entitled to

26             equitable relief pursuant to Business and Professions Code, sections

27             17200, *et seq.*

28       j.    Whether Defendants compensated Plaintiff Class Members for all

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

hours worked, including regular and/or minimum wages for hours worked prior to the beginning of each shift and for mandatory security exit bag searches.

k.    Whether Defendants compensated Plaintiff Class Members for all hours worked, including regular and/or minimum wages for hours worked calling into work daily to determine whether the driver was scheduled to work the following day.

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Reporting Time Wages**
**[Labor Code § 218 and § 5 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiff VALDEZ and the Part-Time Drivers Reporting Time Subclass Against Each Defendant)**

39.    Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

40.    Wage Orders 7 and 9(5)(A) provide as follows:

Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half of said employer's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employees' regular rate of pay, which shall not be less than the minimum wage.

41.    Labor Code section 218 states, "Nothing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to enforce the provisions thereof independently and without specific direction of the division. Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

42.     Labor Code section 200(a) states, ""Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

43.     In order to control labor costs, Defendants engage in a scheduling practice sometimes called "call-in scheduling," by which Defendants require part-time employees, including Plaintiff VALDEZ to report to work each evening by calling in each day to determine whether they were scheduled to work the following day. If the workload did not support their presence, Plaintiff VALDEZ and other part-time employees did not receive at least two hours pay at their regular rate of pay, or half of the usually-scheduled shift in pay at their regular rate. Defendants' scheduling practices, adopted as the working conditions of employment, directing part-time employees to present themselves for work by telephoning Defendants each evening prior to the start of a potential shift, triggers the obligation imposed by section 5(A) of the applicable IWC Wage Orders, which requires the payment of wages for such reporting time, during which employees remain tethered to their communications devices and at the ready and capable of being summoned to work. Although Defendants required Plaintiff VALDEZ and other part-time employees to report to work by calling in each day to determine whether they were scheduled to work the following day, Defendants failed to pay any wages for this reporting time. These on-call shifts burden Plaintiff VALDEZ and other part-time employees by limiting their time and availability for other activities but nonetheless receiving no compensation from Defendants unless they are ultimately called in to work.

44.     By their failure to pay hourly wages for reporting time, Defendants willfully violated provisions of Labor Code section 218 and section 5 of IWC Wage Orders 7-2001 and 9-2001.

45.     Labor Code section 218.5(a) states in pertinent part, "In any action

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

1   brought for the nonpayment of wages, fringe benefits, or health and welfare or

2   pension fund contributions, the court shall award reasonable attorney's fees and

3   costs to the prevailing party if any party to the action requests attorney's fees and

4   costs upon the initiation of the action." Plaintiffs seek recovery of reporting time

5   wages and attorney's fees pursuant to this provision.

6        46.   Defendants' unlawful acts deprived Plaintiff VALDEZ and the

7   Plaintiff Class and the Part-Time Drivers Reporting Time Subclass he seeks to

8   represent of hourly wages in amounts to be determined at trial, and they are

9   entitled to recover such amounts, plus interest, attorneys' fees, and costs.

10       47.   Plaintiff VALDEZ, on behalf of himself and members of the Part-

11  Time Drivers Reporting Time Subclass, requests relief as described below.

### SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**[Labor Code § 2802 and § 9 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Unreimbursed Business Expenses Subclass Against Each Defendant)**

16       48.   Plaintiffs hereby incorporate all preceding paragraphs of this

17  Complaint.

18       49.   Labor Code section 2802(a) provides that "[a]n employer shall

19  indemnify his or her employee for all necessary expenditures or losses incurred by

20  the employee in direct consequence of the discharge of his or her duties, or of his

21  or her obedience to the directions of the employer, even though unlawful, unless

22  the employee, at the time of obeying the directions, believed them to be

23  unlawful."

24       50.   Through Defendants' conduct during the applicable statutory period

25  including, but not limited to, the conduct alleged herein, Defendants failed to

26  reimburse Plaintiffs and members of the Unreimbursed Business Expenses

27  Subclass as required by Labor Code section 2802. Defendants did not fully

28  reimburse Plaintiffs and members of the Unreimbursed Business Expenses

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   Subclass for business-related expenses incurred on layovers of up to twenty-four

2   (24) hours. Additionally, Defendants failed to reimburse Plaintiffs and members

3   of the Unreimbursed Business Expenses Subclass for expenses incurred for the

4   use of personal cell phones for work-related purposes.

5       51.   Labor Code section 2802(c) states that "[f]or purposes of [2802], the

6   term "necessary expenditures or losses" shall include all reasonable costs,

7   including, but not limited to attorney's fees incurred by the employee enforcing

8   the rights granted by [2802]."

9       52.   Plaintiffs and members of the Unreimbursed Business Expenses

10  Subclass suffered losses including, but not limited to, costs incurred during

11  layovers. Plaintiffs and members of the Unreimbursed Business Expenses

12  Subclass incurred these costs in direct consequence of the discharge of their

13  duties.

14      53.   As a direct result of Defendants' violations alleged herein, Plaintiffs

15  and members of the Unreimbursed Business Expenses Subclass have suffered, and

16  continue to suffer, substantial losses related to failure to be indemnified for the

17  expenses and losses, including the use and enjoyment of such monies, lost interest

18  on such monies and expenses and attorney's fees and costs in seeking to compel

19  Defendants to fully perform their obligations under state law, all to their

20  respective damage in amounts according to proof at trial and within the

21  jurisdictional limitations of this Court.

22      54.   Plaintiffs seek to recover in a civil action to the fullest extent

23  permissible all available remedies including but not limited to the unpaid balance

24  of the indemnification from Defendants' violations, interest thereon permitted by

25  Labor Code section 2802(b), reasonable attorney's fees and costs of suit,

26  injunctive relief, declaratory relief, and any other permitted remedies including

27  those permitted pursuant to Labor Code section 2802 and Code of Civil Procedure

28  section 1021.5.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 15 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

55.     Plaintiffs, on behalf of themselves and the members of the Unreimbursed Business Expenses Subclass, request relief as described below.

### THIRD CAUSE OF ACTION
### DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
### [Labor Code § 233]
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

56.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

57.     Labor Code section 233(c) states in pertinent part: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

58.     Plaintiffs and members of the Plaintiff Class were denied the right to use their accrued sick leave without the threat of discipline and/or discharge by Defendants. Defendants carried out a consistent policy and practice of disciplining Plaintiffs and members of the Plaintiff Class for taking sick leave. Specifically, Defendants intimidate, discipline, and threaten Plaintiffs and members of the Plaintiff Class for exercising their right to take sick leave when they are fatigued, ill, or otherwise unable to safely operate a commercial vehicle. Defendants implemented and carried out a policy that disciplines and threatens discharge for repeated absences regardless of the reason. In fact, Defendants implemented and carried out a policy that issues points for each occurrence, such as absence due to illness or fatigue, with the threat that a specific number of occurrences will result in discharge. However, each point issued for an occurrence results in some form of discipline, threat, or warning.

59.     Plaintiffs seek to recover in a civil action to the fullest extent

- 16 -

permissible all available remedies including but not limited to the remedies permitted by Labor Code section 233(e) and Code of Civil Procedure section 1021.5.

60.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

## **FOURTH CAUSE OF ACTION**
### **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
### **[Labor Code § 226 and § 7 of IWC Wage Orders 7-2001 and 9-2001]**
### **(Plaintiffs and the Plaintiff Class Against Each Defendant)**

61.    Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

62.    Labor Code section 226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing": (1) gross wages earned; (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

63.   IWC Wage Orders 7-2001 and 9-2001, section 7(A) state in relevant part that the employer shall keep accurate information regarding, "(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable rates of pay."

64.   Through Defendants' alleged conduct during the applicable statutory period including, but not limited to, on information and belief, Defendants failed to provide accurate wage statements including, but not limited to, the recording of accrued sick time, all wages due for reporting time pay, the applicable rates of pay for time worked, and/or deductions taken.

65.   As a consequence of Defendants' knowing and willful failure to comply with Labor Code section 226(a), Plaintiffs and similarly-situated employees are entitled to actual damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b), together with interest and attorneys' fees and costs.

66.   Labor Code section 226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees." Labor Code section 226(e)(2)(B) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as

- 18 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of gross wages or net wages paid to the employee during the pay period or any other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…" Because Plaintiffs' wage statements did not include, among other things, an accurate accounting of gross wages earned, or the accurate total hours worked, they are deemed to have suffered injury.

67.    Labor Code section 226(h) states: "An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

68.    As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Plaintiff Class have suffered, and continue to suffer, injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

69.    Plaintiffs seek to recover in a civil action all remedies including damages, unpaid wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code sections 226(e) and (h), and Code of Civil Procedure section 1021.5.

70.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, request relief as described below.

### FIFTH CAUSE OF ACTION
**VIOLATION OF THE UNFAIR COMPETITION LAW**
**[Business and Professions Code §§ 17200, *et seq.*]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

71.    Plaintiffs incorporate all preceding paragraphs of this Complaint, as

- 19 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  well as paragraphs 136 through 147.

2    72.    Business & Professions Code section 17200 states: "As used in this

3  chapter, unfair competition shall mean and include any unlawful, unfair or

4  fraudulent business act or practice and unfair, deceptive, untrue or misleading

5  advertising and any act prohibited by Chapter 1 (commencing with section 17500)

6  of Part 3 of Division 7 of the Business and Professions Code."

7    73.    Through Defendants' conduct during the applicable statutory period

8  including, but not limited to, the conduct alleged herein, including that alleged on

9  information and belief, Defendants have engaged in unlawful, unfair, or

10  fraudulent business practices in California by practicing, employing, and utilizing,

11  the employment practices outlined in the preceding paragraphs all in violation of

12  California law and the Industrial Welfare Commission Wage Orders. Defendants'

13  use of such practices constitutes an unfair business practice, unfair competition,

14  and provides an unfair advantage over Defendants' competitors doing business in

15  the State of California that comply with their obligations to properly provide

16  employment conditions in compliance with the law and pay employees for all

17  earned wages and compensation as required by law.

18    74.    Defendants' violations of the Labor Code and the Industrial Welfare

19  Commission Wage Orders, and their scheme to lower payroll costs as alleged

20  herein, constitute unlawful business practices because these actions were done in a

21  systematic manner over a period of time to the detriment of Plaintiff and the

22  Plaintiff Class. The acts complained of herein occurred within the last four (4)

23  years preceding the filing of this complaint and include, but are not limited to,

24  failure to (i) pay minimum, overtime, and regular wages, and sick pay; (ii)

25  maintain accurate records; (iii) provide and maintain accurate itemized wage

26  statements; and (iv) indemnify employees for their expenses and losses and (v)

27  preserve employee privacy, i.e., by using cameras in the ways specified above.

28    75.    Defendants' failure to pay Plaintiffs and members of the Plaintiff

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Fourth Amended Class and Representative Action Complaint
Case No. 19-CV-04373 JAK (ASx)

Class and Subclasses for all wages due including reporting time, as required by the applicable Wage Orders and the Labor Code, as alleged, constitutes unlawful activity prohibited by Business and Professions Code sections 17200, *et seq.*

76.     The actions of Defendants in failing to pay Plaintiffs and members of the Plaintiff Class in a lawful manner constitute false, unfair, fraudulent, and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et seq.*

77.     Plaintiff are entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as a member of the general public as a representative of all others subject to Defendants' unlawful acts and practices.

78.     This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiffs, and each Plaintiff Class Member, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code section 17205.

79.     As a result of Defendants' unlawful and unfair business practice of failing to pay earned wages, each Plaintiff Class member has suffered damages and is entitled to restitution in an amount according to proof.

80.     The illegal conduct alleged is continuing and there is no indication that Defendants will discontinue such activity in the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all wages as required by law.

81.     Plaintiffs further request the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to pay reporting time wages.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 21 -

82.     As a direct and proximate result of Defendants' conduct, Defendants have received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by Defendants' conduct, as well as to Plaintiffs by virtue of unpaid wages and other monies.

83.     Plaintiffs are entitled to and seek any and all available remedies including restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, Business and Professions Code sections 17200, *et seq*., the substantial benefit doctrine, and/or the common fund doctrine.

84.     Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

## SIXTH CAUSE OF ACTION
### INVASION OF PRIVACY – INTRUSION INTO PRIVATE AFFAIRS; VIOLATION OF CAL. CONST. ARTICLE 1, SECTION 1
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

85.     Plaintiffs incorporate all preceding paragraphs of this Complaint.

86.     Plaintiffs and other similarly-situated employees have a reasonable expectation of privacy in their conduct at work based on Defendants' representations that the DriveCam will only be used to record work-related activities when activated by the driver or a triggering event such as hard braking, swerving or a collision.

87.     Plaintiffs and other similarly-situated employees possess a legally protected privacy interest in their personal and private conduct including private conversations they engaged without knowledge that their conversations and activities were being recorded by the DriveCam system in Defendants' vehicles.

88.     At all relevant times, Defendants required Plaintiffs and all other similarly-situated employees to enter into an agreement allowing Defendants to install and use a camera monitoring system call the DriveCam Video System ("DriveCam") in its trucks at distribution centers. Defendants intentionally

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or a triggering event such as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs and all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam was not continuously recording at all times while drivers were on duty but rather only recording when activated by a driver or a triggering event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner in which is highly offensive to a reasonable person, including to Plaintiffs and all other similarly-situated employees.

89.   Plaintiffs and all other similarly-situated employees did not consent to or have knowledge of the fact that the DriveCam was recording them at times other than when activated by the driver or by a triggering event such as hard braking, swerving, or a collision.

90.   Defendants failed to inform Plaintiffs and all other similarly-situated employees that the DriveCam would record them at times other than when activated by the driver or a triggering event such as hard braking, swerving, or a collision.

91.   This intrusion would be highly offensive to a reasonable person.

92.   Defendants' conduct was intentional and done with reckless disregard for the fact that a reasonable person in Plaintiffs' positions would consider the conduct highly offensive.

93.   As a direct result of Defendants' violations alleged herein, Plaintiffs

Fourth Amended Class and Representative Action Complaint
Case No. 19-CV-04373 JAK (ASx)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and similarly-situated employees were harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing the harm suffered as a result of the invasion of privacy.

94.    Plaintiffs seek to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Civil Code sections 1708.8, *et seq.*

95.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

<u>SEVENTH CAUSE OF ACTION</u>
**FAILURE TO PROVIDE PAID SICK LEAVE IN COMPLIANCE WITH SAN DIEGO PAID SICK LEAVE ORDINANCE AND LOS ANGELES PAID SICK LEAVE ORDINANCE**
**(Plaintiffs and the Sick Leave Subclass Against Each Defendant)**

96.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

97.    At all relevant times, Defendants employed and continue to employee employees such as Plaintiffs and other similarly-situated employees throughout the State of California including in San Diego County and Los Angeles County.

98.    At all relevant times, Defendants maintained a uniform policy and practice of providing employees such as Plaintiffs and other similarly-situated employees a total of five (5) days of sick leave per year to all employees who have been continuously employed by Defendants for the period of at least one (1) year. If an employee was employed for less than one (1) year, they did not accrue sick leave per Defendants' policy.

99.    San Diego County's Earned Sick Leave and Minimum Wage Ordinance, San Diego County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, effective as of July 11, 2016 provides that "all employers must provide paid earned sick leave to each employee (including temporary and part-time employees) who perform at least two (2) hours of work within the geographical boundaries of the City of San Diego." San Diego County's Earned Sick Leave and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Minimum Wage Ordinance requires employers, such as Defendants, to provide employees with one (1) hour of earned sick leave for every thirty hours worked by the employee within the geographic boundaries of the City of San Diego. Employees are entitled to use accrued earned sick leave beginning July 11, 2016 or after the ninetieth (90) day of employment, whichever is later.

100. At all relevant times, Plaintiffs and other similarly-situated employees performed work within the geographical boundaries of the City of San Diego and were therefore entitled to paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage Ordinance. Defendants failed to comply with the requirements of San Diego County's Earned Sick Leave and Minimum Wage Ordinance by failing to provide employees with earned sick leave in compliance with San Diego County's Earned Sick Leave and Minimum Wage Ordinance, SDMC Chapter 3, Article 9, Division 1.

101. Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 Section 187.04(A) states in pertinent part, "Every Employee who, on or after July 1, 2016, works in the City for the same Employer for 30 days or more within a year from the commencement of employment is entitled to paid sick leave." Section 187.04(B) provides, "Paid sick leave shall accrue on the first day of employment or July 1, 2016, whichever is later." Section 187.04(C) states, "An Employee may use paid sick leave beginning on the 90th day of employment or July 1, 2016, whichever is later."

102. At all relevant times, Plaintiffs and other similarly-situated employees performed work within the geographical boundaries of the City of Los Angeles and were therefore entitled to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 Section 187.04. Defendants failed to comply with the requirements of the Los Angeles Minimum Wage and Paid Sick Leave Ordinance by failing to provide employees with earned sick leave in compliance with the Los Angeles

- 25 -

Minimum Wage and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq*. Indeed, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees with paid earned sick leave in compliance with the Los Angeles Minimum Wage and Paid Sick Leave Ordinance.

103.   Neither the San Diego County's Earned Sick Leave Ordinance, San Diego County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, nor the Los Angeles Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq*. provide an exemption for union employees.

104.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

## EIGHTH CAUSE OF ACTION
## CIVIL PENALTIES PURSUANT TO THE PAGAG FOR FAILURE TO PAY REPORTING TIME PAY
### (Plaintiffs and All Other Aggrieved Employees Against Each Defendant)

105.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

106.   Labor Code section 1199 states, Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission; (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission; (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

107.   Defendants violated the above statute throughout the applicable statutory period by failing to pay Plaintiffs and other aggrieved employees reporting time pay for on-call shifts. Plaintiffs allege that Defendants violated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

California law and the applicable IWC wage order by failing to pay all wages due, including reporting time pay. Defendants failed to comply with Labor Code section 1199 and section 5(A) of the applicable IWC Wage Order by requiring employees to call in each evening before a potential shift to learn whether the employee is needed for work and the employee is not told to come to work the following day. Defendant's on-call system leaves employees who are willing to work uncompensated and limits the employees' ability to schedule other potential activities, including other jobs and social plans. As such, Claimants allege that Defendants' employees who are subject to the on-call scheduling system must be compensated with reporting time pay when employees are required to call Defendants each evening and not provided work.

