**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
  msinger@ckslaw.com
Diana M. Khoury (SBN 128643)
  dkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**THE CARTER LAW FIRM**
Roger Carter (SBN 140196)
  roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (888) 914-6900

**THE PHELPS LAW GROUP**
Marc H. Phelps (SBN 237036)
  Marc@phelpslawgroup.com
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Telephone: (949) 629-2533/Facsimile: (949) 629-2501

Attorneys for Plaintiffs MICHAEL RAZIANO, BRIAN TRAISTER, CHRIS VALDEZ, and the Conditionally Certified Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| MICHAEL RAZIANO, BRIAN TRAISTER, and CHRIS VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>ALBERTSON'S LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 19-CV-04373 JAK (ASx)<br><br>**CLASS ACTION**<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT**<br><br>Date:   July 12, 2021<br>Time:   8:30 a.m.<br>Judge:  Hon. John A. Kronstadt<br>Ctrm:   10B<br><br>Filed:  March 21, 2019<br>Trial:  No Date Set |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................... 1

II.  BRIEF SUMMARY OF THE LITIGATION AND DISCOVERY CONDUCTED .......................................................................................... 2

III. MEDIATION ............................................................................................ 3

IV.  SETTLEMENT, PRELIMINARY APPROVAL, NOTICE TO THE CLASS AND THEIR RESPONSE ........................................................... 4

    A.   Proposed Settlement ...................................................................... 4

    B.   Preliminary Approval .................................................................... 5

    C.   Notice to the Class and the Class' Response ................................ 5

V.   ARGUMENT ............................................................................................ 6

    A.   Class Action Settlements are Subject to Court Review ................ 6

    B.   The Settlement Is Fair, Adequate, and Reasonable ...................... 6

VI.  CONCLUSION ........................................................................................ 8

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- i -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

# TABLE OF AUTHORITIES

**Page**

*Boyd v. Bechtel Corp.*
    485 F. Supp. 610, 624 (N.D. Cal. 1979) .......................................................... 8

*Brown v. American Honda Motor Co., Inc.*
    2010 U.S. Dist. Lexis 145475 (C.D. Cal. July 29, 2010) ............................... 8

*Dunleavy v. Nadler*
    213 F.3d 454 (9th Cir. 2000) ........................................................................ 6

*Garner v. State Farm Auto Ins. Co.*
    2010 U.S. Dist. Lexis 49477 (N.D. Cal. Ap. 22, 2010) ................................. 7

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ...................................................................... 6

*In re: Omnivision Techs.*
    559 F. Supp.2d, 1036 (N.D. Cal. 2007) ........................................................ 8

*Linney v. Cellular Alaska Partnership*
    151 F.3d 1234 (9th Cir. 1998) ...................................................................... 6

*Martin v. AmeriPride Servcs.*
    2011 U.S. Dist. Lexis 61796 (S.D. Cal. June 9, 2011) ................................. 7

*Officers for Justice v. Civil Serv. Comm'n*
    688 F. 2d 615 (9th Cir. 1982), cert. den. (1983) 459 U.S. 1217 .................. 6

*Rodriguez v. West Publishing Corp.*
    2007 U.S. Dist. LEXIS 74849 (C.D. Ca. Sept. 10, 2007) ............................. 7

*Rodriguez v. West Publ'g Corp.*
    563 F.3d 948 (9th Cir. 2009) ........................................................................ 6

*Staton v. Boeing Co.*
    327 F. 938, 952 (9th Cir. 2003) .................................................................... 6

# STATUTES AND REGULATIONS

**Page**

*California Labor Code*
    § 218 ............................................................................................................. 2
    § 1199 ........................................................................................................... 3

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

*Federal Rules of Civil Procedure*

Rule 23..................................................................................................................8
Rule 23(a) ............................................................................................................5
Rule 23 (b)(3) ......................................................................................................5
Rule 23(e) .........................................................................................................6, 7

**MISCELLANEOUS AUTHORITIES**

**Page**

Herbert Newberg & Alba Conte, *4 Newberg on Class Actions,* vol. 4 (4th ed. 2002)
§ 11.22, et seq. ....................................................................................................7

Manual for Complex Litigation (Fourth)
§ 21.61 at 308 .....................................................................................................6