108. As a result, Plaintiffs and other aggrieved employees are entitled to and may seek recovery of civil penalties pursuant to Labor Code §§ 558(a), 2699.3, and 2699.5 which allow for recovery of civil penalties under the PAGA for each violation where Plaintiffs and other aggrieved employees were not paid all wages due.

109. Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

110. Aggrieved employees are entitled to pursue civil penalties under the PAGA for violations of Labor Code section 1199. Labor Code § 2699.5.

111. Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties that are otherwise only available in public agency

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

enforcement actions. Funds recovered will be distributed in accordance with PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency ("LWDA").

112.   In addition to recovery of civil penalties and distribution to the LWDA as required by law, Plaintiffs will seek recovery of reasonable costs and attorney's fees, in an amount according to proof.

## NINTH CAUSE OF ACTION
## CIVIL PENALTIES PURSUANT TO THE PAGA FOR FAILURE TO REIMBURSE BUSINESS EXPENSES
### (Plaintiffs and All Other Aggrieved Employees Against Each Defendant)

113.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

114.   California Labor Code section 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, obedience to the directions of the employer…[ ]."

115.   For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

116.   California Labor Code section 2804 mandates this statutory right cannot be waived.

117.   Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

118.   Aggrieved employees are entitled to pursue civil penalties under the PAGA for violations of Labor Code section 2802. Labor Code § 2699.5.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 28 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

119.   Because there is no established civil penalty for violations of Section 2802, Labor Code section 2699(f)(2) provides the appropriate civil penalty, as Defendants employed more than one person during the statutory period, and still employ more than one person.

120.   Defendants violated the above statutes throughout the applicable statutory period by failing to fully reimburse Plaintiffs and other aggrieved employees for necessary expenditures incurred in direct consequence of discharging their duties, including costs incurred during layovers and costs incurred for the use of personal cell phones for work-related purposes.

121.   Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties that are otherwise only available in public agency enforcement actions. Funds recovered will be distributed in accordance with PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency ("LWDA").

122.   In addition to recovery of civil penalties and distribution to the LWDA as required by law, Plaintiffs will seek recovery of reasonable costs and attorney's fees, in an amount according to proof.

**TENTH CAUSE OF ACTION**
**CIVIL PENALTIES PURSUANT TO THE PAGA FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(Plaintiffs and All Other Aggrieved Employees Against Each Defendant)**

123.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

124.   Labor Code section 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees… an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, …. (4) all deductions,… (5) net wages earned… …and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the

- 29 -

employee…"

125.   Due to Defendants' failure to record accrued sick time, all wages due for reporting time pay, the applicable rates of pay for time worked, and/or deductions taken as required by the Labor Code, the wages listed on each wage statement provided to Plaintiffs and other aggrieved employees were misstated and violated Sections 226(a)(1), (2), (4), (5), and (9). Defendant's actions were intentional and willful.

126.   Aggrieved employees are entitled to pursue civil penalties under the PAGA for violations of Labor Code section 226(a). Labor Code § 2699.5.

127.   Labor Code section 226.3 provides for civil penalties for violations of Sections 226 and 1174(d). The civil penalty is $250 for the initial violation and $1,000 for each subsequent violation.

128.   Labor Code section 1174.5 provides for a civil penalty of $500 for an Employer's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

129.   Plaintiffs, as representatives of the general public, will and do seek to recover any and all penalties for each and every violation, in an amount according to proof, as to those penalties that are otherwise only available in public agency enforcement actions. Funds recovered will be distributed in accordance with PAGA, with 75% of the penalties recovered being reimbursed to the State of California and the Labor and Workforce Development Agency ("LWDA").

130.   In addition to recovery of civil penalties and distribution to the LWDA as required by law, Plaintiffs will seek recovery of reasonable costs and attorney's fees, in an amount according to proof.

///

////

Fourth Amended Class and Representative Action Complaint
Case No. 19-CV-04373 JAK (ASx)

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# ELEVENTH CAUSE OF ACTION
## CIVIL PENALTIES PURSUANT TO THE PAGA FOR FAILURE TO PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT
### (Plaintiffs and All Other Aggrieved Employees Against Each Defendant)

131.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

132.   Labor Code section 203(a) states, in relevant part:

"If an Employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

133.   Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 day's pay as waiting time under the terms of Section 203."

134.   Labor Code sections 201-203 require employers to pay wages earned by employees within strict time requirements. Defendant had a policy, practice, and procedure of willfully failing to pay the earned wages of Defendant's former employees. If an employer willfully fails to timely and fully pay all final wages the employer must, as a penalty, continue to pay an employee's wages for 30 days, or until the back wages are paid in full.

135.   Defendant failed to pay Plaintiffs and other aggrieved employees who ended their employment with the Defendant all wages, including reporting time wages, as required by Labor Code sections 201-203.

136.   Labor Code section 2699(f)(2) provides for civil penalties for violations of the Labor Code for which there is no corresponding civil penalty, including Labor Code section 203.  The civil penalty is $100 for the initial violation and $200 for each

- 31 -

1  subsequent violation for each underpaid employee. Labor Code § 2699(f)(2).

2     137.   Plaintiffs, as representatives of the general public, will and do seek to

3  recover any and all penalties for each and every violation, in an amount according

4  to proof, as to those penalties that are otherwise only available in public agency

5  enforcement actions. Funds recovered will be distributed in accordance with

6  PAGA, with 75% of the penalties recovered being reimbursed to the State of

7  California and the Labor and Workforce Development Agency ("LWDA").

8     138.   In addition to recovery of civil penalties and distribution to the

9  LWDA as required by law, Plaintiffs will seek recovery of reasonable costs and

10  attorney's fees, in an amount according to proof.

## TWELFTH CAUSE OF ACTION
**Failure to Pay Regular and Minimum Wages**
**[Labor Code § 1194, 1194.2, 1197 and § 4 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Unpaid Wages Subclass, Part-Time Drivers Unpaid Wages Subclass, and Security Bag Search Subclass Against Each Defendant)**

16     139.   Plaintiffs incorporate all preceding paragraphs of this Complaint.

17     140.   Labor Code section 1194 states, "Notwithstanding any agreement to

18  work for a lesser wage, any employee receiving less than the legal minimum wage

19  or the legal overtime compensation applicable to the employee is entitled to

20  recover in a civil action the unpaid balance of the full amount of this minimum

21  wage or overtime compensation, including interest thereon, reasonable attorney's

22  fees, and costs of suit."

23     141.   Labor Code section 1194.2 states: "In any action under Section 98,

24  1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less

25  than the minimum wage fixed by an order of the commission or by statute, an

26  employee shall be entitled to recover liquidated damages in an amount equal to the

27  wages unlawfully unpaid and interest thereon."

28     142.   Labor Code section 1197 states: "The minimum wage for employees

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  fixed by the commission is the minimum wage to be paid to employees, and the

2  payment of a less wage than minimum wage so fixed is unlawful."

3      143.  Section 4 of the applicable IWC Wage Orders provide that an

4  employer may not pay employees less than the applicable minimum wage for all

5  hours worked. Plaintiffs and other similarly-situated employees were not exempt

6  from section 4 of the applicable IWC Wage Orders.

7      144.  At all times relevant to this action, Defendants failed to pay Plaintiffs

8  and other similarly-situated employees regular and/or minimum wages for all

9  hours worked, in violation of Labor Code sections 1194 and 1197, and section 4 of

10 the applicable IWC Wage Orders. Defendants' written policy requires Plaintiffs

11 and other similarly-situated employees to report to work 15-minutes prior to shift

12 time to pick their daily run. On information and belief, Defendants do not pay any

13 wages for hours worked during the 15-minutes worked prior to the shift start time.

14 As a result, although Plaintiffs and other similarly-situated employees are under

15 the control of Defendants and suffered or permitted to work for Defendants,

16 whether or not required to work, and are required to report to the work premises

17 15-minutes prior to their shift, they are not paid any wages, including regular or

18 minimum wages for these hours worked.

19      145.  Furthermore, Defendants maintain a consistent policy and practice of

20 requiring Plaintiffs and all other similarly-situated employees to undergo

21 mandatory security searches of all personal packages and bags when exiting the

22 employer's premises and after clocking out at the end of each shift. As a result,

23 although Plaintiffs and similarly-situated employees are under the control of

24 Defendants and suffered or permitted to work, Defendants fail to pay any wages,

25 including regular or minimum wages to Plaintiffs and other similarly-situated

26 employees for the compensable time during which Plaintiffs and other similarly-

27 situated employees are subject to the control of the employer, including all the time

28 the employees are suffered or permitted to work, whether or not required to do so.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Fourth Amended Class and Representative Action Complaint
Case No. 19-CV-04373 JAK (ASx)

146.   At all relevant times, Defendants fail to pay Plaintiffs and similarly-situated employees all wages due, including regular and minimum wages. Defendants fail to pay Plaintiffs and other similarly-situated employees regular and/or minimum wages for all hours worked, in violation of Labor Code sections 1194 and 1197, and section 4 of the applicable IWC Wage Orders, as follows: Defendants' written policy directs all part-time drivers to call a designated phone number at least once daily to listen to a recording which informs the employees if they are scheduled to work the following day and the time the start of the shift time. Part-time drivers are required to call in to work on a daily basis, often multiple times per day without receiving any compensation for the time spent calling into work each day. As a result, although Plaintiffs and similarly-situated employees are under the control of Defendants and suffered or permitted to work, Defendants fail to pay any wages, including regular or minimum wages to Plaintiffs and other similarly-situated employees for the compensable time during which part-time drivers are subject to the control of the employer, including all the time the employees are suffered or permitted to work, whether or not required to do so.

147.   Defendants' unlawful acts deprived Plaintiffs and members of the Unpaid Wages Subclass, Part-Time Driver Subclass, and Security Bag Search Subclass of regular or minimum wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with liquidated damages for unpaid regular or minimum wages, interest, attorneys' fees, and costs.

148.   Plaintiffs and members of the Unpaid Wages Subclass, Part-Time Driver Subclass, and Security Bag Search Subclass suffered losses including, but not limited to, costs incurred during layovers. Plaintiffs and members of the Unpaid Wages Subclass incurred these costs in direct consequence of the discharge of their duties.

149.   As a direct result of Defendants' violations alleged herein, Plaintiffs

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  and members of the Unpaid Wages Subclass, Part-Time Driver Subclass, and

2  Security Bag Search Subclass have suffered, and continue to suffer, substantial

3  losses related to failure to be indemnified for the expenses and losses, including the

4  use and enjoyment of such monies, lost interest on such monies and expenses and

5  attorney's fees and costs in seeking to compel Defendants to fully perform their

6  obligations under state law, all to their respective damage in amounts according to

7  proof at trial and within the jurisdictional limitations of this Court.

8       150.  Plaintiffs seek to recover in a civil action the unpaid balance of the

9  full amount of the unpaid wages resulting from Defendants' minimum wage

10  violations including interest thereon, reasonable attorney's fees and costs of suit,

11  penalties, and liquidated damages to the fullest extent permissible including those

12  permitted pursuant to Labor Code sections 218.6, 1194, 1194.2, 1197 and 1197.1,

13  and Code of Civil Procedure section 1021.5.

14       151.  Plaintiffs, on behalf of themselves and the members of the Unpaid

15  Wages Subclass, Part-Time Driver Subclass, and Security Bag Search Subclass

16  request relief as described below.

17

18                    **THIRTEENTH CAUSE OF ACTION**
   **CIVIL PENALTIES PURSUANT TO THE PAGA FOR FAILURE TO PAY**
19                    **REGULAR AND MINIMUM WAGES**
       **(Plaintiffs and All Other Aggrieved Employees Against Each Defendant)**
20

21       152.  Plaintiffs incorporate all preceding paragraphs of this Complaint.

22       153.  Labor Code section 1194(a) states: "Notwithstanding any agreement

23  to work for a lesser wage, any employee receiving less than the legal minimum

24  wage or the legal overtime compensation applicable to the employee is entitled to

25  recover in a civil action the unpaid balance of the full amount of this minimum

26  wage or overtime compensation, including interest thereon, reasonable attorney's

27  fees, and costs of suit."

28       154.  Labor Code section 1194.2 states: "In any action under Section 98,

1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

155.   Labor Code section 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

156.   Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

157.   Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the applicable Wage Orders, an employer may not pay employees less than the applicable minimum wage for all hours worked and provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

158.   At all times relevant to this action, Defendants failed to pay Plaintiffs and other similarly-situated employees regular and/or minimum wages for all hours worked, in violation of Labor Code sections 1194 and 1197, and section 4 of the applicable IWC Wage Orders. Defendants' written policy requires Plaintiffs and other similarly-situated employees to report to work 15-minutes prior to shift time to pick their daily run. On information and belief, Defendants do not pay any wages for hours worked during the 15-minutes worked prior to the shift start time. As a result, although Plaintiffs and other similarly-situated employees are under the control of Defendants and suffered or permitted to work for Defendants, whether or not required to work, and are required to report to the work premises 15-minutes prior to their shift, they are not paid any wages, including regular or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  minimum wages for these hours worked.

2  159.   Furthermore, Defendants maintain a consistent policy and practice of

3  requiring Plaintiffs and all other similarly-situated employees to undergo

4  mandatory security searches of all personal packages and bags after clocking out at

5  the end of each shift. As a result, although Plaintiffs and similarly-situated

6  employees are under the control of Defendants and suffered or permitted to work,

7  Defendants fail to pay any wages, including regular or minimum wages to

8  Plaintiffs and other similarly-situated employees for the compensable time during

9  which Plaintiffs and other similarly-situated employees are subject to the control of

10  the employer, including all the time the employees are suffered or permitted to

11  work, whether or not required to do so. Labor Code section 2699(f)(2) provides for

12  civil penalties for violations of the Labor Code for which there is no corresponding

13  civil penalty.  The civil penalty is $100 for the initial violation and $200 for each

14  subsequent violation for each employee. Labor Code § 2699(f)(2).

15  160.   At all relevant times, Defendants fail to pay Plaintiffs and similarly-

16  situated employees all wages due, including regular and minimum wages.

17  Defendants fail to pay Plaintiffs and other similarly-situated employees regular

18  and/or minimum wages for all hours worked, in violation of Labor Code sections

19  1194 and 1197, and section 4 of the applicable IWC Wage Orders, as follows:

20  Defendants' written policy directs all part-time drivers to call a designated phone

21  number at least once daily to listen to a recording which informs the employees if

22  they are scheduled to work the following day and the time the start of the shift

23  time. Part-time drivers are required to call in to work on a daily basis, often

24  multiple times per day without receiving any compensation for the time spent

25  calling into work each day. As a result, although Plaintiffs and similarly-situated

26  employees are under the control of Defendants and suffered or permitted to work,

27  Defendants fail to pay any wages, including regular or minimum wages to

28  Plaintiffs and other similarly-situated employees for the compensable time during

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 37 -

1   which part-time drivers are subject to the control of the employer, including all the
2   time the employees are suffered or permitted to work, whether or not required to
3   do so.

4       161.   Plaintiffs, as representatives of the general public, will and do seek to
5   recover any and all penalties for each and every violation, in an amount according
6   to proof, as to those penalties that are otherwise only available in public agency
7   enforcement actions. Funds recovered will be distributed in accordance with
8   PAGA, with 75% of the penalties recovered being reimbursed to the State of
9   California and the Labor and Workforce Development Agency ("LWDA").

10      162.   In addition to recovery of civil penalties and distribution to the
11  LWDA as required by law, Plaintiffs will seek recovery of reasonable costs and
12  attorney's fees, in an amount according to proof.

**VII.**

**<u>PRAYER FOR RELIEF</u>**

15      Plaintiffs pray for judgment as follows:

16      1.     That the Court determine this action may be maintained as a class
17  action and Plaintiffs as Class Representatives and Plaintiffs' counsel as Class
18  Counsel;

19      2.     For injunctive relief as provided by the Labor Code to the extent
20  permitted by law including, but not limited to, pursuant to Section 226(h), and
21  Business and Professions Code sections 17200, *et seq*.;

22      3.     For restitution as provided by Business and Professions Code
23  sections 17200, *et seq*.;

24      4.     For an order requiring Defendants to restore all funds to each affected
25  person acquired by means of any act or practice declared by this Court to be
26  unlawful, unfair or fraudulent and, therefore, constituting unfair competition
27  under Business and Professions Code sections 17200, *et seq*.;

28      5.     For an award of unpaid wages, including regular wages, minimum,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   and overtime wages to the extent permissible by law to each affected person;

2       6.      For penalties to the extent permitted pursuant to the Labor Code, and
3   Orders of the Industrial Welfare Commission including, but not limited to,
4   penalties under Labor Code section 226(e);

5       7.      For an award of penalties incurred under Section 226(e) per
6   underpaid employee pursuant to Labor Code section 226(e);

7       8.      For the remedies provided by Labor Code section 233 including
8   reasonable attorneys' fees;

9       9.      For an award of liquidated damages to the extent permissible by
10  Labor Code section 1194.2;

11      10.     For pre- and post-judgment interest to the extent permitted by law
12  including, but not limited to, Labor Code sections 218.6 and 1194;

13      11.     For reimbursement of all necessary expenses incurred in direct
14  consequence of the discharge of duties;

15      12.     For an award of actual damages, compensatory damages, statutory
16  damages and penalties, for acts constituting an invasion of privacy, in an amount
17  to be determined;

18      13.     For an award of punitive damages;

19      14.     For damages pursuant to Civil Code section 1708.8, *et seq.*;

20      15.     For paid sick pay leave provided by local ordinances;

21      16.     For recovery of civil penalties incurred under Labor Code sections
22  558(a) and 1197.1 for each underpaid employee per pay period for which the
23  employee was underpaid;

24      17.     For recovery of civil penalties under Labor Code section 2699 for
25  failure to reimbursement of all necessary expenses pursuant to Labor Code section
26  2802, according to proof;

27      18.     For recovery of civil penalties under Labor Code sections 226.3,
28  1174.5, and 2699 for failing to provide accurate itemized wage statements

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 | pursuant to Labor Code section 226, according to proof;

2 | 19. For recovery of civil penalties under Labor Code sections 256, and

3 | 2699(f)(2) for failing to timely pay all final wages due pursuant to Labor Code

4 | section 201;

5 | 20. For recovery of civil penalties under Labor Code section 2699(f)(2)

6 | for failing to pay statutory waiting time penalties due pursuant to Labor Code

7 | section 203;

8 | 21. For recovery of civil penalties under Labor Code section 2699(f)(2)

9 | for failure to pay reporting time pay due pursuant to Labor Code section 1199;

10 | 22. For reasonable attorneys' fees and cost of suit and, to the extent

11 | permitted by law, including pursuant to Labor Code sections 218.5, 226, 226(h),

12 | 1194, the PAGA, and Code of Civil Procedure section 1021.5;

13 | 23. Determine the appropriate remedy to compensate Plaintiffs, Class,

14 | and Subclass members, as required to promote fairness and justice, including but

15 | not limited to establishing procedures for compensation, and fluid recovery if

16 | appropriate;

17 | 24. Prejudgment Interest; and

18 | 25. Any other relief as this Court deems proper.