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- iii -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

## I. INTRODUCTION

Michael Raziano, Brian Traister, and Chris Valdez ("Plaintiffs"), on behalf of themselves and the Class certified for settlement, move for final approval of a $2,500,000 non-reversionary settlement ("Gross Settlement Amount"), estimated to disburse $1,540,647.40 to 791 non-exempt transportation drivers employed by Albertson's LLC, ("Albertson's" or "Defendant"), at Albertson's Irvine or Brea Distribution Centers in California at any time from March 21, 2015 through October 30, 2020. Declaration of Diana M. Khoury, ("Khoury Decl."), ¶11.

In this Action, Plaintiffs' principal claim arises under the "Reporting Time Pay" provision of §5 of the Industrial Welfare Commission Wage Orders, 7-2001 and 9-2001. Plaintiffs specifically allege that Albertson's call-in scheduling policy, requiring part-time drivers to "report" to work each evening by calling in to determine whether they are scheduled to work the following day, violates California law. Dkt. 96-2, Phelps Decl. ¶¶12-13.

The Court preliminarily approved the Settlement on February 8, 2021. Dkt. 100. On April 1, 2021, the Court-approved Notice Packet (consisting of the Notice of Class Action Settlement, Change of Address form, and pre-printed return envelope) was mailed to 792 Class Members via first-class U.S. mail. The Notice informed Class Members of their rights and benefits under the Settlement, including the estimated amount of their Settlement Payments if a request for exclusion were not returned, and of the June 1, 2021 deadline to return a request for exclusion, objection to the Settlement and dispute of the information on which their Settlement Payment would be calculated. Supplemental Declaration of Jarrod Salinas, on behalf of Simpluris, ("Simpluris Decl."), ¶¶2, 3.

Class Member support for the Settlement has been strong. Through the present, not a single member of the Class has objected to any term of the Settlement, and only one (1) Class Member has requested exclusion. Simpluris Decl. ¶4. Following the grant of final approval, and the Effective Date of

- 1 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

1  settlement, 791 Class Members will receive substantial gross payments averaging
2  $1,947.72, and highest payment of $4,609.43. Simpluris Decl. ¶7; Khoury Decl.
3  ¶¶15, 20.

4  The Class has embraced the Settlement as one which is fair, adequate and
5  reasonable. Class Counsel respectfully requests that the Settlement now be finally
6  approved, and that the Class Representative Service Payments, Class Counsels'
7  attorneys' fees and litigation costs, and the administrator's expenses be awarded in
8  the sums requested and supported by Class Counsels' companion motion filed on
9  May 18, 2021. Dkt. 101.

## II. BRIEF SUMMARY OF THE LITIGATION AND DISCOVERY CONDUCTED

12  This Action has been vigorously contested and heavily litigated since its
13  inception in the Los Angeles County Superior Court on March 21, 2019.  It has
14  been hard-fought following its removal to this Court on May 20, 2019, pursuant
15  to the Class Action Fairness Act. Dkt. 1.

16  On July 10, 2019, Plaintiffs filed a first amended complaint, ("FAC"). Dkt.
17  19. On August 5, 2019, Defendant filed a motion to dismiss several causes of
18  action in the FAC including the first cause of action seeking reporting time pay.
19  Dkt. No. 21.

20  At the Court's directive, on January 6, 2020, Plaintiffs' filed a second
21  amended complaint ("SAC") seeking reporting time wages pursuant to Labor
22  Code section 218. Dkt. 38. Plaintiffs' SAC alleged, among other labor violations,
23  that Albertson's failed to compensate the Class for reporting time and other
24  unpaid pre-shift work. Plaintiffs also brought derivative claims for PAGA
25  penalties and penalties for failing to pay all wages earned upon termination of
26  employment. *Id.* Defendant filed another motion to dismiss the first cause of
27  action in the SAC. Dkt. 41.

28  On March 4, 2020, Plaintiffs filed a third amended complaint ("TAC")

- 2 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

which sought PAGA civil penalties for Defendant's failure to pay reporting time pay pursuant to Labor Code section 1199. Dkt. 47. Pursuant to stipulation, on April 13, 2020 Plaintiffs filed the operative fourth amended complaint in this Action. Dkt. Nos. 52, 54. Prior to agreeing to settle this Action, the Parties fully briefed Plaintiffs' Motion for Class Certification. Dkts. 55, 65, 78.