19 | Dated: April 13, 2020

**COHELAN KHOURY & SINGER
THE CARTER LAW FIRM
THE PHELPS LAW GROUP**

By: s/ Marta Manus
      Michael D. Singer, Esq.
      Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

/// 

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial of all claims triable as of right by jury.

Dated: April 13, 2020

**COHELAN KHOURY & SINGER
THE CARTER LAW FIRM
THE PHELPS LAW GROUP**

By: s/ Marta Manus
      Michael D. Singer, Esq.
      Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# EXHIBIT 1

# COHELAN KHOURY & SINGER

### A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC ●

(*Also admitted in the District of Columbia)
(●Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

www.ckslaw.com

JEFF GERACI △
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)
(△ Of Counsel)

March 20, 2019

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE SECTION 2699.3

## NOTICE VIA ONLINE SUBMISSION (https://dir.tfaforms.net/198)

California Labor and Workforce Development Agency

## VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

Albertson's LLC
250 E Parkcenter Blvd
Boise, Idaho 83706

Albertson's LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, California 90017

**Re:** **Notice pursuant to California Labor Code sections 2698, *et seq.*, the Private Attorneys General Act ("PAGA"), sent by Chris Valdez, Michael Raziano and Brian Traister on behalf of themselves and all other aggrieved employees of Albertson's LLC in the State of California, as an individual and as proposed a Representative of the State of California**

Dear PAGA Administrator:

Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698, *et seq.* ("PAGA"), Chris Valdez, Michael Raziano and Brian Traister ("Claimants") intend to bring an action against Albertson's LLC ("Defendant" or "Albertson's"), individually and on behalf of all other aggrieved employees for alleged violations of Labor Code sections 201, 202, 203, 204, 223, 226, 233, 256, 558, 1197.1, 1194, 1198, and 2802. This letter serves as Claimants' written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency (hereafter "LWDA") the opportunity to investigate the alleged claims contained herein.

If the LWDA does not intend to investigate the allege violations, Claimants intend to file a representative civil action for PAGA penalties on behalf of themselves and all other aggrieved employees of the Defendant, and shall seek penalties under the PAGA on behalf of themselves and all other aggrieved employees in the State of California. A copy of this notice, along with a courtesy copy of their Class Action Draft Complaint, is being sent to Defendant by certified mail at the addresses above.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 2

## FACTUAL STATEMENT

Claimants are employed by Albertson's as transportation drivers, classified as non-exempt employees and paid on an hourly basis. Claimants allege that during their employment Defendant has failed to comply with the California Labor Code and section 5 of the applicable IWC Wage Order 7-2001 and/or Wage Order 9-2001, as detailed below.

For reasons set forth herein, Claimants allege the following violations of the California Labor Code and the applicable IWC Wage Order on behalf of themselves and all other aggrieved employees of Defendant. Claimants allege that Defendant:

    1.    Failed to pay Claimants and other aggrieved employees all wages due, including reporting time pay;

    4.    Denied Claimants the right to use sick leave without the threat of discharge, demotion, suspension, or other manner of discrimination;

    5.    Failed to reimburse Claimants and other aggrieved employees for all reasonable and necessarily incurred business-related expenses;

    6.    Failed to provide accurate itemized wage statements; and

    7.    Failed to timely pay all wages upon separation of employment.

Accordingly, Claimants now seeks civil penalties on behalf of themselves and other aggrieved employees based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Order. Claimants' claims are set forth in further detail below.

## FAILURE TO PAY REPORTING TIME PAY
(Violation of Labor Code §§ 558, 1194, 1198, 2698 and the "Reporting Time Pay" Section of the applicable IWC Wage)

Section 5(A) of the applicable IWC Wage Order states, "Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

Claimant Valdez alleges that Albertson's scheduled its part-time non-exempt employees for "call-in" shifts, requiring employees such as Claimant Valdez to call into work each day daily to determine if they were schedule to work the following day. Claimant Valdez and other aggrieved employees were subject to discipline if they failed to call in each evening. Claimant Valdez alleges that this policy results in violations of the Labor Code because Claimant Valdez's and other employees' time is/was unduly restricted by the requirement to call into work daily at

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 3

10:30 p.m., but other aggrieved employees were not paid reporting time pay. These on-call shifts burden employees by limiting their ability to engage in other activities but nonetheless receiving no compensation from Albertson's unless they are ultimately put on the schedule to work. Employees such as Claimant Valdez and other part-time non-exempt employees were not paid any wages, including regular and/or minimum wages for reporting time pay, as required under California law. Claimant Valdez intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

## DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
(Labor Code §§ 233)

Labor Code section 233(c) states, "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5." Per subdivision (d), "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief."

Defendant failed to comply with Labor Code 233 by implementing a policy and procedure whereby Claimants and other aggrieved employees were discipline for using accrued sick days. Employees such as Claimants are intimidated, disciplined and/or fact continuing threat of discipline for exercising their right to take accrued sick days. Albertson's issues (and/or threatens to issue) "occurrences" to any driver who is too sick to operate a commercial vehicle, or is too fatigued to continue his/her shift and uses their sick leave to take time off from work.

Accordingly, Claimants will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, on behalf of themselves and other aggrieved employees of Defendant.

## FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES
(Labor Code § 2802, and the "Tools and Equipment" section of the applicable IWC Wage Order)

Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 4

Section 9(b) of the applicable IWC Wage Order states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

Labor Code section 2802 prohibits employers, such as Defendant, from shifting their cost of doing business onto the employee. California Labor Code section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." This means that if the expense in question is "necessary" for performance of the job, the employer must reimburse the employee 100% of the cost. An expense is considered "necessary" if it directly results from the employee's performance of his or her work duties. An expense is also "necessary" if it occurs because the employee is following the directions given by the employer.

Defendant failed to comply with Labor Code section 2802 and the applicable IWC Wage Order by failing to reimburse Claimants and other aggrieved employees for necessary business-related expenses incurred in direct consequence of the discharge of their duties. Specifically, Defendant failed to reimburse Claimants and all other aggrieved employees for all business expenses including for layovers by limiting the reimbursement to $80 for every twenty-four (24) hour period of time regardless of the fact the business expenses incurred on layovers were typically over $80 per 24-hour period. Furthermore, Defendant failed to reimburse Claimant and other aggrieved employees for traffic and speeding tickets incurred while on-duty and performing work for Defendant. Therefore, Claimants intend to pursue remedies pursuant to the PAGA for the alleged violation on behalf of themselves and all other aggrieved employees in the state of California.

## **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(Labor Code §§ 226(a), 226.3, 1198, 2699, and the "Records" Section of the applicable IWC Wage Order)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 5

Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the Employer fails to provide a wage statement."

Labor Code section 226.3 imposes an additional civil penalty on the Employers of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000.00 per employee for each violation in a subsequent citation. In addition, Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimants are entitled to an award of costs and reasonable attorney's fees.

Defendant failed to provide Claimants with itemized wage statements complying with the requirements of the Labor Code and applicable IWC Wage Order. Claimants did not receive wage statements which included accrued sick pay, all wages due for reporting time pay, and all deductions and all rates paid. Claimants will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, on behalf of themselves and other aggrieved employees of Defendant.

**FAILURE TO TIMELY PAY WAGES DUE DURING
AND UPON TERMINATION OF EMPLOYMENT**
(Labor Code §§ 201, 202, 203, 204, 256, 1198, and 2699)

Labor Code section 204(a) states, in pertinent part, "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the Employer as the regular paydays." The "Minimum Wages" Section of the applicable Wage Order further states "every Employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 201 states: "If an Employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in relevant part: "If an Employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 6

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 day's pay as waiting time under the terms of Section 203."

Defendant failed to timely pay Claimants and other aggrieved employees all wages due and owing during and upon termination of employment. Defendant willfully failed to pay all wages when required by Sections 201 and 202 of the Labor Code. Therefore, Defendant owes penalties to all affected employees, including Claimants. Claimants will pursue all remedies for Employers' failure to pay timely wages on behalf of themselves other aggrieved employees, including recovery of wages, waiting time penalties, attorney's fees, costs, and penalties to the extent allowed by law.

**CIVIL PENALTIES FOR VIOLATION OF
THE LABOR CODE AND IWC WAGE ORDERS**
(Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any Employer or other person acting on behalf of an Employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any Employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the Employer for such violation."

Labor Code section 1197.1 states that any Employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, Defendant underpaid Claimants and other aggrieved employees. As a result, the Defendant is liable for civil penalties under Labor Code section 558. Claimants will pursue all remedies on behalf of themselves and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 7

## DUTIES OF EMPLOYER
(Labor Code §§ 1174, 1174.5, 1175, 2810.5, and 1198, and the Applicable Wage Order)

Labor Code section 1174 describes certain duties of every Employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. Employers violated this requirement by their failure to accurately record employee hours worked and/or paid including wages owed for reporting time pay. Labor Code section 1174.5 imposes a civil penalty of $500 for an Employer's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimants and all other aggrieved current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

Labor Code section 2810.5 further requires an Employer to provide to each employee a written notice containing certain information, including rates of pay, meal or lodging allowances, designated payday, name of employer, physical address of the employer's main office or principal place of business, contact information of the employer, and worker's compensation carrier contact information. Employers entirely failed to comply with this requirement.

Claimants will pursue all remedies on behalf of themselves and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

## CONCLUSION

Claimants request the Labor and Workforce Development Agency ("LWDA") initiate enforcement for the violations described above. If the LWDA does not pursue enforcement, Claimants will pursue claims for statutory penalties and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Orders, including all available penalties set forth in Labor Code section 2699(f).

Respectfully submitted,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc: (via email only)
Roger Carter, Esq. (roger@carterlawfirm.net)
Marc H. Phelps, Esq. (Marc@phelpslawgroup.com)

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Marta Manus (SBN 260132)
mmanus@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**THE CARTER LAW FIRM**
Roger Carter (SBN 140196)
roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 254-7500/Facsimile: (949) 629-2501

**THE PHELPS LAW GROUP**
Marc H. Phelps (SBN 237036)
Marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533/Facsimile: (949) 629-2501

Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **CLASS ACTION**<br>**CLASS ACTION COMPLAINT**<br>1. Failure to Pay Reporting Time Wages (Labor Code § 204; IWC Wage Orders 7-2001 and 9-2001, § 5);<br>2. Failure to Reimburse Business Expenses (Lab. Code § 2802 and IWC Wage Orders 7-2001 and 9-2001, § 9);<br>3. Denial of Right to Use Sick Leave Without Threat of Discipline and/or Discharge (Lab. Code § 233);<br>4. Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and 1198, and IWC Wage Orders 7-2001 and 9-2001, § 7);<br>5. Failure to Timely Pay Wages Due During Employment (Lab. Code §§ 204(a) and 1198, and IWC Wage Orders 7-2001 and 9- |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   2001, § 4);

2   6. Failure to Timely Pay Wages Due Upon
     Separation of Employment (Lab. Code §§
3   201, 202, and 203);

4   7. Violation of the Unfair Competition Law
     (Bus. & Prof. Code §§ 17200-17208);

5   8. Invasion of Privacy – Intrusion; Cal. Const.
     Article 1, Section 1);

6   9. Failure to Provide Paid Sick Leave in
     Compliance with San Diego Paid Sick
7   Leave Ordinance and Los Angeles Paid Sick
     Leave Ordinance.



COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

1    Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ

2   (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, complain

3   and allege as follows:

### I.

### INTRODUCTION

6    1.    Plaintiffs bring this action as a Class Action pursuant to California Code of Civil

7   Procedure section 382 on behalf of themselves and other current and former non-exempt

8   transportation drivers of ALBERTSON'S, LLC and DOES 1 through 50, inclusive (collectively

9   "Defendants"). Plaintiffs bring this action for: unpaid compensation, including reporting time

10  pay; reimbursement of reasonably incurred business expenses; sick pay claims (including denial

11  of the right to use sick pay and violation of local ordinances); payment of wages due during and

12  upon termination of employment; invasion of privacy; and statutory and civil penalties, interest

13  and attorneys' fees and costs. In addition, Plaintiffs bring this action for unfair competition

14  under Business and Professions Code sections 17200, *et seq.*

### II.

### JURISDICTION AND VENUE

17   2.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of

18  Civil Procedure, section 395. Defendants conduct business in Los Angeles County, California

19  and each Defendant is within the jurisdiction of this Court for service of process purposes. The

20  unlawful acts alleged have a direct effect on Plaintiffs and those similarly situated within the

21  State of California and Los Angeles County. Defendants employ numerous Class Members in

22  Los Angeles County. There is no federal question at issue, as the issues are based solely on

23  California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil

24  Procedure, Civil Code, and Business and Professions Code.

25   3.    Business and Professions Code, section 17203 provides that any person who

26  engages in unfair competition may be enjoined in any court of competent jurisdiction. Business

27  and Professions Code, section 17204 provides that any person, acting on his own behalf, may

28  bring an action in a court of competent jurisdiction.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -

## III.

## THE PARTIES

**A. Plaintiffs**

4. Plaintiff MICHAEL RAZIANO is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

5. Plaintiff BRIAN TRAISTER is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

6. Plaintiff CHRIS VALDEZ is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

**B. Defendants**

7. Defendant ALBERTSON'S, LLC is a Delaware Limited Liability Company engaged in business throughout California and in Los Angeles County. During the Class Period, Defendant employed Plaintiffs and others as non-exempt transportation drivers within California and Los Angeles County.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe, and based on that allege, each of the Defendants designated as a DOE is legally responsible in some manner for the unlawful acts alleged. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when those identities become known.

9. Plaintiffs are informed, believe, and allege each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

10. During all, or portions, of the Class Period, Plaintiffs and each member of the

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    Plaintiff Class were employed by Defendants in the State of California.

2        11.    At all relevant times, Defendants had a consistent policy and practice of failing

3    to pay Plaintiffs and similarly-situated employees all wages due, including reporting time pay.

4        12.    At all relevant times, Defendants had a consistent policy and practice of failing

5    to reimburse Plaintiffs and similarly-situated employees for all reasonable and necessarily

6    inured business-related expenses, including all expenses incurred for business layovers, in

7    violation of California state wage and hour laws..

8        13.    At all relevant times, Defendants had a consistent policy and practice of denying

9    Plaintiffs and similarly-situated employees the right to use accrued sick leave without the threat

10   of discipline and/or discharge.

11       14.    At all relevant times, Defendants knowingly and willfully failed to provide

12   accurate wage statements to non-exempt employees, including Plaintiffs, which did not include,

13   among other things, accrued sick time, the accurate total hours and pay for reporting time, and

14   all rates of pay, or deductions made.

15       15.    At all relevant times, Defendants had a consistent policy and practice of failing

16   to timely compensate non-exempt employees, including Plaintiffs, for all wages owed during

17   and upon separation of employment, in violation of California state wage and hour laws.

18       16.    At all relevant times, Defendants required Plaintiffs and all other similarly-

19   situated employees to enter into an agreement allowing Defendants to install and use a camera

20   monitoring system called the DriveCam Video System ("DriveCam") in their trucks at

21   distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other

22   similarly-situated employees that the DriveCam would only be used when activated by the

23   driver or by a "triggering event" such as hard braking, swerving, or a collision. Based on

24   Defendants' representations, Plaintiffs and all other similarly-situated employees had a

25   reasonable expectation of privacy that the DriveCam was not continuously recording at all times

26   while drivers were on duty but rather only recording when activated by a driver or a triggering

27   event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact

28   that the DriveCam recorded them during times other than when it was activated by a driver or a

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 triggering event. In fact, the DriveCam recorded numerous private conversations between
2 Plaintiffs and other individuals including private and personal conversations with family
3 members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other
4 similarly-situated employees without their knowledge or consent in a manner which would be
5 highly offensive to a reasonable person, including Plaintiffs and all other similarly-situated
6 employees.

7     17.   At all relevant times, Plaintiffs and the other similarly-situated employees
8 performed work within the geographical boundaries of the City of San Diego and were therefore
9 entitled to be paid earned sick leave pursuant to San Diego County's Earned Sick Leave and
10 Minimum Wage Ordinance ("SDO"). Defendants failed to comply with the requirements of the
11 SDO by failing to provide its employees with earned sick leave. See SDO Chapter 3, Article 9,
12 Division 1. Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-
13 situated employees with paid earned sick leave in compliance with the SDO.

14     18.   At all relevant times, Plaintiffs and other similarly-situated employees performed
15 work within the geographical boundaries of the City of Los Angeles and were therefore entitled
16 to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance,
17 Los Angeles Municipal Code, Article 7 Section 187.04 ("LAO"). Defendants failed to comply
18 with the requirements of the LAO by failing to provide employees with earned sick leave.
19 Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated
20 employees with paid earned sick leave in compliance with the LAO.

21     19.   Plaintiffs, on behalf of themselves and all similarly-situated employees in the
22 State of California, bring this action pursuant to Labor Code sections 201, 202, 203, 204(a),
23 210, 218.5, 218.6, 226(a), 226(h), 226.3, 233, 510, 512, 1174(d), 1174.5, 1194, 1194.2, 1197,
24 1197.1, 1198, and 2802, seeking unpaid wages, expense reimbursement, penalties, equitable
25 relief, and reasonable attorneys' fees and costs.

26     20.   Plaintiffs, on behalf of themselves and all similarly-situated employees in the
27 State of California, bring this action pursuant to Business and Professions Code sections 17200-
28 17208, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

1  Defendants by failing to pay all wages owed.

2  **V.**

3  **CLASS ACTION ALLEGATIONS**

4  21.  Plaintiffs bring this action on behalf of themselves and all similarly-situated

5  current and former employees of Defendants as a Class Action pursuant to Code of Civil

6  Procedure section 382. The Class and Subclasses Plaintiffs seek to represent are defined as:

7  **Plaintiff Class**

8  All non-exempt transportation drivers employed by Defendants in
   the State of California at any time since the four years preceding
9  the filing of this Complaint.