The Parties have engaged in extensive discovery, which included the following: (a) Defendant's taking the deposition of each of the three named Plaintiffs; (b) Defendant's taking the depositions of seven Class Members who submitted declarations in support of Plaintiffs' Motion for Class Certification; (c) Plaintiffs taking the deposition of Defendant's corporate representative concerning a range of topics relevant to the Action; (d) Defendant's production of over 2,000 pages of documents in formal discovery; (e) Plaintiffs' production of over 600 pages of documents in formal discovery; (f) Defendant's filing of its opposition to Plaintiffs' Class Certification Motion, with 23 Class Member declarations and 6 supervisor or manager declarations; (g) Plaintiffs obtaining and filing in support of their Class Certification Motion declarations from 26 Class Member; and (h) the Parties jointly engaged in a *Belaire-West* notice procedure that resulted in notice being sent to approximately 738 Class Members. Dkt. 96-2, Phelps Decl. ¶18.

### III.  MEDIATION

On March 11, 2020, the Parties attended a full-day, private mediation in Walnut Creek, California with Hon Ronald M. Sabraw (Ret.), a respected well-known and experienced wage and hour class action mediator facilitating those negotiations. Following a full day of mediation which involved contentious legal argument, considerable progress was made, but the Parties were unable to reach a settlement. Dkt. 96-2, Phelps Decl. ¶21.

However, although the Parties continued to negotiate and discuss settlement, Plaintiffs proceeded with the briefing of Plaintiffs' Motion for Class

- 3 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

1  Certification. After the certification motion was fully briefed, the Parties, in
2  discussions facilitated by Judge Sabraw, agreed to settle the Action. Judge
3  Sabraw's supervision of the mediation process was useful in managing the
4  expectations of the Parties and providing a neutral analysis of the issues and risks
5  of continued litigation to both sides. *Id*. at ¶¶22 - 24.

## IV. SETTLEMENT, PRELIMINARY APPROVAL, NOTICE TO THE CLASS AND THEIR RESPONSE

### A. Proposed Settlement

The Parties have agreed to settle the underlying class claims in exchange for the non-reversionary Gross Settlement Amount ("GSA") of $2,500,000, that includes: (1) settlement payments to 791 Participating Class Members; (2) attorneys' fees of $833,333 (one-third of the GSA) to compensate Class Counsel for work performed and remaining to be performed in securing final Court approval, and reimbursement of litigation costs of $31,019.60; (3) administration expenses to Simpluris, Inc., of $12,500; (4) a PAGA Payment to the Labor Workforce and Development Agency ("LWDA") of $37,500 (75% of $50,000); and (5) Class Representative Service Payments to each of the three named Plaintiffs of $15,000 each for prosecuting the claims in the Action, work performed on behalf of the Class, risks undertaken for payment of costs, and the substantial payments to be paid to 791 members of the Class. In addition to the GSA, Defendant will pay the employer-sided payroll taxes on the portion of the Participating Class Member's settlement payment allocated to wages. Dkt. 26-2, SA, ¶28; Khoury Decl. ¶19.

After all Court-approved deductions from the GSA, the remaining Net Settlement Amount estimated at $1,540,647.40 will be distributed entirely to 791 Participating Class Members on a proportionate basis based on their number of weeks worked during the March 21, 2015 through October 13, 2020 Class Period. Dkt. 26-2, SA ¶¶ 14, 29; Khoury Decl. ¶20.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 4 -

Participating Class Members will receive gross average payments of $1,947.72, and gross highest payment of $4,609.43.[1] Simpluris Decl. ¶7; Khoury Decl. ¶¶15, 20.