10  22.  Plaintiffs seek to certify a Subclass of employees defined as:

11  **Reporting Time Subclass**

12  All Plaintiff Class Members who were required to call in each day,
    but were not put to work and were not furnished at least half of the
13  usual day's work or at least two hours, at their regular rate of pay.

14  23.  Plaintiffs seek to certify a Subclass of employees defined as:

15  **Unreimbursed Business Expense Subclass**

16  All Plaintiff Class Members who were not reimbursed for
    business-related expenses incurred in the discharge of duties for
17  Defendants.

18  24.  Plaintiffs seek to certify a Subclass of employees defined as:

19  **Wage Statement Subclass**

20  All members of the proposed Plaintiff Class who, within one year
    of the filing of the Complaint, received one or more itemized wage
21  statements that did not include accrued sick time, and/or all wages
    due for reporting time pay, and/or the applicable rates of pay for
22  time worked, and/or any deductions taken.

23  25.  Plaintiffs seek to certify a Subclass of employees defined as:

24  **Waiting Time Penalty Subclass**

    All Plaintiff Class Members whose employment ended at any time
25  during the three years preceding the filing of this Complaint.

26  26.  Plaintiffs seek to certify a Subclass of employees defined as:

27  **UCL Subclass**

28  All members of the proposed Plaintiff Class who were subject to
    Defendants' pay practices relating to failure to pay reporting time

- 5 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1

2

3

> pay, failure to reimburse all business-related expenses, denial of the right to use sick leave without the threat of discipline and/or discharge, and failure to timely pay all wages due at separation of employment.

4   27.   Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to

5   amend or modify the Plaintiff Class and Subclass descriptions with greater specificity or to

6   provide further division into subclasses or limitation to particular issues.

7   28.   This action has been brought and may be maintained as a class action pursuant to

8   Code of Civil Procedure section 382 because there is a well-defined common interest of many

9   persons and it is impractical to bring them all before this Court.

10   29.   **Ascertainable Class:** The proposed Plaintiff Class and Subclasses are

11   ascertainable because they can be identified and located using Defendants' payroll and

12   personnel records.

13   30.   **Numerosity:** The potential members of the Plaintiff Class and Subclasses,

14   defined above, are so numerous that joinder of all members would be unfeasible and

15   impractical. The disposition of their claims through this class action will benefit both the parties

16   and this Court. The number of members of the Plaintiff Class and Subclasses is unknown to

17   Plaintiffs, but is estimated to be in excess of 100 individuals. The number and identity of

18   members can be readily ascertained using Defendants' records.

19   31.   **Typicality:** The claims of Plaintiffs are typical of the claims of all members of

20   the Plaintiff Class and Subclasses because all members of the Plaintiff Class and Subclasses

21   sustained similar injuries and damages arising out of Defendants' common course of conduct in

22   violation of law and the injuries and damages of all members of the Plaintiff Class and

23   Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged.

24   32.   **Adequacy:** Plaintiffs will adequately and fairly protect the interests of the

25   members of the Plaintiff Class. Plaintiffs have no interest adverse to the interests of absent Class

26   Members. Plaintiffs are represented by attorneys with substantial wage-and-hour and class

27   action law experience.

28   33.   **Superiority:** A class action is superior to other available means for fair and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

1  efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties
2  and the Court. Class action treatment will allow a large number of similarly-situated persons to
3  prosecute their common claims in a single forum, simultaneously, efficiently, and without the
4  unnecessary duplication of effort and expense numerous individual actions would require. The
5  damages suffered by each Plaintiff Class Member are relatively small in the sense pertinent to
6  class action analysis, and the expense and burden of individual litigation would make it
7  extremely difficult or impossible for individual Plaintiff Class Members to seek and obtain
8  individual relief. A class action will serve an important public interest by permitting such
9  individuals to effectively pursue recovery of sums owed to them. Class litigation also prevents
10 the potential for inconsistent or contradictory judgments raised by individual litigation.

11    34.    The predominating common **questions** of law and fact include, without

12 limitation:

13    a.    Whether Defendants compensated Plaintiff Class Members for all hours worked,
14         including reporting time;

15    b.    Whether Defendants reimbursed Plaintiff Class Members for all business-related
16         expenses incurred in the discharge of duties pursuant to Labor Code section
17         2802;

18    c.    Whether Defendants denied Plaintiff Class Members the right to use accrued sick
19         leave without the threat of discipline and/or discharge pursuant to Labor Code
20         section 233;

21    d.    Whether Defendants invaded the privacy of Plaintiff Class Members via the
22         method of installation and operation of cameras in their trucks;

23    e.    Whether Defendants maintained accurate records for Plaintiff Class Members
24         pursuant to Labor Code section 1174(d) and section 7 of the applicable IWC
25         Wage order;

26    f.    Whether Defendants provided Plaintiff Class Members with accurate itemized
27         wage statements pursuant to Labor Code section 226;

28    g.    Whether Defendants timely paid wages due during employment pursuant to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    Labor Code sections 204(a) and 1198;

2    h.    Whether Defendants timely paid wages due upon separation of employment

3          pursuant to Labor Code sections 201-202;

4    i.    Whether Defendants violated sections 17200, *et seq.* of the Business and

5          Professions Code; Labor Code sections 226 and 1194; IWC Wage Orders 7-2001

6          and 9-2001, and other applicable IWC Wage Orders which constitutes a violation

7          of fundamental public policy;

8    h.    Whether Plaintiff Class and Subclass Members are entitled to equitable relief

9          pursuant to Business and Professions Code, sections 17200, *et seq.*

10                                    **VI.**

11                            **CAUSES OF ACTION**

12                         **FIRST CAUSE OF ACTION**
                    **Failure to Pay Reporting Time Wages**
13              **[Labor Code § 204; IWC Wage Order 9-2001, § 5]**
14   **(Plaintiff VALDEZ and the Reporting Time Subclass Against Each Defendant)**

15   35.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

16   36.   Wage Order 9(5)(A) provides as follows:

17         Each workday an employee is required to report for work and does report,
           **but is n**ot put to work or is furnished less than half of said employer's
18         usual or scheduled day's work. the employee shall be paid for half the
           usual or scheduled day's work, but in no event for less than two (2) hours
19         nor more than four (4) hours, at the employees' regular rate of pay, which
20         shall not be less than the minimum wage.

21   37.   Labor Code section 204(a) states: "All wages, other than those mentioned in

22   Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and

23   payable twice during each calendar month, on days designated in advance by the employer as

24   the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar

25   month shall be paid for between the 16th and the 26th day of the month during which the labor

26   was performed, and labor performed between the 16th and the last day, inclusive, of any

27   calendar month, shall be paid for between the 1st and 10th day of the following month.

28   However, salaries of executive, administrative, and professional employees of employers

1  covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair
2  Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of
3  Federal Regulations, as that part now reads or may be amended to read at any time hereafter,
4  may be paid once a month on or before the 26th day of the month during which the labor was
5  performed if the entire month's salaries, including the unearned portion between the date of
6  payment and the last day of the month, are paid at that time."

7  38.    Plaintiff VALDEZ and other part-time employees were scheduled for call-in
8  shifts and required to report to work by calling in each day to determine whether they were
9  scheduled to work the following day. If the workload did not support their presence, Plaintiff
10  VALDEZ and other part-time employees did not receive at least two hours pay at their regular
11  rate of pay, or half of the usually-scheduled shift in pay at their regular rate. Although
12  Defendants required Plaintiff VALDEZ and other part-time employees to report to work by
13  calling in each day to determine whether they were scheduled to work the following day.
14  Defendants failed to pay any wages for this reporting time. These on-call shifts burden Plaintiff
15  VALDEZ and other part-time employees by limiting their time and availability for other
16  activities but nonetheless receiving no compensation from Defendants unless they are ultimately
17  called in to work.

18      39.    By their failure to pay hourly wages for reporting time, Defendants willfully
19  violated provisions of Labor Code section 204, and section 5 of IWC Wage Orders 7-2001 and
20  9-2001.

21  40.    Defendants' unlawful acts deprived Plaintiff VALDEZ and the Plaintiff Class
22  and the Reporting Time Subclass he seeks to represent of hourly wages in amounts to be
23  determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees,
24  and costs.

25  41.    Plaintiff VALDEZ, on behalf of himself and members of the Reporting Time
26  Subclass, requests relief as described below.

27  ///

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

Class Action Complaint

## SECOND CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
**[Labor Code § 2802 and the § 9 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Unreimbursed Business Expenses Subclass Against Each Defendant)**

42. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

43. Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

44. Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, Defendants failed to reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass as required by Labor Code section 2802. Defendants required Plaintiffs and members of the Unreimbursed Business Expenses Subclass to pay for traffic and speeding tickets incurred while on duty and performing work for Defendants.

45. Defendants also did not fully reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass for business-related expenses incurred on layovers of up to twenty-four (24) hours.

46. Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

47. IWC Wage Order 9-2001, section 9(b) states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

48. Plaintiffs and members of the Unreimbursed Business Expenses Subclass suffered losses including, but not limited to, the costs of traffic and speeding tickets and costs incurred during layovers. Plaintiffs and members of the Unreimbursed Business Expenses Subclass incurred these costs in direct consequence of the discharge of their duties.

49.     As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Unreimbursed Business Expenses Subclass have suffered, and continue to suffer, substantial losses related to failure to be indemnified for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

50.     Plaintiffs seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendants' violations, interest thereon permitted by Labor Code section 2802(b), reasonable attorney's fees and costs of suit, injunctive relief, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor Code section 2802 and Code of Civil Procedure section 1021.5.

51.     Plaintiffs, on behalf of themselves and the members of the Unreimbursed Business Expenses Subclass, request relief as described below.

### THIRD CAUSE OF ACTION
### DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
### [Labor Code § 233]
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

52.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

53.     Labor Code section 233(c) states in pertinent part: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

54.     Plaintiffs and members of the Plaintiff Class were denied the right to use their accrued sick leave without the threat of discipline and/or discharge by Defendants. Defendants carried out a consistent policy and practice of disciplining Plaintiffs and members of the Plaintiff Class for taking sick leave. Specifically, Defendants intimidate, discipline, and threaten

1   Plaintiffs and members of the Plaintiff Class for exercising their right to take sick leave when
2   they are fatigued, ill, or otherwise unable to safely operate a commercial vehicle. Defendants
3   implemented and carried out a policy that disciplines and threatens discharge for repeated
4   absences regardless of the reason. In fact, Defendants implemented and carried out a policy that
5   issues points for each occurrence, such as absence due to illness or fatigue, with the threat that a
6   specific number of occurrences will result in discharge. However, each point issued for an
7   occurrence results in some form of discipline, threat, or warning.

8       55.  Plaintiffs seek to recover in a civil action to the fullest extent permissible all
9   available remedies including but not limited to the remedies permitted by Labor Code section
10  233(e) and Code of Civil Procedure section 1021.5.

11      56.  Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,
12  requests relief as described below.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### [Labor Code § 226 and § 7 of IWC Wage Orders 7-2001 and 9-2001]
#### (Plaintiffs and the Plaintiff Class Against Each Defendant)

16      57.  Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

17      58.  Labor Code section 226(a) states in pertinent part: "Every employer shall,
18  semimonthly or at the time of each payment of wages, furnish each of his or her employees,
19  either as a detachable part of the check, draft, or voucher paying the employee's wages, or
20  separately when wages are paid by personal check or cash, an accurate itemized statement in
21  writing showing": **(1)** gross wages earned; (2) total hours worked by the employee, except for
22  any employee whose compensation is solely based on a salary and who is exempt from payment
23  of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial
24  Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if
25  the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made
26  on written orders of the employee may be aggregated and shown as one item; (5) net wages
27  earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the
28  employee and only the last four digits of his or her social security number or an employee

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

1   identification number other than a social security number; (8) the name and address of the legal

2   entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and

3   the corresponding number of hours worked at each hourly rate by the employee. The deductions

4   made from payment of wages shall be recorded in ink or other indelible form, properly dated,

5   showing the month, day, and year, and a copy of the statement and the record of the deductions

6   shall be kept on file by the employer for at least three years at the place of employment or at a

7   central location within the State of California.

8       59.    IWC Wage Orders 7-2001 and 9-2001, section 7(A) states in relevant part that

9   the employer shall keep accurate information regarding, "(4) Total wages paid each payroll

10   period, including value of board, lodging, or other compensation actually furnished to the

11   employee; (5) Total hours worked in the payroll period and applicable rates of pay."

12       60.    Through Defendants' alleged conduct during the applicable statutory period

13   including, but not limited to, on information and belief, Defendants failed to provide accurate

14   wage statements including, but not limited to, the recording of accrued sick time, all wages due

15   for reporting time pay, the applicable rates of pay for time worked, and/or deductions taken.

16       61.    As a consequence of Defendants' knowing and willful failure to comply with

17   Labor Code section 226(a), Plaintiffs and similarly-situated employees are entitled to actual

18   damages or penalties not to exceed \$4,000 for each employee pursuant to Labor Code section

19   226(b), together with interest and attorneys' fees and costs.

20       62.    Labor Code section 226(e) states: "An employee suffering injury as a result of a

21   knowing and intentional failure by an employer to comply with subdivision (a) is entitled to

22   recover the greater of all actual damages or fifty dollars (\$50) for the initial pay period in which

23   a violation occurs and one hundred dollars (\$100) per employee for each violation in a

24   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars (\$4,000),

25   and is entitled to an award of costs and reasonable attorneys' fees." Labor Code section

26   226(e)(2)(B) states: "An employee is deemed to suffer injury for purposes of this subdivision if

27   the employer fails to provide accurate and complete information as required by any one or more

28   of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    determine from the wage statement alone one or more of the following: (i) The amount of gross
2    wages or net wages paid to the employee during the pay period or any other information
3    required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive,
4    (6) and (9) of subdivision (a)…" Because Plaintiffs' wage statements did not include, among
5    other things, an accurate accounting of gross wages earned or the accurate total hours worked,
6    they are deemed to have suffered injury.

7      63.     Labor Code section 226(h) states: "An employee may also bring an action for
8    injunctive relief to ensure compliance with this section, and is entitled to an award of costs and
9    reasonable attorney's fees."

10      64.     Labor Code section 226.3 states, in part: "Any employer who violates
11    subdivision (a) of section 226 shall be subject to a civil penalty in the amount of two hundred
12    fifty dollars ($250) per employee per violation in an internal citation and one thousand dollars
13    ($1,000) per employee for each violation in a subsequent citation, for which the employer fails
14    to keep the records required in subdivision (a) of Section 226. The civil penalties provided for
15    in this section are in addition to any other penalty provided by law."

16      65.     As a direct result of Defendants' violations alleged herein, Plaintiffs and
17    members of the Plaintiff Class have suffered, and continue to suffer, injury including substantial
18    losses related to the use and enjoyment of such wages, lost interest on such monies and
19    expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations
20    under state law, all to their respective damage in amounts according to proof at trial and within
21    the jurisdictional limitations of this Court.

22      66.     Plaintiffs seek to recover in a civil action all remedies including damages, unpaid
23    wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible
24    including those permitted pursuant to Labor Code sections 226(e) and (h), 226.3, and Code of
25    Civil Procedure section 1021.5.

26      67.     Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,
27    request relief as described below.

28    ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### FIFTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT
### [Labor Code §§ 204(a), 1198, and § 4 of the IWC Wage Orders 7-2001 and 9-2001]
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

68.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

69.   Labor Code section 204(a) states in pertinent part: "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

70.   Labor Code section 210 states in pertinent part: "(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

71.   IWC Wage Orders 7-2001 and 9-2001, section 4(B) state: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

72.   Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants failed to pay Plaintiffs and members of the Plaintiff Class (i) all wages due and owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code section 204(a) and IWC Wage Orders 7-2001 and 9-2001, section 4(B) including, but not limited to, not paying all reporting time overtime wages.

73.   As a direct result of Defendants' violations alleged herein, Plaintiff and members of the Plaintiff Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state

- 15 -

1  law, all to their respective damage in amounts according to proof at trial and within the

2  jurisdictional limitations of this Court.

3      74.    Plaintiffs seek to recover in a civil action all remedies including unpaid wages,

4  attorneys' fees and costs, penalties and interest to the fullest extent permissible including those

5  permitted pursuant to Labor Code sections 210, 218.5, 218.6, 226.7, 1198, and Code of Civil

6  Procedure section 1021.5.

7      75.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

8  request relief as described below.

9  ## SIXTH CAUSE OF ACTION

10  **FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT**
**[Labor Code §§ 201, 202, 203]**

11  **(Plaintiffs and the Waiting Time Penalty Subclass Against Each Defendant)**

12     76.    Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

13     77.    Labor Code section 201(a) states: "If an employer discharges an employee, the

14  wages earned and unpaid at the time of discharge are due and payable immediately."

15     78.    Labor **Code section** 202(a) states: "If an employee not having a written contract

16  for a definite period quits his or her employment, his or her wages shall become due and

17  payable not later than 72 hours thereafter, unless the employee has given 72 hours previous

18  notice of his or her intention to quit, in which case the employee is entitled to his or her wages

19  at the time of quitting. Notwithstanding any other provision of law, an employee who quits

20  without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so

21  requests and designates a mailing address. The date of the mailing shall constitute the date of

22  payment for purposes of the requirement to provide payment within 72 hours of the notice of

23  quitting."

24     79.    Through Defendants' conduct during the applicable statutory period including,

25  but not limited to, the conduct alleged herein, including that alleged on information and belief,

26  Defendants willfully failed to provide Plaintiffs and members of the Waiting Time Penalty

27  Subclass with all wages due and owing, including minimum wages, overtime wages, and

28  regular wages, by the time specified by Labor Code sections 201(a) and 202(a), as applicable.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1     80.     Labor Code section 203(a) states, in relevant part: "If an employer willfully fails

2 to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and

3 205.5, any wages of an employee who is discharged or who quits, the wages of the employee

4 shall continue as a penalty from the due date thereof at the same rate until paid or until an action

5 therefore is commenced; but the wages shall not continue for more than 30 days."

6     81.     As a direct result of Defendants' violations alleged herein, Plaintiffs and

7 members of the Waiting Time Penalty Subclass have suffered **and** continue to suffer substantial

8 losses related to the use and enjoyment of such wages, **inclu**ding lost interest on such monies

9 and expenses and attorneys' fees in seeking to compel Defendants to fully perform their

10 obligation under state law, all to their respective damage in amounts **acc**ording to proof at trial

11 and within the jurisdictional limitations of this Court.