### B. Preliminary Approval

On October 30, 2020, Plaintiffs moved for Preliminary Approval. Dkt. 96. On February 8, 2021, the Parties appeared telephonically on Plaintiffs' Preliminary Approval Motion, and the Motion was taken under submission. Dkt. 99. Khoury Decl. ¶22. On February 8, 2021, the Court entered its Order Granting Preliminary Approval of Class Action Settlement finding that for settlement purposes only, the Class had met the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Dkt. 100 at 6-11. Khoury Decl. ¶23. The Court also appointed Plaintiffs Michael Raziano, Brian Traister, and Chris Valdez as the Class Representatives, Simpluris, Inc., as the Administrator, Cohelan, Khoury & Singer, The Carter Law Firm, and the Phelps Law Group as Class Counsel, and approved the Notice of Class Action Settlement, and the method of dissemination to the Class. Dkt. 100 at 25. Khoury Decl. ¶24.

### C. Notice to the Class and the Class' Response

On April 1, 2021, the Administrator mailed the Notice Packet to 792 Class Members informing them of the June 1, 2021 Response Deadline date to postmark a dispute, object to the Settlement or request to be excluded. Simpluris Decl. ¶¶2, 3. Two weeks prior to the Response Deadline, on May 18, 2021, Class

---

[1] Gross settlement payments to Plaintiffs Raziano, Traister, and Valdez are estimated to be $2,258.00, $2,522.73, and $2,286.03 respectively. Simpluris Decl. ¶8. Plaintiffs' declarations in support of the requested service payments were filed with the Preliminary Approval Motion, [Michael Raziano, Dkt. 96-5; Chris Valdez, Dkt. 96-6; and Brian Traister, Dkt. 98] and Plaintiffs' individual letters addressed to the Court are attached to the Phelps Declaration filed in Support of the Motion for Attorneys' Fees, Litigation Costs, and Service Payments. [Michael Raziano, Dkt. 101-5, at 24-29; Brian Traister, Dkt. 101-5, at 31- 32; and Chris Valdez, Dkt. 101-5, at 34-35]. Khoury Decl. ¶21.

- 5 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

Counsel filed their Motion for Attorneys' Fees, Litigation Costs, Service Payments, and Administration Expenses. Dkt. 101. Khoury Decl. ¶¶25, 26. To date, no objections and only one request for exclusion has been returned, resulting in a 99.9% participation rate. Khoury Decl. ¶¶15, 26.

## V. ARGUMENT

### A. Class Action Settlements are Subject to Court Review

A class action may not be dismissed or settled without court approval. FRCP Rule 23(e). To approve a final class action settlement, a district court must find the proposed settlement is fundamentally fair, adequate, and reasonable. *Staton v. Boeing Co.*, 327 F. 938, 952 (9th Cir. 2003).

### B. The Settlement Is Fair, Adequate, and Reasonable

The decision whether a Settlement is fair, reasonable, and adequate is committed to the Court's sound discretion. *Dunleavy v. Nadler*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1238 (9th Cir. 1998); Manual for Complex Litigation (4th ed. 2004) § 21.61 at 308, *Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco* (9th Cir. 1982) 688 F. 2d 615, 625, cert. denied (1983) 459 U.S. 1217.)

Although the Court has discretion to determine whether a proposed class Settlement is fair, the Ninth Circuit has "long deferred to the private consensual decision of the parties." *Rodriguez v. West Publ'g Corp*., 563 F.3d 948, 965 (9th Cir. 2009) (citing *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1027 (9th Cir. 1998)). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv.Comm'n*, 688 F.2d at 625. "[I]n evaluating whether the Settlement is fair and adequate, the Court's function is not

- 6 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)

to second guess the Settlement's terms." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 U.S. Dist. Lexis 49477, *21 (N.D. Cal. Ap. 22, 2010).

Rule 23(e) settlement approval has three distinct steps: (1) preliminary approval of the settlement; (2) notice of the settlement to Class Members; and (3) a final fairness hearing at which Class Members may be heard regarding the settlement and at which evidence and argument may be considered. *Murillo v. Pac. Gas & Elec. Co*., 266 F.R.D. 468, 473 (E.D. Cal. 2010). This procedure safeguards Class Members' due process rights and enables the Court to fulfill its role as the guardian of class interests. See Alba Conte & Herbert Newberg, 4 Newberg on Class Actions (2002) §§ 11.22, *et seq*.