12     82.     Plaintiffs seek to recover in a civil action all remedies to the fullest extent

13 permissible including those permitted **pursuant** to Labor Code section 203 and Code of Civil

14 Procedure 1021.5.

15     83.     Plaintiffs, on behalf of themselves **and the members** of the Waiting Time Penalty

16 Subclass, request relief as described below.

17                          **SEVENTH CAUSE OF ACTION**

18           **VIOLATION OF THE UNFAIR COMPETITION LAW**
                **[Business and Professions Code §§ 17200, *et seq.*]**

19         **(Plaintiffs and the Plaintiff Class Against Each Defendant)**

20     84.     **Plain**tiffs incorporate all preceding paragraphs of this Complaint.

21     85.     Business & Professions Code section 17200 states: "As used in this chapter,

22 unfair competition shall **mean a**nd include any unlawful, unfair or fraudulent business act or

23 practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by

24 Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and

25 Professions Code."

26     86.     Through Defendants' conduct during the applicable statutory period including,

27 but not limited to, the conduct alleged herein, including that alleged on information and belief,

28 Defendants have engaged in unlawful, unfair, or fraudulent business practices in California by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   practicing, employing, and utilizing, the employment practices outlined in the preceding
2   paragraphs all in violation of California law and the Industrial Welfare Commission Wage
3   Orders. Defendants' use of such practices constitutes an unfair business practice, unfair
4   competition, and provides an unfair advantage over Defendants' competitors doing business in
5   the State of California that comply with their obligations to properly provide employment
6   conditions in compliance with the law and pay employees for all earned wages and
7   compensation as required by law.

8       87.     Defendants' violations of the Labor **Code** and the Industrial Welfare
9   Commission Wage Orders, and their scheme to lower **payroll costs** as alleged herein, constitute
10  unlawful business practices because these actions were done in a **sys**tematic manner over a
11  period of time to the detriment of Plaintiff and the Plaintiff Class. The acts **co**mplained of herein
12  occurred within the last four (4) years preceding the filing of this complaint and include, but are
13  not limited to, failure to (i) pay minimum, overtime, and regular wages, and sick pay, both
14  during and after separation of employment; (ii) maintain accurate records; (iii) provide and
15  maintain accurate itemized wage statements; (iv) **pay timely** wages during employment; (v) pay
16  timely wages upon separation of employment; **and** (vi) indemnify employees for their expenses
17  and losses and (vii) preserve employee privacy, i.e., by using cameras in the ways specified
18  above.

19      **88.**    Defendants' **failure** to pay Plaintiffs and members of the Plaintiff Class and
20  Subclasses for **all** reporting time, as required by the applicable Wage Orders and the Labor
21  Code, as alleged, **co**nstitutes **un**lawful activity prohibited by Business and Professions Code
22  sections 17200, *et seq*.

23      89.     The actions of Defendants in failing to pay Plaintiffs and members of the
24  Plaintiff Class in a lawful manner constitute false, unfair, fraudulent, and deceptive business
25  practices, within the meaning of Business and Professions Code, sections 17200, *et seq*.

26      90.     Plaintiff are entitled to an injunction, specific performance under Business and
27  Professions Code, section 17202, and/or other equitable relief against such unlawful practices in
28  order to prevent future loss, for which there is no adequate remedy at law, and to avoid a

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

1  multiplicity of lawsuits. Plaintiffs bring this cause individually and as a member of the general
2  public as a representative of all others subject to Defendants' unlawful acts and practices.

3      91.    This cause of action is brought as a cumulative remedy and is intended as an
4  alternative remedy for restitution for Plaintiffs, and each Plaintiff Class Member, for the four (4)
5  year period before the filing of this Complaint, and as the primary remedy during the fourth year
6  before the filing of this Complaint. Business and Professions Code section 17205.

7      92.    As a result of Defendants' unlawful and unfair business practice of failing to pay
8  earned wages, each Plaintiff Class member has suffered damages and is entitled to restitution in
9  an amount according to proof.

10     93.    The illegal conduct alleged is continuing and there is no indication that
11 Defendants will discontinue such activity in the future. Plaintiffs allege that if Defendants are
12 not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all
13 wages as required by law.

14     94.    Plaintiffs further request the Court issue a preliminary and permanent injunction
15 prohibiting Defendants from continuing to fail to pay reporting time wages.

16     95.    As a direct and proximate result of Defendants' conduct, Defendants have
17 received and will continue to receive monies that rightfully belong to members of the general
18 public, who have been adversely affected by Defendants' conduct, as well as to Plaintiffs by
19 virtue of unpaid wages and other monies.

20     96.    Plaintiffs are entitled to and seek any and all available remedies including
21 restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil
22 Procedure section 1021.5, Business and Professions Code sections 17200, *et seq.*, the substantial
23 benefit doctrine, and/or the common fund doctrine.

24     97.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,
25 requests relief as described below.

26 / / /

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

**EIGHTH CAUSE OF ACTION**

**INVASION OF PRIVACY – INTRUSION INTO PRIVATE AFFAIRS; VIOLATION OF CAL. CONST. ARTICLE 1, SECTION 1**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

98.     Plaintiffs incorporate all preceding paragraphs of this Complaint.

99.     Plaintiffs and other similarly-situated employees have a reasonable expectation of privacy in their conduct at work based on Defendants' representations that the DriveCam will only be used to record work-related activities when activated **by** the driver or a triggering event such as hard braking, swerving or a collision.

100.     Plaintiffs and other similarly-situated employees possess a legally protected privacy interest in their personal and private conduct including **priv**ate conversations they engaged without knowledge that their conversations and activities were **being** recorded by the DriveCam system in Defendants' vehicles.

101.     At all relevant times, **Defendants** required Plaintiffs and all other similarly-situated employees to enter into an agreement **allowing** Defendants to install and use a camera monitoring system call the DriveCam Video System ("DriveCam") in its trucks at distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or a triggering event **such** as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs **and** all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam **was** not continuously recording at all times while drivers were on duty but rather only recording when activated **by** a driver or a triggering event. Plaintiffs and all other similarly-situated employees **did** not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner in which is highly offensive to a reasonable person, including to Plaintiffs and all other similarly-situated employees.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

102.    Plaintiffs and all other similarly-situated employees did not consent to or have knowledge of the fact that the DriveCam was recording them at times other than when activated by the driver or by a triggering event such as hard braking, swerving, or a collision.

103.    Defendants failed to inform Plaintiffs and all other similarly-situated employees that the DriveCam would record them at times other than when activated by the driver or a triggering event such as hard braking, swerving, or a collision.

104.    This intrusion would be highly offensive to a reasonable person.

105.    Defendants' conduct was intentional and done with reckless disregard for the fact that a reasonable person in Plaintiffs' positions would consider the conduct highly offensive.

106.    As a direct result of Defendants' violations alleged herein, Plaintiffs and similarly-situated employees were harmed as a result of the conduct of Defendants, and the Defendants' conduct was a substantial factor in causing the harm suffered as a result of the invasion of privacy.

107.    Plaintiffs seek to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Civil Code sections 1708.8, *et seq.*

108.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, requests relief as described below.

## NINTH CAUSE OF ACTION
### FAILURE TO PROVIDE PAID SICK LEAVE IN COMPLIANCE WITH SAN DIEGO PAID SICK LEAVE ORDINANCE AND LOS ANGELES PAID SICK LEAVE ORDINANCE
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

109.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

110.    At all relevant times, Defendants employed and continue to employee employees such as Plaintiffs and other similarly-situated employees throughout the State of California including in San Diego County and Los Angeles County.

111.    At all relevant times, Defendants maintained a uniform policy and practice of providing employees such as Plaintiffs and other similarly-situated employees a total of five (5) days of sick leave per year to all employees who have been continuously employed by Defendants for the period of at least one (1) year. If an employee was employed for less than

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    one (1) year, they did not accrue sick leave per Defendants' policy.

2         112.    San Diego County's Earned Sick Leave and Minimum Wage Ordinance, San

3    Diego County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, effective as of July

4    11, 2016 provides that "all employers must provide paid earned sick leave to each employee

5    (including temporary and part-time employees) who perform at least two (2) hours of work

6    within the geographical boundaries of the City of San Diego." San Diego County's Earned Sick

7    Leave and Minimum Wage Ordinance requires employers, such as Defendants, to provide

8    employees with one (1) hour of earned sick leave for every thirty hours worked by the employee

9    within the geographic boundaries of the City of San Diego. Employees are entitled to use

10   accrued earned sick leave beginning July 11, 2016 or after the ninetieth (90) day of

11   employment, whichever is later.

12        113.    At all relevant times, Plaintiffs and other similarly-situated employees performed

13   work within the geographical boundaries of the City of San Diego and were therefore entitled to

14   paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage

15   Ordinance. Defendants failed to comply with the requirements of San Diego County's Earned

16   Sick Leave and Minimum Wage Ordinance by failing to provide employees with earned sick

17   leave in compliance with San Diego County's Earned Sick Leave and Minimum Wage

18   Ordinance, SDMC Chapter 3, Article 9, Division 1.

19        114.    Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles

20   Municipal Code, Article 7 Section 187.04(A) states in pertinent part, "Every Employee who, on

21   or after July 1, 2016, works in the City for the same Employer for 30 days or more within a year

22   from the commencement of employment is entitled to paid sick leave." Section 187.04(B)

23   provides, "Paid sick leave shall accrue on the first day of employment or July 1, 2016,

24   whichever is later." Section 187.04(C) states, "An Employee may use paid sick leave beginning

25   on the 90th day of employment or July 1, 2016, whichever is later."

26        115.    At all relevant times, Plaintiffs and other similarly-situated employees performed

27   work within the geographical boundaries of the City of Los Angeles and were therefore entitled

28   to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance,

- 22 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   Los Angeles Municipal Code, Article 7 Section 187.04. Defendants failed to comply with the

2   requirements of the Los Angeles Minimum Wage and Paid Sick Leave Ordinance by failing to

3   provide employees with earned sick leave in compliance with the Los Angeles Minimum Wage

4   and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq.*

5   Indeed, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees

6   with paid earned sick leave in compliance with the Los Angeles Minimum Wage and Paid Sick

7   Leave Ordinance.

8       116.   Neither the San Diego County's Earned **Sick** Leave Ordinance, San Diego

9   County Municipal Code ("SDMC") Chapter 3, Article **9**, Division 1, nor the Los Angeles Paid

10  Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq.* provide

11  an exemption for union employees.

12      117.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

13  requests relief as described below.

14                          **VII.**

15                  **PRAYER FOR RELIEF**

16      Plaintiffs pray for judgment as follows:

17      1.     That the Court determine this action may be maintained as a class action and

18  Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

19      **2.**    For injunctive relief as provided by the Labor Code to the extent permitted by

20  law including, but not limited to, pursuant to Section 226(h), and Business and Professions

21  Code sections 17200, *et seq.*;

22      3.     For restitution as provided by Business and Professions Code sections 17200, *et*

23  *seq.*;

24      4.     For an order requiring Defendants to restore and disgorge all funds to each

25  affected person acquired by means of any act or practice declared by this Court to be unlawful,

26  unfair or fraudulent and, therefore, constituting unfair competition under Business and

27  Professions Code sections 17200, *et seq.*;

28  ///

1      5.     For an award of unpaid wages, including regular wages, minimum, and overtime

2 wages to the extent permissible by law to each affected person;

3      6.     For penalties to the extent permitted pursuant to the Labor Code, and Orders of

4 the Industrial Welfare Commission including, but not limited to, waiting time penalties under

5 Labor Code section 203, and penalties under Labor Code section 226(e);

6      7.     For an award of penalties incurred under sections 210, 226.3, 226(e), and 1174.5

7 per underpaid employee pursuant to Labor Code sections 210, 226(e), 226.3, and 1174.5;

8      8.     For the remedies provided by Labor Code section 233 including reasonable

9 attorneys' fees;

10      9.     For an award of liquidated damages to the extent permissible by Labor Code

11 section 1194.2;

12      10.   For penalties incurred under Labor Code section 1197.1 for each underpaid

13 employee per pay period for which the employee was underpaid;

14      11.   For pre- and post-judgment interest to the extent permitted by law including, but

15 not limited to, Labor Code sections 218.6 and 1194;

16      12.   For reimbursement of all necessary expenses incurred in direct consequence of

17 the discharge of duties;

18      13.   For an award of actual damages, compensatory damages, statutory damages and

19 penalties, for acts constituting an invasion of privacy, in an amount to be determined;

20      14.   For an award of punitive damages;

21      15.   For damages pursuant to Civil Code sections 1708.8, *et seq.*;

22      16.   For paid sick pay leave provided by local ordinances;

23      17.   For reasonable attorneys' fees and cost of suit and, to the extent permitted by

24 law, including pursuant to Labor Code sections 218.5, 226, 226(h), 1194, and Code of Civil

25 Procedure section 1021.5;

26      18.   Determine the appropriate remedy to compensate Plaintiffs, Plaintiff Class, and

27 Subclass members, as required to promote fairness and justice, including but not limited to

28 establishing procedures for compensation, and fluid recovery if appropriate;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

19.   Prejudgment Interest; and

20.   Any other relief as this Court deems proper.

Dated: March 20, 2019                    **COHELAN KHOURY & SINGER**

By:_____
Michael D. Singer, Esq.
Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all claims triable as of right by jury.

Dated: March 20, 2019                    **COHELAN KHOURY & SINGER**

By:_____
Michael D. Singer, Esq.
Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -

# EXHIBIT 2

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC •

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

**www.ckslaw.com**

JEFF GERACI
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)

December 3, 2019

## NOTICE VIA ONLINE SUBMISSION

California Labor and Workforce Development Agency

## VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

Albertson's LLC
c/o Jeffrey K. Brown, Esq.
Ray E. Boggess, Esq.
Tyler B. Runge, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

**Re:** *Amended* **Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3**
**LWDA Case No. LWDA-CM-677685-19**

Dear PAGA Administrator and Albertson's LLC:

This letter shall serve as Chris Valdez, Michael Raziano, and Brian Traister's ("Claimants") *Amended* Notice pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code sections 2698, *et seq.*, and supplements the previous notice with additional facts and theories supporting allegations of the Labor Code violations committed by Claimants' employer Albertson's, LLC ("Defendant" or "Albertson's"). Claimants incorporate all other facts and theories alleged in their notice submitted on March 20, 2019 (LWDA Case No. LWDA-CM-677685-19), a true and correct copy of which is attached as Exhibit A, as though set forth fully herein.

## FACTUAL STATEMENT

Claimants are employed by Albertson's as transportation drivers, classified as non-exempt employees and paid on an hourly basis. For reasons set forth herein, Claimants allege the following additional violations of the California Labor Code and the applicable IWC Wage Order on behalf of themselves and all other aggrieved employees of Defendant.

Claimants allege that Defendant fail to pay Claimants and other aggrieved employees all wages due, including regular and minimum wages for all hours worked, including hours worked off-the-clock prior to shift start times. Per Defendant's written policy, drivers must report to work 15 minutes prior to the shift start time to pick their daily delivery run. However, drivers cannot clock in until 2 minutes prior to their shift start time. Defendant's time clock then rounds

CA Labor & Workforce Development Agency
Albertson's LLC
December 3, 2019
Page 2

the clock in time up to the shift start time. Defendant pays drivers based on the shift times and does not pay any wages for the 15 minutes prior to the shift start time, during which drivers are under the control of the employer and working in the dispatch office picking their daily delivery run. Accordingly, Defendant fails to pay all wages due, including regular and/or minimum wages, for all hours worked.

Accordingly, Claimants now seek civil penalties on behalf of themselves and other aggrieved employees (transportation drivers) based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Orders. Claimants' claim is set forth in further detail below.

## FAILURE TO PAY REGULAR AND MINIMUM WAGES
(Violation of Labor Code §§ 1194, 1194.2, 1197, 1197.1, and 1198, and the
"Minimum Wages" and "Hours and Days of Work" Section 4 of the Applicable Wage Orders)

Labor Code section 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Labor Code section 1194.2 states: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

Labor Code section 1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than minimum wage so fixed is unlawful."

Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the applicable Wage Orders, an employer may not pay employees less than the applicable minimum wage for all hours worked and provides that an employer may not pay non-exempt employees less than the applicable overtime rate for all overtime hours worked.

Claimants allege that Defendant fails to pay them and other aggrieved employees regular and/or minimum wages for all hours worked, in violation of California law. Defendant's written policy requires drivers, including Claimants and other aggrieved employees, to report to work 15 minutes prior to the shift start time to pick their daily delivery route. Claimants allege that Defendant does not pay any wages for hours worked during the 15 minutes worked prior to the

CA Labor & Workforce Development Agency
Albertson's LLC
December 3, 2019
Page 3

shift start time. Defendant pays drivers based on the shift times and does not pay any wages for the 15 minutes prior to the shift start time, during which drivers are under the control of the employer and working in the dispatch office picking their daily delivery run. Defendant does not allow drivers, including Claimants and other aggrieved employees, to clock in for their shift until 2 minutes prior to the shift start time. Therefore, drivers work for at least 15 minutes off-the-clock prior to each shift. As a result, although Claimants and other aggrieved employees are suffered or permitted to work for Defendant and are required to report to the work premises 15 minutes prior to their shift, they are not paid any wages, including regular or minimum wages, for these hours worked.

Claimants intend to seek civil penalties pursuant to the PAGA for the alleged violation of California law on behalf of themselves and all other aggrieved employees in the state of California.

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Claimants reserve the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in the complaint for damages.

Respectfully submitted,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc: (via email only)
Roger Carter, Esq. (roger@carterlawfirm.net)
Marc H. Phelps, Esq. (Marc@phelpslawgroup.com)

# EXHIBIT 3

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC •

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

**www.ckslaw.com**

JEFF GERACI
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)

December 20, 2019

<u>**NOTICE VIA ONLINE SUBMISSION**</u>

California Labor and Workforce Development Agency

<u>**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**</u>

Albertson's LLC
c/o Jeffrey K. Brown, Esq.
Ray E. Boggess, Esq.
Tyler B. Runge, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Re:     <u>*Amended*</u> Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3
          LWDA Case No. LWDA-CM-677685-19

Dear PAGA Administrator and Albertson's LLC:

        This letter shall serve as Chris Valdez, Michael Raziano, and Brian Traister's ("Claimants") <u>*Second Amended*</u> Notice pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code sections 2698, *et seq.*, and supplements the previous notices with additional facts and theories supporting allegations of the Labor Code violations committed by Claimants' employer Albertson's, LLC ("Defendant" or "Albertson's"). Claimants incorporate all other facts and theories alleged in their notice submitted on March 20, 2019 (LWDA Case No. LWDA-CM-677685-19), a true and correct copy of which is attached as Exhibit A, and their Amended Notice submitted on December 3, 2019, a true and correct copy of which is attached as Exhibit B, as though set forth fully herein.