"In the Ninth Circuit, a court affords a presumption of fairness to a Settlement if: '(1) the negotiations occurred at arms' length; (2) there was sufficient discovery; (3) the proponents of the Settlement are experienced in similar litigation; and (4) <u>only a small fraction of the class objected</u>.'" (cite omitted) *Rodriguez v. West Publishing Corp.,* No. CV-05-3222 R(MCx) 2007 U.S. Dist. LEXIS 74849 at 32-33 (C.D. Cal. Sept. 10, 2007), (emphasis added).

The Preliminary Approval Motion thoroughly analyzed the terms of the Settlement in light of the *Rodriguez* factors. Dkt. 96-1. In granting preliminary approval, the Court found the first three *Rodriguez* factors satisfied, leaving the fourth factor, the number of objectors, unknown until after the Class had had an opportunity to respond to the Class Notice. Subject only to the Class' reaction, the Court preliminarily presumed the Settlement was fair, adequate and reasonable. Dkt. 100 at 13, 14, 25,

No member of the Class has objected to any term of the Settlement and only one individual opted out of the Class. Simpluris Decl. ¶4. The lack of objections supports the presumption the Settlement is fair, adequate and reasonable. *Martin v. AmeriPride Servcs*., 2011 U.S. Dist. Lexis 61796 at *21

- 7 -

(S.D. Cal. June 9, 2011); *In re: Omnivision Techs.*, 559 F. Supp.2d, 1036, 1043 (N.D. Cal. 2007), ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); see also *Brown v. American Honda Motor Co., Inc.*, 2010 U.S. Dist. Lexis 145475, at *49 (C.D. Cal. July 29, 2010) (comparatively low number of opt-outs indicates class members favor settlement and find it fair). The lack of objections provides persuasive evidence the Settlement is reasonable. *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979).

Since Preliminary Approval of the Settlement, and the mailing of the Notice Packets, and the lack of a single objection to the Settlement, nothing has changed to negate that presumption of fairness. With the Class' favorable reaction to the Settlement, Class Counsel remains convinced the Settlement is in the Class' best interest based on a detailed knowledge of the issues presented in the Action and the negotiations. The length and risks of trial and the perils of litigation that affect the value of the claims were all carefully weighed. The affirmative defenses asserted by Defendant, the uncertainty of obtaining or maintaining Rule 23 certification, the prospect of a potential adverse summary judgment ruling, the difficulties of complex litigation, the lengthy process of establishing damages and various possible delays and appeals, were also carefully considered by Class Counsel in arriving at the proposed Settlement. Khoury Decl. ¶27.

## VI. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court to enter an order granting Plaintiffs' Motion for Order Granting Final Approval of the Class Action Settlement and Entering Judgment, and to grant the Class Representative Service Payments of $15,000 each, Class Counsels' attorneys' fees of $833,333, and reimbursement of litigation costs of $31,019.60, the Administrator Simpluris,

Inc.'s expenses of $12,500 and to finally approve the PAGA Penalty allocation[2] as set forth in Plaintiffs' companion Motion for Order Granting Attorneys' Fees, Litigation Costs, Plaintiffs' Service Payments, and Administration Expenses. Dkt. 101.

Dated: June 14, 2021         Respectfully submitted,

**COHELAN KHOURY & SINGER**
**THE CARTER LAW FIRM**
**THE PHELPS LAW GROUP**

By: /s/ Diana M. Khoury
    Diana M. Khoury
Attorneys for Plaintiffs Michael Raziano, Brian Traister, and Chris Valdez, on behalf of themselves and the Conditionally Certified Class

---

[2] The PAGA Penalty allocation is $50,000. Dkt. 96-2 at 21. The Labor and Workforce Development Agency ("LWDA") was served with a copy of the Settlement Agreement on October 30, 2020. Dkt. 96-8. Furthermore, the PAGA Penalty allocation, at preliminary approval, was found to be reasonable. Dkt. 100 at 17.

The LWDA was also served with Plaintiffs' Motion for Order Granting Award of Attorneys' Fees, Costs, and Service Payments. Dkt. 101-7. Through to the present time, the LWDA has not stated objected to this allocation. Khoury Decl. ¶¶28, 29.

- 9 -

Points and Authorities ISO Motion for Order Granting Final Approval of Class Action Settlement - Case No. 19-CV-04373 JAK (ASx)