## <u>FACTUAL STATEMENT</u>

        Claimants are employed by Defendant as transportation drivers, classified as non-exempt employees and paid on an hourly basis. For reasons set forth herein, Claimants allege the following additional violations of the California Labor Code and the applicable IWC Wage Order on behalf of themselves and all other aggrieved employees of Defendant.

        Claimants allege that Defendant failed to pay Claimants and other aggrieved employees all wages due, including reporting time pay, in violation of Labor Code sections 218 and 1199 and the section 5(A) of the applicable IWC Wage Order. Claimants allege that Defendant scheduled part-time employees for "call-in" shifts, requiring employees to call into work each

CA Labor & Workforce Development Agency
Albertson's LLC
December 20, 2019
Page 2

day daily to determine if they were scheduled to work the following day. Defendant would discipline employees if employees failed to call in each evening. Claimants allege that Defendant's uniform policy results in violations of the Labor Code because employees' time is unduly restricted by the requirement to call into work daily at 10:30 p.m. These on-call shifts burden employees by limiting their ability to engage in other activities, but nonetheless receiving no compensation from Defendant unless they are ultimately put on the schedule to work. Aggrieved employees were not paid any wages, including regular and/or minimum wages or reporting time pay, as required under California law.

Accordingly, Claimants now seek *civil penalties* on behalf of themselves and other aggrieved employees (transportation drivers) based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Orders. Claimants' claim is set forth in further detail below.

## FAILURE TO PAY REPORTING TIME PAY

(Violation of Labor Code §§ 218, 1199, 2698 and Section 5(A) of the applicable IWC Wage)

Labor Code section 218 states: "Nothing in this article shall limit the authority of the district attorney of any county or prosecuting attorney of any city to prosecute actions, either civil or criminal, for violations of this article or to enforce the provisions thereof independently and without specific direction of the division. Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

Labor Code section 1199 states: "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:

(a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.

(b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

(c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

Section 5(A) of the applicable IWC Wage Order states, "Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

CA Labor & Workforce Development Agency
Albertson's LLC
December 20, 2019
Page 3

As detailed above, Claimants allege that Defendant violated California law and the applicable IWC wage order by failing to pay all wages due, including reporting time pay. Defendant failed to comply with Labor Code sections 218 and 1199 and section 5(A) of the applicable IWC Wage Order by requiring employees to call in each evening before a potential shift to learn whether the employee is needed for work and the employee is not told to come to work the following day. Defendant's on-call system leaves employees who are willing to work uncompensated and limits the employees' ability to schedule other potential activities, including other jobs and social plans. As such, Claimants allege that Defendant's employees who are subject to the on-call scheduling system must be compensated with reporting time pay when employees are required to call Defendant each evening and not provided work.

Accordingly, Claimants now seek *civil penalties* on behalf of themselves and other aggrieved employees based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Orders.

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Claimants reserve the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in the complaint for damages.

Respectfully submitted,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc: (via email only)
Roger Carter, Esq. (roger@carterlawfirm.net)
Marc H. Phelps, Esq. (Marc@phelpslawgroup.com)

# EXHIBIT A

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC •

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

www.ckslaw.com

JEFF GERACI ∆
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)
(∆ Of Counsel)

March 20, 2019

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE SECTION 2699.3

**NOTICE VIA ONLINE SUBMISSION (https://dir.tfaforms.net/198)**

California Labor and Workforce Development Agency

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

Albertson's LLC
250 E Parkcenter Blvd
Boise, Idaho 83706

Albertson's LLC
c/o CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, California 90017

**Re:**   **Notice pursuant to California Labor Code sections 2698, *et seq*., the Private Attorneys General Act ("PAGA"), sent by Chris Valdez, Michael Raziano and Brian Traister on behalf of themselves and all other aggrieved employees of Albertson's LLC in the State of California, as an individual and as proposed a Representative of the State of California**

Dear PAGA Administrator:

Pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698, *et seq.* ("PAGA"), Chris Valdez, Michael Raziano and Brian Traister ("Claimants") intend to bring an action against Albertson's LLC ("Defendant" or "Albertson's"), individually and on behalf of all other aggrieved employees for alleged violations of Labor Code sections 201, 202, 203, 204, 223, 226, 233, 256, 558, 1197.1, 1194, 1198, and 2802. This letter serves as Claimants' written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency (hereafter "LWDA") the opportunity to investigate the alleged claims contained herein.

If the LWDA does not intend to investigate the allege violations, Claimants intend to file a representative civil action for PAGA penalties on behalf of themselves and all other aggrieved employees of the Defendant, and shall seek penalties under the PAGA on behalf of themselves and all other aggrieved employees in the State of California. A copy of this notice, along with a courtesy copy of Claimants' Class Action Draft Complaint, is being sent to Defendant by certified mail at the addresses above.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 2

## FACTUAL STATEMENT

Claimants are employed by Albertson's as transportation drivers, classified as non-exempt employees and paid on an hourly basis. Claimants allege that during their employment Defendant has failed to comply with the California Labor Code and section 5 of the applicable IWC Wage Order 7-2001 and/or Wage Order 9-2001, as detailed below.

For reasons set forth herein, Claimants allege the following violations of the California Labor Code and the applicable IWC Wage Order on behalf of themselves and all other aggrieved employees of Defendant. Claimants allege that Defendant:

1.      Failed to pay Claimants and other aggrieved employees all wages due, including reporting time pay;

4.      Denied Claimants the right to use sick leave without the threat of discharge, demotion, suspension, or other manner of discrimination;

5.      Failed to reimburse Claimants and other aggrieved employees for all reasonable and necessarily incurred business-related expenses;

6.      Failed to provide accurate itemized wage statements; and

7.      Failed to timely pay all wages upon separation of employment.

Accordingly, Claimants now seeks civil penalties on behalf of themselves and other aggrieved employees based on the Defendant's alleged violations of the California Labor Code and applicable IWC Wage Order. Claimants' claims are set forth in further detail below.

## FAILURE TO PAY REPORTING TIME PAY
(Violation of Labor Code §§ 558, 1194, 1198, 2698 and the "Reporting Time Pay" Section of the applicable IWC Wage)

Section 5(A) of the applicable IWC Wage Order states, "Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

Claimant Valdez alleges that Albertson's scheduled its part-time non-exempt employees for "call-in" shifts, requiring employees such as Claimant Valdez to call into work each day daily to determine if they were schedule to work the following day. Claimant Valdez and other aggrieved employees were subject to discipline if they failed to call in each evening. Claimant Valdez alleges that this policy results in violations of the Labor Code because Claimant Valdez's and other employees' time is/was unduly restricted by the requirement to call into work daily at

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 3

10:30 p.m., but other aggrieved employees were not paid reporting time pay. These on-call shifts burden employees by limiting their ability to engage in other activities but nonetheless receiving no compensation from Albertson's unless they are ultimately put on the schedule to work. Employees such as Claimant Valdez and other part-time non-exempt employees were not paid any wages, including regular and/or minimum wages for reporting time pay, as required under California law. Claimant Valdez intends to pursue remedies pursuant to the PAGA for the alleged violation on behalf of himself and all other aggrieved employees in the state of California.

## DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
### (Labor Code §§ 233)

Labor Code section 233(c) states, "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5." Per subdivision (d), "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief."

Defendant failed to comply with Labor Code 233 by implementing a policy and procedure whereby Claimants and other aggrieved employees were discipline for using accrued sick days. Employees such as Claimants are intimidated, disciplined and/or fact continuing threat of discipline for exercising their right to take accrued sick days. Albertson's issues (and/or threatens to issue) "occurrences" to any driver who is too sick to operate a commercial vehicle, or is too fatigued to continue his/her shift and uses their sick leave to take time off from work.

Accordingly, Claimants will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, on behalf of themselves and other aggrieved employees of Defendant.

## FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES
### (Labor Code § 2802, and the "Tools and Equipment" section of the applicable IWC Wage Order)

Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 4

Section 9(b) of the applicable IWC Wage Order states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

Labor Code section 2802 prohibits employers, such as Defendant, from shifting their cost of doing business onto the employee. California Labor Code section 2802 states that employers must "indemnify" an employee for "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." This means that if the expense in question is "necessary" for performance of the job, the employer must reimburse the employee 100% of the cost. An expense is considered "necessary" if it directly results from the employee's performance of his or her work duties. An expense is also "necessary" if it occurs because the employee is following the directions given by the employer.

Defendant failed to comply with Labor Code section 2802 and the applicable IWC Wage Order by failing to reimburse Claimants and other aggrieved employees for necessary business-related expenses incurred in direct consequence of the discharge of their duties. Specifically, Defendant failed to reimburse Claimants and all other aggrieved employees for all business expenses including for layovers by limiting the reimbursement to $80 for every twenty-four (24) hour period of time regardless of the fact the business expenses incurred on layovers were typically over $80 per 24-hour period. Furthermore, Defendant failed to reimburse Claimant and other aggrieved employees for traffic and speeding tickets incurred while on-duty and performing work for Defendant. Therefore, Claimants intend to pursue remedies pursuant to the PAGA for the alleged violation on behalf of themselves and all other aggrieved employees in the state of California.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code §§ 226(a), 226.3, 1198, 2699, and the "Records" Section of the applicable IWC Wage Order)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission; (3) the number of  piece rate units earned and any applicable piece rate  if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer…; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 5

Furthermore, Labor Code section 226(e)(2)(A) states: "An employee is deemed to suffer injury for purposes of this subdivision if the Employer fails to provide a wage statement."

Labor Code section 226.3 imposes an additional civil penalty on the Employers of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000.00 per employee for each violation in a subsequent citation. In addition, Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimants are entitled to an award of costs and reasonable attorney's fees.

Defendant failed to provide Claimants with itemized wage statements complying with the requirements of the Labor Code and applicable IWC Wage Order. Claimants did not receive wage statements which included accrued sick pay, all wages due for reporting time pay, and all deductions and all rates paid. Claimants will pursue all remedies, including recovery of wages, interest, attorneys' fees and costs, penalties and those provided by the PAGA, to the extent allowed by law, on behalf of themselves and other aggrieved employees of Defendant.

## FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
### (Labor Code §§ 201, 202, 203, 204, 256, 1198, and 2699)

Labor Code section 204(a) states, in pertinent part, "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the Employer as the regular paydays." The "Minimum Wages" Section of the applicable Wage Order further states "every Employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period."

Labor Code section 201 states: "If an Employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in relevant part: "If an Employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to his or her, or who refuses to receive the payment when fully tendered to his or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 6

Labor Code section 256 states: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 day's pay as waiting time under the terms of Section 203."

Defendant failed to timely pay Claimants and other aggrieved employees all wages due and owing during and upon termination of employment. Defendant willfully failed to pay all wages when required by Sections 201 and 202 of the Labor Code. Therefore, Defendant owes penalties to all affected employees, including Claimants. Claimants will pursue all remedies for Employers' failure to pay timely wages on behalf of themselves other aggrieved employees, including recovery of wages, waiting time penalties, attorney's fees, costs, and penalties to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF
## THE LABOR CODE AND IWC WAGE ORDERS
(Labor Code §§ 558, 558.1, and 1197.1)

Labor Code section 558 subjects any Employer or other person acting on behalf of an Employer who violates, or causes to be violated, a section of Part 2, Chapter 1, of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order to a civil penalty in the amount of $50 for any initial violation for each pay period in which an employee is underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

Labor Code section 558.1(a) states: "Any Employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the Employer for such violation."

Labor Code section 1197.1 states that any Employer or other person acting either individually or as an officer, agent or employee of another person, which pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty and restitution of wages payable to the employee in an amount of $100 for the initial violation for each pay period in which an employee underpaid in addition to an amount sufficient to recover underpaid wages, and $250 for each subsequent violation in addition to an amount sufficient to recover underpaid wages, which shall be paid to each affected employee.

As set forth above, Defendant underpaid Claimants and other aggrieved employees. As a result, the Defendant is liable for civil penalties under Labor Code section 558. Claimants will pursue all remedies on behalf of themselves and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

CA Labor & Workforce Development Agency
Albertson's LLC
March 20, 2019
Page 7

## DUTIES OF EMPLOYER
(Labor Code §§ 1174, 1174.5, 1175, 2810.5, and 1198, and the Applicable Wage Order)

Labor Code section 1174 describes certain duties of every Employer in this state. Subsection (d) of this labor code section requires that payroll records show the hours worked daily by employees and the corresponding wages to be paid for the hours worked. Employers violated this requirement by their failure to accurately record employee hours worked and/or paid including wages owed for reporting time pay. Labor Code section 1174.5 imposes a civil penalty of $500 for an Employer's failure to maintain accurate and complete records. This civil penalty is addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d). Furthermore, Claimants and all other aggrieved current and former employees are entitled to collect 25% of the penalty imposed pursuant to Section 2699.

Labor Code section 2810.5 further requires an Employer to provide to each employee a written notice containing certain information, including rates of pay, meal or lodging allowances, designated payday, name of employer, physical address of the employer's main office or principal place of business, contact information of the employer, and worker's compensation carrier contact information. Employers entirely failed to comply with this requirement.

Claimants will pursue all remedies on behalf of themselves and other current and former employees, including recovery of attorney's fees, costs, damages and penalties to the extent allowed by law.

## CONCLUSION

Claimants request the Labor and Workforce Development Agency ("LWDA") initiate enforcement for the violations described above. If the LWDA does not pursue enforcement, Claimants will pursue claims for statutory penalties and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Orders, including all available penalties set forth in Labor Code section 2699(f).

Respectfully submitted,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc: (via email only)
Roger Carter, Esq. (roger@carterlawfirm.net)
Marc H. Phelps, Esq. (Marc@phelpslawgroup.com)

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Marta Manus (SBN 260132)
mmanus@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**THE CARTER LAW FIRM**
Roger Carter (SBN 140196)
roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 254-7500/Facsimile: (949) 629-2501

**THE PHELPS LAW GROUP**
Marc H. Phelps (SBN 237036)
Marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533/Facsimile: (949) 629-2501

Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **CLASS ACTION**<br>**CLASS ACTION COMPLAINT**<br>1. Failure to Pay Reporting Time Wages (Labor Code § 204; IWC Wage Orders 7-2001 and 9-2001, § 5);<br>2. Failure to Reimburse Business Expenses (Lab. Code § 2802 and IWC Wage Orders 7-2001 and 9-2001, § 9);<br>3. Denial of Right to Use Sick Leave Without Threat of Discipline and/or Discharge (Lab. Code § 233);<br>4. Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and 1198, and IWC Wage Orders 7-2001 and 9-2001, § 7);<br>5. Failure to Timely Pay Wages Due During Employment (Lab. Code §§ 204(a) and 1198, and IWC Wage Orders 7-2001 and 9- |

Class Action Complaint

1            ) 2001, § 4);

2            ) 6. Failure to Timely Pay Wages Due Upon Separation of Employment (Lab. Code §§ 201, 202, and 203);

7. Violation of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208);

8. Invasion of Privacy – Intrusion; Cal. Const. Article 1, Section 1);

9. Failure to Provide Paid Sick Leave in Compliance with San Diego Paid Sick Leave Ordinance and Los Angeles Paid Sick Leave Ordinance.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

1       Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ

2  (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, complain

3  and allege as follows:

4                           **I.**

5                 **INTRODUCTION**

6      1.     Plaintiffs bring this action as a Class Action pursuant to California Code of Civil

7  Procedure section 382 on behalf of themselves and other current and former non-exempt

8  transportation drivers of ALBERTSON'S, LLC and DOES 1 through 50, inclusive (collectively

9  "Defendants"). Plaintiffs bring this action for: unpaid compensation, including reporting time

10  pay; reimbursement of reasonably incurred business expenses; sick pay claims (including denial

11  of the right to use sick pay and violation of local ordinances); payment of wages due during and

12  upon termination of employment; invasion of privacy; and statutory and civil penalties, interest

13  and attorneys' fees and costs. In addition, Plaintiffs bring this action for unfair competition

14  under Business and Professions Code sections 17200, *et seq*.

15                         **II.**

16         **JURISDICTION AND VENUE**

17      2.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of

18  Civil Procedure, section 395. Defendants conduct business in Los Angeles County, California

19  and each Defendant is within the jurisdiction of this Court for service of process purposes. The

20  unlawful acts alleged have a direct effect on Plaintiffs and those similarly situated within the

21  State of California and Los Angeles County. Defendants employ numerous Class Members in

22  Los Angeles County. There is no federal question at issue, as the issues are based solely on

23  California statutes and law, including the Labor Code, IWC Wage Orders, Code of Civil

24  Procedure, Civil Code, and Business and Professions Code.

25      3.     Business and Professions Code, section 17203 provides that any person who

26  engages in unfair competition may be enjoined in any court of competent jurisdiction. Business

27  and Professions Code, section 17204 provides that any person, acting on his own behalf, may

28  bring an action in a court of competent jurisdiction.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### III.

### THE PARTIES

**A.    Plaintiffs**

4.      Plaintiff MICHAEL RAZIANO is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

5.      Plaintiff BRIAN TRAISTER is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

6.      Plaintiff CHRIS VALDEZ is a resident of the State of California employed by Defendants in Los Angeles County as a non-exempt transportation driver.

**B.    Defendants**

7.      Defendant ALBERTSON'S, LLC is a Delaware Limited Liability Company engaged in business throughout California and in Los Angeles County. During the Class Period, Defendant employed Plaintiffs and others as non-exempt transportation drivers within California and Los Angeles County.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe, and based on that allege, each of the Defendants designated as a DOE is legally responsible in some manner for the unlawful acts alleged. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when those identities become known.

9.      Plaintiffs are informed, believe, and allege each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each Defendant are legally attributable to the other Defendants.

### IV.

### GENERAL ALLEGATIONS

10.      During all, or portions, of the Class Period, Plaintiffs and each member of the

- 2 -

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff Class were employed by Defendants in the State of California.

11.     At all relevant times, Defendants had a consistent policy and practice of failing to pay Plaintiffs and similarly-situated employees all wages due, including reporting time pay.

12.     At all relevant times, Defendants had a consistent policy and practice of failing to reimburse Plaintiffs and similarly-situated employees for all reasonable and necessarily inured business-related expenses, including all expenses incurred for business layovers, in violation of California state wage and hour laws..

13.     At all relevant times, Defendants had a consistent policy and practice of denying Plaintiffs and similarly-situated employees the right to use accrued sick leave without the threat of discipline and/or discharge.

14.     At all relevant times, Defendants knowingly and willfully failed to provide accurate wage statements to non-exempt employees, including Plaintiffs, which did not include, among other things, accrued sick time, the accurate total hours and pay for reporting time, and all rates of pay, or deductions made.

15.     At all relevant times, Defendants had a consistent policy and practice of failing to timely compensate non-exempt employees, including Plaintiffs, for all wages owed during and upon separation of employment, in violation of California state wage and hour laws.

16.     At all relevant times, Defendants required Plaintiffs and all other similarly-situated employees to enter into an agreement allowing Defendants to install and use a camera monitoring system called the DriveCam Video System ("DriveCam") in their trucks at distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or by a "triggering event" such as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs and all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam was not continuously recording at all times while drivers were on duty but rather only recording when activated by a driver or a triggering event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 triggering event. In fact, the DriveCam recorded numerous private conversations between

2 Plaintiffs and other individuals including private and personal conversations with family

3 members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other

4 similarly-situated employees without their knowledge or consent in a manner which would be

5 highly offensive to a reasonable person, including Plaintiffs and all other similarly-situated

6 employees.

7      17.    At all relevant times, Plaintiffs and the other similarly-situated employees

8 performed work within the geographical boundaries of the City of San Diego and were therefore

9 entitled to be paid earned sick leave pursuant to San Diego County's Earned Sick Leave and

10 Minimum Wage Ordinance ("SDO"). Defendants failed to comply with the requirements of the

11 SDO by failing to provide its employees with earned sick leave. See SDO Chapter 3, Article 9,

12 Division 1. Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-

13 situated employees with paid earned sick leave in compliance with the SDO.

14      18.    At all relevant times, Plaintiffs and other similarly-situated employees performed

15 work within the geographical boundaries of the City of Los Angeles and were therefore entitled

16 to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance,

17 Los Angeles Municipal Code, Article 7 Section 187.04 ("LAO"). Defendants failed to comply

18 with the requirements of the LAO by failing to provide employees with earned sick leave.

19 Specifically, Defendants uniformly failed to provide Plaintiffs and other similarly-situated

20 employees with paid earned sick leave in compliance with the LAO.

21      19.    Plaintiffs, on behalf of themselves and all similarly-situated employees in the

22 State of California, bring this action pursuant to Labor Code sections 201, 202, 203, 204(a),

23 210, 218.5, 218.6, 226(a), 226(h), 226.3, 233, 510, 512, 1174(d), 1174.5, 1194, 1194.2, 1197,

24 1197.1, 1198, and 2802, seeking unpaid wages, expense reimbursement, penalties, equitable

25 relief, and reasonable attorneys' fees and costs.

26      20.    Plaintiffs, on behalf of themselves and all similarly-situated employees in the

27 State of California, bring this action pursuant to Business and Professions Code sections 17200-

28 17208, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

Defendants by failing to pay all wages owed.

**V.**

**CLASS ACTION ALLEGATIONS**

21.    Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former employees of Defendants as a Class Action pursuant to Code of Civil Procedure section 382. The Class and Subclasses Plaintiffs seek to represent are defined as:

**Plaintiff Class**

All non-exempt transportation drivers employed by Defendants in the State of California at any time since the four years preceding the filing of this Complaint.

22.    Plaintiffs seek to certify a Subclass of employees defined as:

**Reporting Time Subclass**

All Plaintiff Class Members who were required to call in each day, but were not put to work and were not furnished at least half of the usual day's work or at least two hours, at their regular rate of pay.

23.    Plaintiffs seek to certify a Subclass of employees defined as:

**Unreimbursed Business Expense Subclass**

All Plaintiff Class Members who were not reimbursed for business-related expenses incurred in the discharge of duties for Defendants.

24.    Plaintiffs seek to certify a Subclass of employees defined as:

**Wage Statement Subclass**

All members of the proposed Plaintiff Class who, within one year of the filing of the Complaint, received one or more itemized wage statements that did not include accrued sick time, and/or all wages due for reporting time pay, and/or the applicable rates of pay for time worked, and/or any deductions taken.

25.    Plaintiffs seek to certify a Subclass of employees defined as:

**Waiting Time Penalty Subclass**

All Plaintiff Class Members whose employment ended at any time during the three years preceding the filing of this Complaint.

26.    Plaintiffs seek to certify a Subclass of employees defined as:

**UCL Subclass**

All members of the proposed Plaintiff Class who were subject to Defendants' pay practices relating to failure to pay reporting time

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

pay, failure to reimburse all business-related expenses, denial of the right to use sick leave without the threat of discipline and/or discharge, and failure to timely pay all wages due at separation of employment.

27. Plaintiffs reserve the right under Rule 3.765(b), California Rules of Court, to amend or modify the Plaintiff Class and Subclass descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

28. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before this Court.

29. **Ascertainable Class**: The proposed Plaintiff Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

30. **Numerosity**: The potential members of the Plaintiff Class and Subclasses, defined above, are so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the Plaintiff Class and Subclasses is unknown to Plaintiffs, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendants' records.

31. **Typicality**: The claims of Plaintiffs are typical of the claims of all members of the Plaintiff Class and Subclasses because all members of the Plaintiff Class and Subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Plaintiff Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged.

32. **Adequacy**: Plaintiffs will adequately and fairly protect the interests of the members of the Plaintiff Class. Plaintiffs have no interest adverse to the interests of absent Class Members. Plaintiffs are represented by attorneys with substantial wage-and-hour and class action law experience.

33. **Superiority**: A class action is superior to other available means for fair and

- 6 -

Class Action Complaint

efficient adjudication of the claims of the Plaintiff Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense numerous individual actions would require. The damages suffered by each Plaintiff Class Member are relatively small in the sense pertinent to class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for individual Plaintiff Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of sums owed to them. Class litigation also prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

34.     The predominating common questions of law and fact include, without limitation:

a.      Whether Defendants compensated Plaintiff Class Members for all hours worked, including reporting time;

b.      Whether Defendants reimbursed Plaintiff Class Members for all business-related expenses incurred in the discharge of duties pursuant to Labor Code section 2802;

c.      Whether Defendants denied Plaintiff Class Members the right to use accrued sick leave without the threat of discipline and/or discharge pursuant to Labor Code section 233;

d.      Whether Defendants invaded the privacy of Plaintiff Class Members via the method of installation and operation of cameras in their trucks;

e.      Whether Defendants maintained accurate records for Plaintiff Class Members pursuant to Labor Code section 1174(d) and section 7 of the applicable IWC Wage order;

f.      Whether Defendants provided Plaintiff Class Members with accurate itemized wage statements pursuant to Labor Code section 226;

g.      Whether Defendants timely paid wages due during employment pursuant to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Labor Code sections 204(a) and 1198;

h.   Whether Defendants timely paid wages due upon separation of employment pursuant to Labor Code sections 201-202;

i.   Whether Defendants violated sections 17200, *et seq.* of the Business and Professions Code; Labor Code sections 226 and 1194; IWC Wage Orders 7-2001 and 9-2001, and other applicable IWC Wage Orders which constitutes a violation of fundamental public policy;

h.   Whether Plaintiff Class and Subclass Members are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, *et seq.*

**VI.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Failure to Pay Reporting Time Wages**
**[Labor Code § 204; IWC Wage Order 9-2001, § 5]**
**(Plaintiff VALDEZ and the Reporting Time Subclass Against Each Defendant)**

35.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

36.   Wage Order 9(5)(A) provides as follows:

> Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half of said employer's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employees' regular rate of pay, which shall not be less than the minimum wage.

37.   Labor Code section 204(a) states: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers

Class Action Complaint

covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time."

38.     Plaintiff VALDEZ and other part-time employees were scheduled for call-in shifts and required to report to work by calling in each day to determine whether they were scheduled to work the following day. If the workload did not support their presence, Plaintiff VALDEZ and other part-time employees did not receive at least two hours pay at their regular rate of pay, or half of the usually-scheduled shift in pay at their regular rate. Although Defendants required Plaintiff VALDEZ and other part-time employees to report to work by calling in each day to determine whether they were scheduled to work the following day. Defendants failed to pay any wages for this reporting time. These on-call shifts burden Plaintiff VALDEZ and other part-time employees by limiting their time and availability for other activities but nonetheless receiving no compensation from Defendants unless they are ultimately called in to work.

39.     By their failure to pay hourly wages for reporting time, Defendants willfully violated provisions of Labor Code section 204, and section 5 of IWC Wage Orders 7-2001 and 9-2001.

40.     Defendants' unlawful acts deprived Plaintiff VALDEZ and the Plaintiff Class and the Reporting Time Subclass he seeks to represent of hourly wages in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

41.     Plaintiff VALDEZ, on behalf of himself and members of the Reporting Time Subclass, requests relief as described below.

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

### SECOND CAUSE OF ACTION

#### FAILURE TO REIMBURSE BUSINESS EXPENSES
**[Labor Code § 2802 and the § 9 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Unreimbursed Business Expenses Subclass Against Each Defendant)**

42.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

43.     Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

44.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, Defendants failed to reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass as required by Labor Code section 2802. Defendants required Plaintiffs and members of the Unreimbursed Business Expenses Subclass to pay for traffic and speeding tickets incurred while on duty and performing work for Defendants.

45.     Defendants also did not fully reimburse Plaintiffs and members of the Unreimbursed Business Expenses Subclass for business-related expenses incurred on layovers of up to twenty-four (24) hours.

46.     Labor Code section 2802(c) states that "[f]or purposes of [2802], the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by [2802]."

47.     IWC Wage Order 9-2001, section 9(b) states in pertinent part: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer."

48.     Plaintiffs and members of the Unreimbursed Business Expenses Subclass suffered losses including, but not limited to, the costs of traffic and speeding tickets and costs incurred during layovers. Plaintiffs and members of the Unreimbursed Business Expenses Subclass incurred these costs in direct consequence of the discharge of their duties.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

49.     As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Unreimbursed Business Expenses Subclass have suffered, and continue to suffer, substantial losses related to failure to be indemnified for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies and expenses and attorney's fees and costs in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

50.     Plaintiffs seek to recover in a civil action to the fullest extent permissible all available remedies including but not limited to the unpaid balance of the indemnification from Defendants' violations, interest thereon permitted by Labor Code section 2802(b), reasonable attorney's fees and costs of suit, injunctive relief, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor Code section 2802 and Code of Civil Procedure section 1021.5.

51.     Plaintiffs, on behalf of themselves and the members of the Unreimbursed Business Expenses Subclass, request relief as described below.

### THIRD CAUSE OF ACTION
### DENIAL OF RIGHT TO USE SICK LEAVE WITHOUT THREAT OF DISCIPLINE AND/OR DISCHARGE
### [Labor Code § 233]
### (Plaintiffs and the Plaintiff Class Against Each Defendant)

52.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

53.     Labor Code section 233(c) states in pertinent part: "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."

54.     Plaintiffs and members of the Plaintiff Class were denied the right to use their accrued sick leave without the threat of discipline and/or discharge by Defendants. Defendants carried out a consistent policy and practice of disciplining Plaintiffs and members of the Plaintiff Class for taking sick leave. Specifically, Defendants intimidate, discipline, and threaten

Class Action Complaint

1  Plaintiffs and members of the Plaintiff Class for exercising their right to take sick leave when

2  they are fatigued, ill, or otherwise unable to safely operate a commercial vehicle. Defendants

3  implemented and carried out a policy that disciplines and threatens discharge for repeated

4  absences regardless of the reason. In fact, Defendants implemented and carried out a policy that

5  issues points for each occurrence, such as absence due to illness or fatigue, with the threat that a

6  specific number of occurrences will result in discharge. However, each point issued for an

7  occurrence results in some form of discipline, threat, or warning.

8       55.   Plaintiffs seek to recover in a civil action to the fullest extent permissible all

9  available remedies including but not limited to the remedies permitted by Labor Code section

10  233(e) and Code of Civil Procedure section 1021.5.

11       56.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

12  requests relief as described below.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**[Labor Code § 226 and § 7 of IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

16       57.   Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

17       58.   Labor Code section 226(a) states in pertinent part: "Every employer shall,

18  semimonthly or at the time of each payment of wages, furnish each of his or her employees,

19  either as a detachable part of the check, draft, or voucher paying the employee's wages, or

20  separately when wages are paid by personal check or cash, an accurate itemized statement in

21  writing showing": (1) gross wages earned; (2) total hours worked by the employee, except for

22  any employee whose compensation is solely based on a salary and who is exempt from payment

23  of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial

24  Welfare Commission; (3) the number of piece-rate units earned and any applicable piece rate if

25  the employee is paid on a piece-rate basis; (4) All deductions, provided that all deductions made

26  on written orders of the employee may be aggregated and shown as one item; (5) net wages

27  earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the

28  employee and only the last four digits of his or her social security number or an employee

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

59.    IWC Wage Orders 7-2001 and 9-2001, section 7(A) states in relevant part that the employer shall keep accurate information regarding, "(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee; (5) Total hours worked in the payroll period and applicable rates of pay."

60.    Through Defendants' alleged conduct during the applicable statutory period including, but not limited to, on information and belief, Defendants failed to provide accurate wage statements including, but not limited to, the recording of accrued sick time, all wages due for reporting time pay, the applicable rates of pay for time worked, and/or deductions taken.

61.    As a consequence of Defendants' knowing and willful failure to comply with Labor Code section 226(a), Plaintiffs and similarly-situated employees are entitled to actual damages or penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b), together with interest and attorneys' fees and costs.

62.    Labor Code section 226(e) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees." Labor Code section 226(e)(2)(B) states: "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily

determine from the wage statement alone one or more of the following: (i) The amount of gross wages or net wages paid to the employee during the pay period or any other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6) and (9) of subdivision (a)…" Because Plaintiffs' wage statements did not include, among other things, an accurate accounting of gross wages earned or the accurate total hours worked, they are deemed to have suffered injury.

63.     Labor Code section 226(h) states: "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

64.     Labor Code section 226.3 states, in part: "Any employer who violates subdivision (a) of section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an internal citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to keep the records required in subdivision (a) of Section 226.  The civil penalties provided for in this section are in addition to any other penalty provided by law."

65.     As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Plaintiff Class have suffered, and continue to suffer, injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

66.     Plaintiffs seek to recover in a civil action all remedies including damages, unpaid wages, penalties, attorney's fees and costs, and injunctive relief to the fullest extent permissible including those permitted pursuant to Labor Code sections 226(e) and (h), 226.3, and Code of Civil Procedure section 1021.5.

67.     Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, request relief as described below.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

1
2
3

## FIFTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES DUE DURING EMPLOYMENT
**[Labor Code §§ 204(a), 1198, and § 4 of the IWC Wage Orders 7-2001 and 9-2001]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

4       68.     Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

5       69.     Labor Code section 204(a) states in pertinent part: "All wages . . . earned by any

6   person in any employment are due and payable twice during each calendar month, on days

7   designated in advance by the employer as the regular paydays."

8       70.     Labor Code section 210 states in pertinent part: "(a) In addition to, and entirely

9   independent and apart from, any other penalty provided in this article, every person who fails to

10  pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205,

11  205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one

12  hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation,

13  or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each

14  employee, plus 25 percent of the amount unlawfully withheld."

15      71.     IWC Wage Orders 7-2001 and 9-2001, section 4(B) state: "Every employer shall

16  pay to each employee, on the established payday for the period involved, not less than the

17  applicable minimum wage for all hours worked in the payroll period, whether the remuneration

18  is measured by time, piece, commission or otherwise."

19      72.     Through Defendants' conduct during the applicable statutory period including,

20  but not limited to, the conduct alleged herein, including that alleged on information and belief,

21  Defendants failed to pay Plaintiffs and members of the Plaintiff Class (i) all wages due and

22  owing and (ii) all wages due and owing by the time set forth pursuant to Labor Code section

23  204(a) and IWC Wage Orders 7-2001 and 9-2001, section 4(B) including, but not limited to, not

24  paying all reporting time overtime wages.

25      73.     As a direct result of Defendants' violations alleged herein, Plaintiff and members

26  of the Plaintiff Class have suffered and continue to suffer substantial losses related to the use

27  and enjoyment of such wages, including lost interest on such monies and expenses and

28  attorney's fees in seeking to compel Defendants to fully perform their obligations under state

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 15 -

Class Action Complaint

law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

74. Plaintiffs seek to recover in a civil action all remedies including unpaid wages, attorneys' fees and costs, penalties and interest to the fullest extent permissible including those permitted pursuant to Labor Code sections 210, 218.5, 218.6, 226.7, 1198, and Code of Civil Procedure section 1021.5.

75. Plaintiffs, on behalf of themselves and the members of the Plaintiff Class, request relief as described below.

### SIXTH CAUSE OF ACTION
**FAILURE TO TIMELY PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT**
**[Labor Code §§ 201, 202, 203]**
**(Plaintiffs and the Waiting Time Penalty Subclass Against Each Defendant)**

76. Plaintiffs hereby incorporate all preceding paragraphs of this Complaint.

77. Labor Code section 201(a) states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

78. Labor Code section 202(a) states: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

79. Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants willfully failed to provide Plaintiffs and members of the Waiting Time Penalty Subclass with all wages due and owing, including minimum wages, overtime wages, and regular wages, by the time specified by Labor Code sections 201(a) and 202(a), as applicable.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

80.     Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

81.     As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the Waiting Time Penalty Subclass have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, including lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

82.     Plaintiffs seek to recover in a civil action all remedies to the fullest extent permissible including those permitted pursuant to Labor Code section 203 and Code of Civil Procedure 1021.5.

83.     Plaintiffs, on behalf of themselves and the members of the Waiting Time Penalty Subclass, request relief as described below.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE UNFAIR COMPETITION LAW
**[Business and Professions Code §§ 17200, *et seq.*]**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

84.     Plaintiffs incorporate all preceding paragraphs of this Complaint.

85.     Business & Professions Code section 17200 states: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code."

86.     Through Defendants' conduct during the applicable statutory period including, but not limited to, the conduct alleged herein, including that alleged on information and belief, Defendants have engaged in unlawful, unfair, or fraudulent business practices in California by

practicing, employing, and utilizing, the employment practices outlined in the preceding paragraphs all in violation of California law and the Industrial Welfare Commission Wage Orders. Defendants' use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors doing business in the State of California that comply with their obligations to properly provide employment conditions in compliance with the law and pay employees for all earned wages and compensation as required by law.

87.     Defendants' violations of the Labor Code and the Industrial Welfare Commission Wage Orders, and their scheme to lower payroll costs as alleged herein, constitute unlawful business practices because these actions were done in a systematic manner over a period of time to the detriment of Plaintiff and the Plaintiff Class. The acts complained of herein occurred within the last four (4) years preceding the filing of this complaint and include, but are not limited to, failure to (i) pay minimum, overtime, and regular wages, and sick pay, both during and after separation of employment; (ii) maintain accurate records; (iii) provide and maintain accurate itemized wage statements; (iv) pay timely wages during employment; (v) pay timely wages upon separation of employment; and (vi) indemnify employees for their expenses and losses and (vii) preserve employee privacy, i.e., by using cameras in the ways specified above.

88.     Defendants' failure to pay Plaintiffs and members of the Plaintiff Class and Subclasses for all reporting time, as required by the applicable Wage Orders and the Labor Code, as alleged, constitutes unlawful activity prohibited by Business and Professions Code sections 17200*, et seq.*

89.     The actions of Defendants in failing to pay Plaintiffs and members of the Plaintiff Class in a lawful manner constitute false, unfair, fraudulent, and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et seq*.

90.     Plaintiff are entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    multiplicity of lawsuits. Plaintiffs bring this cause individually and as a member of the general
2    public as a representative of all others subject to Defendants' unlawful acts and practices.

3        91.    This cause of action is brought as a cumulative remedy and is intended as an
4    alternative remedy for restitution for Plaintiffs, and each Plaintiff Class Member, for the four (4)
5    year period before the filing of this Complaint, and as the primary remedy during the fourth year
6    before the filing of this Complaint. Business and Professions Code section 17205.

7        92.    As a result of Defendants' unlawful and unfair business practice of failing to pay
8    earned wages, each Plaintiff Class member has suffered damages and is entitled to restitution in
9    an amount according to proof.

10       93.    The illegal conduct alleged is continuing and there is no indication that
11   Defendants will discontinue such activity in the future. Plaintiffs allege that if Defendants are
12   not enjoined from the conduct set forth in this Complaint, they will continue to fail to pay all
13   wages as required by law.

14       94.    Plaintiffs further request the Court issue a preliminary and permanent injunction
15   prohibiting Defendants from continuing to fail to pay reporting time wages.

16       95.    As a direct and proximate result of Defendants' conduct, Defendants have
17   received and will continue to receive monies that rightfully belong to members of the general
18   public who have been adversely affected by Defendants' conduct, as well as to Plaintiffs by
19   virtue of unpaid wages and other monies.

20       96.    Plaintiffs are entitled to and seek any and all available remedies including
21   restitution and recovery of reasonable attorneys' fees pursuant to California Code of Civil
22   Procedure section 1021.5, Business and Professions Code sections 17200, *et seq*., the substantial
23   benefit doctrine, and/or the common fund doctrine.

24       97.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,
25   requests relief as described below.
26   / / /
27
28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**EIGHTH CAUSE OF ACTION**

**INVASION OF PRIVACY – INTRUSION INTO PRIVATE AFFAIRS; VIOLATION OF CAL. CONST. ARTICLE 1, SECTION 1**
**(Plaintiffs and the Plaintiff Class Against Each Defendant)**

98.     Plaintiffs incorporate all preceding paragraphs of this Complaint.

99.     Plaintiffs and other similarly-situated employees have a reasonable expectation of privacy in their conduct at work based on Defendants' representations that the DriveCam will only be used to record work-related activities when activated by the driver or a triggering event such as hard braking, swerving or a collision.

100.    Plaintiffs and other similarly-situated employees possess a legally protected privacy interest in their personal and private conduct including private conversations they engaged without knowledge that their conversations and activities were being recorded by the DriveCam system in Defendants' vehicles.

101.    At all relevant times, Defendants required Plaintiffs and all other similarly-situated employees to enter into an agreement allowing Defendants to install and use a camera monitoring system call the DriveCam Video System ("DriveCam") in its trucks at distribution centers. Defendants intentionally misrepresented to Plaintiffs and all other similarly-situated employees that the DriveCam would only be used when activated by the driver or a triggering event such as hard braking, swerving, or a collision. Based on Defendants' representations, Plaintiffs and all other similarly-situated employees had a reasonable expectation of privacy that the DriveCam was not continuously recording at all times while drivers were on duty but rather only recording when activated by a driver or a triggering event. Plaintiffs and all other similarly-situated employees did not have knowledge of the fact that the DriveCam recorded them during times other than when it was activated by a driver or a triggering event. In fact, the DriveCam recorded numerous private conversations between Plaintiffs and other individuals including private and personal conversations with family members. Defendants intentionally recorded, visually and audibly, Plaintiffs and all other similarly-situated employees without their knowledge or consent in a manner in which is highly offensive to a reasonable person, including to Plaintiffs and all other similarly-situated employees.

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    102.    Plaintiffs and all other similarly-situated employees did not consent to or have

2    knowledge of the fact that the DriveCam was recording them at times other than when activated

3    by the driver or by a triggering event such as hard braking, swerving, or a collision.

4    103.    Defendants failed to inform Plaintiffs and all other similarly-situated employees

5    that the DriveCam would record them at times other than when activated by the driver or a

6    triggering event such as hard braking, swerving, or a collision.

7    104.    This intrusion would be highly offensive to a reasonable person.

8    105.    Defendants' conduct was intentional and done with reckless disregard for the fact

9    that a reasonable person in Plaintiffs' positions would consider the conduct highly offensive.

10   106.    As a direct result of Defendants' violations alleged herein, Plaintiffs and

11   similarly-situated employees were harmed as a result of the conduct of Defendants, and the

12   Defendants' conduct was a substantial factor in causing the harm suffered as a result of the

13   invasion of privacy.

14   107.    Plaintiffs seek to recover in a civil action all remedies to the fullest extent

15   permissible including those permitted pursuant to Civil Code sections 1708.8, *et seq.*

16   108.    Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

17   requests relief as described below.

18   **NINTH CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID SICK LEAVE IN COMPLIANCE WITH SAN DIEGO**
19   **PAID SICK LEAVE ORDINANCE AND LOS ANGELES PAID SICK LEAVE**
**ORDINANCE**
20   **(Plaintiffs and the Plaintiff Class Against Each Defendant)**

21   109.    Plaintiffs incorporate all preceding paragraphs of this Complaint.

22   110.    At all relevant times, Defendants employed and continue to employee employees

23   such as Plaintiffs and other similarly-situated employees throughout the State of California

24   including in San Diego County and Los Angeles County.

25   111.    At all relevant times, Defendants maintained a uniform policy and practice of

26   providing employees such as Plaintiffs and other similarly-situated employees a total of five (5)

27   days of sick leave per year to all employees who have been continuously employed by

28   Defendants for the period of at least one (1) year. If an employee was employed for less than

- 21 -
Class Action Complaint

1   one (1) year, they did not accrue sick leave per Defendants' policy.

2       112.    San Diego County's Earned Sick Leave and Minimum Wage Ordinance, San

3   Diego County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, effective as of July

4   11, 2016 provides that "all employers must provide paid earned sick leave to each employee

5   (including temporary and part-time employees) who perform at least two (2) hours of work

6   within the geographical boundaries of the City of San Diego." San Diego County's Earned Sick

7   Leave and Minimum Wage Ordinance requires employers, such as Defendants, to provide

8   employees with one (1) hour of earned sick leave for every thirty hours worked by the employee

9   within the geographic boundaries of the City of San Diego. Employees are entitled to use

10  accrued earned sick leave beginning July 11, 2016 or after the ninetieth (90) day of

11  employment, whichever is later.

12      113.    At all relevant times, Plaintiffs and other similarly-situated employees performed

13  work within the geographical boundaries of the City of San Diego and were therefore entitled to

14  paid earned sick leave pursuant to San Diego County's Earned Sick Leave and Minimum Wage

15  Ordinance. Defendants failed to comply with the requirements of San Diego County's Earned

16  Sick Leave and Minimum Wage Ordinance by failing to provide employees with earned sick

17  leave in compliance with San Diego County's Earned Sick Leave and Minimum Wage

18  Ordinance, SDMC Chapter 3, Article 9, Division 1.

19      114.    Los Angeles Minimum Wage and Paid Sick Leave Ordinance, Los Angeles

20  Municipal Code, Article 7 Section 187.04(A) states in pertinent part, "Every Employee who, on

21  or after July 1, 2016, works in the City for the same Employer for 30 days or more within a year

22  from the commencement of employment is entitled to paid sick leave." Section 187.04(B)

23  provides, "Paid sick leave shall accrue on the first day of employment or July 1, 2016,

24  whichever is later." Section 187.04(C) states, "An Employee may use paid sick leave beginning

25  on the 90th day of employment or July 1, 2016, whichever is later."

26      115.    At all relevant times, Plaintiffs and other similarly-situated employees performed

27  work within the geographical boundaries of the City of Los Angeles and were therefore entitled

28  to earned sick leave pursuant to Los Angeles Minimum Wage and Paid Sick Leave Ordinance,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

Class Action Complaint

1  Los Angeles Municipal Code, Article 7 Section 187.04. Defendants failed to comply with the

2  requirements of the Los Angeles Minimum Wage and Paid Sick Leave Ordinance by failing to

3  provide employees with earned sick leave in compliance with the Los Angeles Minimum Wage

4  and Paid Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq*.

5  Indeed, Defendants uniformly failed to provide Plaintiffs and other similarly-situated employees

6  with paid earned sick leave in compliance with the Los Angeles Minimum Wage and Paid Sick

7  Leave Ordinance.

8  116.   Neither the San Diego County's Earned Sick Leave Ordinance, San Diego

9  County Municipal Code ("SDMC") Chapter 3, Article 9, Division 1, nor the Los Angeles Paid

10  Sick Leave Ordinance, Los Angeles Municipal Code, Article 7 sections 187.04, *et seq*. provide

11  an exemption for union employees.

12  117.   Plaintiffs, on behalf of themselves and the members of the Plaintiff Class,

13  requests relief as described below.

## VII.

## **PRAYER FOR RELIEF**

16  Plaintiffs pray for judgment as follows:

17  1.   That the Court determine this action may be maintained as a class action and

18  Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

19  2.   For injunctive relief as provided by the Labor Code to the extent permitted by

20  law including, but not limited to, pursuant to Section 226(h), and Business and Professions

21  Code sections 17200, *et seq*.;

22  3.   For restitution as provided by Business and Professions Code sections 17200, *et*

23  *seq*.;

24  4.   For an order requiring Defendants to restore and disgorge all funds to each

25  affected person acquired by means of any act or practice declared by this Court to be unlawful,

26  unfair or fraudulent and, therefore, constituting unfair competition under Business and

27  Professions Code sections 17200, *et seq*.;

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

5.　　For an award of unpaid wages, including regular wages, minimum, and overtime wages to the extent permissible by law to each affected person;

6.　　For penalties to the extent permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to, waiting time penalties under Labor Code section 203, and penalties under Labor Code section 226(e);

7.　　For an award of penalties incurred under sections 210, 226.3, 226(e), and 1174.5 per underpaid employee pursuant to Labor Code sections 210, 226(e), 226.3, and 1174.5;

8.　　For the remedies provided by Labor Code section 233 including reasonable attorneys' fees;

9.　　For an award of liquidated damages to the extent permissible by Labor Code section 1194.2;

10.　　For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

11.　　For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

12.　　For reimbursement of all necessary expenses incurred in direct consequence of the discharge of duties;

13.　　For an award of actual damages, compensatory damages, statutory damages and penalties, for acts constituting an invasion of privacy, in an amount to be determined;

14.　　For an award of punitive damages;

15.　　For damages pursuant to Civil Code sections 1708.8, *et seq.*;

16.　　For paid sick pay leave provided by local ordinances;

17.　　For reasonable attorneys' fees and cost of suit and, to the extent permitted by law, including pursuant to Labor Code sections 218.5, 226, 226(h), 1194, and Code of Civil Procedure section 1021.5;

18.　　Determine the appropriate remedy to compensate Plaintiffs, Plaintiff Class, and Subclass members, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, and fluid recovery if appropriate;

Class Action Complaint

19. Prejudgment Interest; and

20. Any other relief as this Court deems proper.

Dated: March 20, 2019                    **COHELAN KHOURY & SINGER**

By:_____
     Michael D. Singer, Esq.
     Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial of all claims triable as of right by jury.

Dated: March 20, 2019                    **COHELAN KHOURY & SINGER**

By:_____
     Michael D. Singer, Esq.
     Marta Manus, Esq.
Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated

# EXHIBIT B

# COHELAN KHOURY & SINGER

### A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC •

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

**www.ckslaw.com**

JEFF GERACI
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)

December 3, 2019

**NOTICE VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency

**VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT**

Albertson's LLC
c/o Jeffrey K. Brown, Esq.
Ray E. Boggess, Esq.
Tyler B. Runge, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, CA 92614

Re:   *Amended* **Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3**
**LWDA Case No. LWDA-CM-677685-19**

Dear PAGA Administrator and Albertson's LLC:

This letter shall serve as Chris Valdez, Michael Raziano, and Brian Traister's ("Claimants") *Amended* Notice pursuant to the California Private Attorneys General Act ("PAGA"), California Labor Code sections 2698, *et seq.*, and supplements the previous notice with additional facts and theories supporting allegations of the Labor Code violations committed by Claimants' employer Albertson's, LLC ("Defendant" or "Albertson's"). Claimants incorporate all other facts and theories alleged in their notice submitted on March 20, 2019 (LWDA Case No. LWDA-CM-677685-19), a true and correct copy of which is attached as Exhibit A, as though set forth fully herein.

## FACTUAL STATEMENT

Claimants are employed by Albertson's as transportation drivers, classified as non-exempt employees and paid on an hourly basis. For reasons set forth herein, Claimants allege the following additional violations of the California Labor Code and the applicable IWC Wage Order on behalf of themselves and all other aggrieved employees of Defendant.

Claimants allege that Defendant fail to pay Claimants and other aggrieved employees all wages due, including regular and minimum wages for all hours worked, including hours worked off-the-clock prior to shift start times. Per Defendant's written policy, drivers must report to work 15 minutes prior to the shift start time to pick their daily delivery run. However, drivers cannot clock in until 2 minutes prior to their shift start time. Defendant's time clock then rounds

CA Labor & Workforce Development Agency
Albertson's LLC
December 3, 2019
Page 2

the clock in time up to the shift start time. Defendant pays drivers based on the shift times and
does not pay any wages for the 15 minutes prior to the shift start time, during which drivers are
under the control of the employer and working in the dispatch office picking their daily delivery
run. Accordingly, Defendant fails to pay all wages due, including regular and/or minimum
wages, for all hours worked.

Accordingly, Claimants now seek civil penalties on behalf of themselves and other
aggrieved employees (transportation drivers) based on the Defendant's alleged violations of the
California Labor Code and applicable IWC Wage Orders. Claimants' claim is set forth in further
detail below.

## FAILURE TO PAY REGULAR AND MINIMUM WAGES
(Violation of Labor Code §§ 1194, 1194.2, 1197, 1197.1, and 1198, and the
"Minimum Wages" and "Hours and Days of Work" Section 4 of the Applicable Wage Orders)

Labor Code section 1194(a) states: "Notwithstanding any agreement to work for a lesser
wage, any employee receiving less than the legal minimum wage or the legal overtime
compensation applicable to the employee is entitled to recover in a civil action the unpaid
balance of the full amount of this minimum wage or overtime compensation, including interest
thereon, reasonable attorney's fees, and costs of suit."

Labor Code section 1194.2 states: "In any action under Section 98, 1193.6, 1194, or
1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by
an order of the commission or by statute, an employee shall be entitled to recover liquidated
damages in an amount equal to the wages unlawfully unpaid and interest thereon."

Labor Code section 1197 states: "The minimum wage for employees fixed by the
commission is the minimum wage to be paid to employees, and the payment of a less wage than
minimum wage so fixed is unlawful."

Labor Code section 1198 states: "The maximum hours of work and the standard
conditions of labor fixed by the commission shall be the maximum hours of work and the
standard conditions of labor for employees. The employment of any employee for longer hours
than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Pursuant to the "Minimum Wages" and "Hours & Days of Work" Sections of the
applicable Wage Orders, an employer may not pay employees less than the applicable minimum
wage for all hours worked and provides that an employer may not pay non-exempt employees
less than the applicable overtime rate for all overtime hours worked.

Claimants allege that Defendant fails to pay them and other aggrieved employees regular
and/or minimum wages for all hours worked, in violation of California law. Defendant's written
policy requires drivers, including Claimants and other aggrieved employees, to report to work 15
minutes prior to the shift start time to pick their daily delivery route. Claimants allege that
Defendant does not pay any wages for hours worked during the 15 minutes worked prior to the

CA Labor & Workforce Development Agency
Albertson's LLC
December 3, 2019
Page 3

shift start time. Defendant pays drivers based on the shift times and does not pay any wages for the 15 minutes prior to the shift start time, during which drivers are under the control of the employer and working in the dispatch office picking their daily delivery run. Defendant does not allow drivers, including Claimants and other aggrieved employees, to clock in for their shift until 2 minutes prior to the shift start time. Therefore, drivers work for at least 15 minutes off-the-clock prior to each shift. As a result, although Claimants and other aggrieved employees are suffered or permitted to work for Defendant and are required to report to the work premises 15 minutes prior to their shift, they are not paid any wages, including regular or minimum wages, for these hours worked.

Claimants intend to seek civil penalties pursuant to the PAGA for the alleged violation of California law on behalf of themselves and all other aggrieved employees in the state of California.

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Claimants reserve the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in the complaint for damages.

Respectfully submitted,
COHELAN KHOURY & SINGER

Marta Manus, Esq.

cc: (via email only)
Roger Carter, Esq. (roger@carterlawfirm.net)
Marc H. Phelps, Esq. (Marc@phelpslawgroup.com)