UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

---

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT (DKT. 102); AND**

**PLAINTIFFS' MOTION FOR ORDER GRANTING AWARD OF ATTORNEYS' FEES, COSTS, SERVICE PAYMENTS, AND ADMINISTRATION EXPENSES (DKT. 101)**

I.    <u>Introduction</u>

On March 21, 2019, Michael Raziano, Brian Traister and Chris Valdez ("Plaintiffs") filed this putative class action in the Los Angeles Superior Court against Albertson's LLC ("Defendant" or "Albertson's") and Does 1 through 50. Dkt. 1-1 at 2. The action was removed on May 20, 2019 pursuant to the Class Action Fairness Act ("CAFA"). Dkt. 1 at 1.

The Fourth Amended Complaint (the "FAC" (Dkt. 54)), which is the operative one, advances the following 13 causes of action on behalf of a proposed class (the "Settlement Class" or "Class"):

1.   Failure to pay reporting time wages, in violation of California Labor Code ("Cal. Lab. Code") § 218 and § 5 of Industrial Welfare Commission ("IWC") Wage Orders 7-2001 and 9-2001;
2.   Failure to reimburse business expenses, in violation of Cal. Lab. Code § 2802 and § 9 of IWC Wage Orders 7-2001 and 9-2001;
3.   Denial of right to use sick leave without threat of discipline and/or discharge, in violation of Cal. Lab. Code § 233;
4.   Failure to provide accurate itemized wage statements, in violation of Cal. Lab. Code § 226 and § 7 of IWC Wage Orders 7-2001 and 9-2001;
5.   Violation of the Unfair Competition Law, California Business and Professions Code ("Cal. Bus. & Prof. Code") §§ 17200 *et seq.*;
6.   Invasion of privacy—intrusion into private affairs, in violation of California Constitution Article 1, § 1;
7.   Failure to provide paid sick leave, in violation of San Diego County Municipal Code, Chapter 3, Article 9, Division 1, and Los Angeles Municipal Code, Article 7 Section 187.04(A);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04373 JAK (ASx) | | Date | July 15, 2021 |
|---|---|---|---|---|
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | | |

8.  Civil penalties pursuant to the California Private Attorneys General Act ("PAGA") for failure to pay reporting time wages;
9.  Civil penalties pursuant to the PAGA for failure to reimburse business expenses;
10. Civil penalties pursuant to the PAGA for failure to provide accurate itemized wage statements;
11. Civil penalties pursuant to the PAGA for failure to pay wages due upon separation of employment;
12. Failure to pay regular and minimum wages, in violation of Cal. Lab. Code §§ 1194, 1194.2, 1197 and § 4 of IWC Wage Orders 7-2001 and 9-2001; and
13. Civil penalties pursuant to the PAGA for failure to pay regular and minimum wages.

On October 30, 2020, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion" (Dkt. 96)). On February 8, 2021, the Preliminary Approval Motion was granted in part, subject to the modifications set forth in the order (the "Preliminary Approval Order" (Dkt. 100)), which is incorporated here by this reference.

On May 18, 2021, Plaintiffs filed a Motion for Attorney's Fees, Costs, Service Payments, and Administration Expenses (the "Attorney's Fees Motion" (Dkt. 101)). On June 14, 2021, Plaintiffs filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion" (Dkt. 102)). Defendants did not oppose either Motion. Dkt. 104.

A hearing on the Final Approval Motion and the Attorney's Fees Motion was held on July 12, 2021, and both were granted subject to certain limitations and modifications and with a more detailed written order to follow. For the reasons stated at the hearing and in this Order, the Final Approval Motion and the Attorney's Fees Motion are **GRANTED**; provided, however, that the effect of this Order is **STAYED** until at least July 26, 2021, which is the deadline for any objections to be filed by certain government officials.

II.     **Summary of Settlement Agreement and Notice**

        A.      Class Definition

The "Joint Stipulation of Class Action and PAGA Settlement and Release of Claims" (the "Settlement Agreement") seeks the certification of the following class:

> "Settlement Class" shall mean all nonexempt transportation drivers employed by Defendant at Defendant's Irvine or Brea Distribution Centers in the State of California at any time from March 21, 2015, and ending on the date that the District Court grants preliminary approval of this Settlement or October 13, 2020, whichever is earlier.

Dkt. 96-2 at 17-54, Settlement Agreement ¶ 2.

        B.      Summary of the Settlement Agreement and Preliminary Approval Amount

The Preliminary Approval Order includes a detailed summary of the Settlement Agreement. Dkt. 100 at 3-6. The monetary terms of the Settlement Agreement are summarized in the following table:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

| | Amount | Percent of Settlement Fund |
|---|---|---|
| **Settlement Fund ("Gross Settlement Amount")** | **$2,500,000.00** | **100.00%** |
| Attorney's Fees | ($833,333.00) | 33.3% |
| Litigation Costs | ($50,000.00) | 2.0% |
| Settlement Administration Costs | ($20,000.00) | 0.8% |
| PAGA Payment to LWDA (75% of PAGA Award Value) | ($37,500.00) | 1.5% |
| Class Representative Enhancements ($15,000.00 each) | ($45,000.00) | 1.8% |
| **Net Settlement Fund ("Net Settlement Amount")** | **$1,514,167** | **60.6%** |

*Id.* at 3.

       C.     Settlement Administration and Final Requested Amounts

The Settlement Agreement provides for the allocation of up to $20,000 for the cost of settlement administration. Settlement Agreement ¶ 30(c). Simpluris, Inc. (the "Settlement Administrator") requests the approval of $12,500 in settlement administration expenses. Dkt. 102-1 at 8.

An incentive award in the range from $7500 to $10,000 for each of the three named Plaintiffs was approved in the Preliminary Approval Order. Dkt. 100 at 24. However, on behalf of each named Plaintiff, there is a request for the approval of an incentive award ("Class Representative Enhancement") of $15,000. Dkt. 102-1 at 8; *see* Settlement Agreement ¶ 30(a).

An award of attorney's fees in the range from $725,000 to $833,000 was deemed reasonable in the Preliminary Approval Order. Dkt. 100 at 23. Plaintiffs' counsel have renewed their request for approval of attorney's fees of $833,333. Dkt. 102-1 at 8.

An award of litigation costs in the range from $30,942.60 to $50,000 was deemed appropriate in the Preliminary Approval Order. Dkt. 100 at 24. Plaintiffs' counsel request the approval of $31,019.60 in litigation costs. Dkt. 102-1 at 8.

The deductions from the Gross Settlement Amount requested in the Final Approval and Attorney's Fees Motions are summarized in the following table:

| | Amount | Percent of Settlement Fund |
|---|---|---|
| **Gross Settlement Amount** | **$2,500,000.00** | **100.00%** |
| Attorney's Fees | ($833,333) | 33.3% |
| Litigation Costs | ($31,019.60) | 1.24% |
| Settlement Administration Costs | ($12,500.00) | 0.5% |
| PAGA Payment to LWDA (75% of PAGA Award Value) | ($37,500) | 1.5% |
| Class Representative Enhancements ($15,000.00 each) | ($45,000.00) | 1.8% |
| **Net Settlement Amount** | **$1,540,647.40** | **61.63%** |

Dkt. 102-1 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

 D.    Notice to Class Members

Timely notice to Class Members of the settlement was provided by the Settlement Administrator. May 6, 2021 Declaration of Jarrod Salinas ("First Salinas Decl."), Dkt. 101-2 ¶ 4. On March 18, 2021, counsel for Defendant provided the Settlement Administrator with a mailing list that included the name, last known address, Social Security Number, and relevant employment information for each Class Member (the "Class List"). *Id.* ¶ 5. On April 1, 2021, after updating the mailing addresses on the Class List, the Settlement Administrator mailed the court-approved notice (the "Class Notice") to all 792 Class Members on the Class List. *Id.* ¶¶ 6-7. Class Members were advised that the postmark deadline for objecting, opting out or disputing one's employment information was June 1, 2021. *Id.* ¶ 7.

The Class Notice provided a streamlined explanation of the Settlement Agreement, explained why it was being sent, detailed the history of this action and the claims that had been advanced, summarized the financial terms of the Settlement, and explained what rights would be released by Class Members who participated in the Settlement. Class Notice, Dkt. 96-2 at 56-62. The Class Notice also stated that, if in response to the Class Notice a Class Member elected to take no action, that person would remain in the Class. Otherwise, the person could affirmatively elect to opt out of the settlement or submit an objection to it. *Id.*

The Class Notice was sent by first-class mail. Dkt. 101-2 ¶ 7. When the Class Notice was returned as undeliverable, the Settlement Administrator performed a skip trace to locate a current address for that person. *Id.* ¶ 8. By doing so, the Settlement Administrator located eight updated addresses and promptly sent the Class Notice to those Class Members. As of June 14, 2021, notice to two Class Members remained undeliverable. June 14, 2021 Declaration of Jarrod Salinas ("Second Salinas Decl."), Dkt. 102-2 ¶ 5. Also as of that date, the Settlement Administrator had received one request to opt out, but no objections. *Id.* ¶ 4; *see* Dkt. 101-2 ¶ 9.

 E.    CAFA Notice

Defendants failed to serve notice on appropriate federal and state officials within 10 days of the filing of the Preliminary Approval Motion as required by 28 U.S.C. § 1715(b), which is a section of CAFA. Response of Defendant Albertson's in Support of the Final Approval Motion ("Albertson's Response"), Dkt. 104 at 2. The Preliminary Approval Motion was filed on October 30, 2020. Dkt. 96. However, the notices required by CAFA were mailed on April 26, 2021. Declaration of Tyler B. Runge ("Runge Decl."), Dkt. 103 ¶ 3; Dkt. 102-2 ¶ 10.

In light of the foregoing, although this Order grants the Final Approval Motion, its effect is stayed until at least July 26, 2021. Because that is more than 90 days after the date when the appropriate federal and state officials were served with the notices required by CAFA, the process complies with the waiting period required by 28 U.S.C. § 1715(d). No federal or state officials filed any objections or challenges to the settlement or posed any questions about it. Nor did any appear at the hearing on the Motions. If there is no objection by the aforementioned deadline, the stay of this Order will automatically be lifted. If there is any objection, the stay will remain in place until any such objection(s) are addressed in this proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

### III.    Analysis

#### A.    Class Certification

The Preliminary Approval Order analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 100 at 6-11. This analysis, which has already been incorporated by the earlier reference, resulted in granting the Preliminary Approval Motion. The analysis of these factors and the resulting outcome have not changed. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

#### B.    Final Approval of the Settlement Agreement

##### 1.    Legal Standards

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. Fed. R. Civ. P. 23(e).

*First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, the settlement need only be potentially fair." *Id.*

*Second,* if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement. The following non-exclusive factors, which originally were described in *Hanlon*, are among those that may be considered during both the preliminary and final approval processes:

> (1) the strength of the plaintiff's case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the amount offered in settlement;
> (4) the extent of discovery completed and the stage of the proceedings;
> (5) the experience and views of counsel;
> (6) any evidence of collusion between the parties; and
> (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

The recently amended Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. A court must consider whether:

> (A) the class representatives and Plaintiff's counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3);[1] and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See* Advisory Committee Comments to 2018 Amendments to Rule 23. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. *Id*.

>       2.       Application

The Preliminary Approval Order analyzed many of the relevant factors. Dkt. 100 at 12-16. None of the facts and circumstances as to any of them has changed since that time. However, because the Settlement Administrator has completed the notice process, the reaction of Class Members to the Settlement Agreement may now be considered in evaluating whether it is fair and appropriate.

Of the 790[2] Class Members who received notice of the Settlement Agreement, only one opted out, and none objected. Dkt. 101-2 ¶¶ 7-10; Dkt. 102-1 at 11-12. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. – Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (quoting

---

[1] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."
[2] This reflects that 792 notices were mailed by the Settlement Administrator, and two that were returned as undeliverable have not been re-sent. Dkt. 101-2 ¶ 8; Dkt. 102-2 ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

*Nat'l Rural Telecomms. Corp.*, 221 F.R.D. at 528-29) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes in any of the relevant circumstances since the Preliminary Approval Order, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the distribution of the Gross Settlement Fund in the manner set forth in the Preliminary Approval Order is approved subject to the terms of this Order.

> C.      Enhancement Award for Named Plaintiffs

>       1.      Legal Standards

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

> 1) The risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

>       2.      Application

Each of the three named Plaintiffs renews his argument for a Class Representative Enhancement award of $15,000 each. Dkt. 102-1 at 8. The Preliminary Approval Order approved an incentive award in the range from $7500 to $10,000 for each of the three named Plaintiffs, with a final determination of the amount to be made in connection with the Final Approval Motion based on a review of any new evidence and the responses or lack thereof by Class Members. Dkt. 100 at 24. Therefore, because an award of more than $10,000 would conflict with the Preliminary Approval Order as well as the corresponding notice to members of the Class, the request for awards of $15,000 is **DENIED**.

The Preliminary Approval Order noted Raziano spent 120 hours in his role as class representative, Traister 100 hours, and Valdez 50 hours. *Id.* at 24. In support of Class Representative Enhancement awards of $15,000 to each of the Class Representatives, Plaintiff's counsel Marc Phelps declares that Raziano, who has served as a union steward, "was far and away the most involved and significantly contributing class representative [Phelps] ha[s] worked with as class counsel over the last twelve years practicing in plaintiffs' wage and hour class action." Declaration of Marc Phelps ("Phelps Decl."), Dkt. 101-5 ¶ 13. Phelps declares that Traister "alleges to have experienced a high degree of harassment at Albertsons since filing the lawsuit and to have been terminated as a result in his participation in it." *Id.* ¶ 14. As to Valdez, Phelps declares that he "was indispensable to the case because he represented the key claim, the reporting time cause of action, and brought to light significant factual and legal issues with regards to that claim." *Id.* ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

Each of the named Plaintiffs submitted a declaration in support of the Attorney's Fees Motion. Declaration of Michael Raziano ("Raziano Decl."), Dkt. 101-5 at 24-29; Declaration of Brian Traister ("Traister Decl."), Dkt. 101-5 at 31-32; Declaration of Chris Valdez ("Valdez Decl."), Dkt. 101-5 at 34-35. Raziano states that he has experienced "a tremendous amount of stress" from his participation in this action and that it has affected his sleep and his family. Raziano Decl. at 28. He also states that he thinks about this action constantly, and "[his] wife and kids notice [his] moodiness." *Id.* As he is 58 years old and just over four years away from retirement, he states that he is worried about losing his position at Albertson's because of his role in this action and the effect that would have on his family's finances. *Id.*

Traister states that he has over 37 years of experience as a commercial driver. Traister Decl. at 31. He also states that throughout his work he has been a dedicated employee with a spotless safety record. *Id.* He adds that he has missed many important moments in his life with his wife and two older sons as a result of his commitment to his job. *Id.* Like Raziano, he is a union steward. *Id.* He states that after Albertson's was notified of this action, he experienced retaliation, including harassment and multiple suspensions. *Id.* at 32. He states his employment with Alberton's was terminated in November 2020, just a few weeks after he agreed to the Settlement. *Id.*

Valdez claims that he also has experienced retaliation and harassment as a result of his participation in this action. Valdez Decl. at 34. Since the beginning of his involvement, he "ha[s] missed work due to stress" and "ha[s] sought out treatment" from a physician, who "prescribed [him] intermittent Family Medical Leave of Absence as a result [of the] stress brought on by Albertson[']s." *Id.* at 35. He also states that he experienced "some financial hardship as a result [of] missing work to work on the lawsuit, resulting in missed days without pay." *Id.*

In light of the proportional number of hours spent on this action by each named Plaintiff and the hardship that each allegedly experienced as a result of his participation in this action, and taking into account the statements each has made as well as the statements by Class Counsel as to their importance to the case, respective incentive awards of $10,000 to Raziano, $8750 to Traister and $8500 to Valdez are approved.

      D.     PAGA Payment

The LWDA has explained that

> when a PAGA claim is settled, the relief provided for under the PAGA [must] be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being 'fundamentally fair, reasonable, and adequate' with reference to the public policies underlying the PAGA.

*O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (quoting comments submitted by LWDA).

The Settlement Agreement allocates a PAGA penalty of $50,000, 75% of which is be paid to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

LWDA. Dkt. 101-1 at 11. For the reasons stated in the Preliminary Approval Order, this proposed allocation is sufficient and reasonable. Dkt. 100 at 16-17.

        E.        Fee and Cost Award

            1.        Legal Standards

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount*." Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

            2.        Application

Plaintiffs' counsel renew their request for an award of $833,333 in attorney's fees. Dkt. 101-1 at 9. The Preliminary Approval Order analyzed the reasonableness of this amount of attorney's fees under both the percentage-of-the-fund approach and the lodestar approach. Dkt. 100 at 18-23. That analysis, which has been incorporated into this Order, placed at issue the reasonableness of $108,000 in attorney's fees. *Id.* at 23. Therefore, the Preliminary Approval Order found that an award of $725,000 to $833,000 would be reasonable but deferred a final determination to the Final Approval Motion. *Id.*

Plaintiffs' counsel's request of $833,333 is 33% of the $2.5 million Gross Settlement Fund. This allocation exceeds the 25% "benchmark award" in the Ninth Circuit. However, Plaintiffs' counsel argue that the amount of the benchmark should be adjusted upward to account for the following reasons:

> (1) the substantial monetary recovery obtained for the Class; (2) Class Counsel's efforts in zealously and successfully prosecuting this case; (3) Class Counsel's wage and hour class action experience and the skill demonstrated; (4) the novelty and complexity of the issues in this litigation; (5) the significant risk of non-payment due to Class Counsel's purely contingent representation, while incurring significant out-of-pocket costs for over two years; and (6) the lack of any objections to the settlement, including to Class Counsel's fee request.

Dkt. 101-1 at 16. The only circumstance that has changed since the Preliminary Approval Motion is the lack of any objections to the settlement. *Id.* at 23-24.

The lodestar cross-check analysis conducted at the preliminary approval stage yielded a lodestar of $798,562.50, which reflected 1223.3 current hours and an estimated 62 future hours that would be spent on this matter. Dkt. 100 at 20. In support of the Attorney's Fees Motion, which was filed before the Final Approval Motion, Plaintiffs' counsel assert that the lodestar is $829,210, reflecting 1285.9 then-current hours and 40 then-future hours. Dkt. 101-1 at 25; Dkt. 101-3 at 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

In light of the positive results that were obtained for the Class, the financial risks Plaintiffs' counsel assumed in working on a contingency basis, and the lack of objections to the requested fee award, an award of $800,000 is approved. This modest reduction is warranted for the same reasons stated in the Preliminary Approval Order. This includes the overlapping work of several co-counsel, as well as the total time spent on particular aspects of the representation of the Class.

With respect to litigation costs, the Preliminary Approval Order approved an award in the range from $30,942.60 to $50,000. Dkt. 100 at 24. Plaintiffs' counsel now seek an award of $31,019.60 based on evidence of such expenditures. Dkt. 101-1 at 9. This is substantially less than the $50,000 in costs authorized in the Settlement Agreement and only slightly more than the $30,942.60 in costs that Plaintiffs' counsel had incurred as of the filing of the Preliminary Approval Motion.

The requested costs are reasonable and adequately supported by detailed records on a line-item basis. *See* Ex. A to Phelps Decl., Dkt. 101-5 at 10; Ex. 5 to Declaration of Michael D. Singer, Dkt. 101-3 at 88; Ex. A to Declaration of Roger R. Carter, Dkt. 101-4 at 10. Therefore, an award of litigation costs of $31,019.60 is approved.

## IV.    Conclusion

For the reasons stated in this Order, the Final Approval Motion is **GRANTED**, and the Attorney's Fees Motion is **GRANTED IN PART**, *i.e.,* as modified by the terms of this Order. The final settlement amounts are summarized in the following table:

| | Amount | Percent |
|---|---|---|
| **Gross Settlement Amount** | **$2,500,000.00** | **100%** |
| Attorney's Fees | $800,000.00 | 32.00% |
| Litigation Costs | $31,019.60 | 1.24% |
| Class Representative Enhancement Award to Raziano | $10,000.00 | 0.40% |
| Class Representative Enhancement Award to Traister | $8,750.00 | 0.35% |
| Class Representative Incentive Payment to Valdez | $8,500.00 | 0.34% |
| Settlement Administration Costs | $12,500.00 | 0.50% |
| Payment to LWDA (75% of PAGA penalties) | $37,500.00 | 1.50% |
| **Net Settlement Amount (includes 25% of PAGA penalties)** | **$1,591,730.40** | **63.67%** |

The effect of this Order is stayed until the later of July 26, 2021, or the date on which any objections by government officials are resolved in this proceeding. If no such objections are made by July 26, 2021, Class Counsel shall file a corresponding notice, which will result in lifting the stay of this Order. If any objection(s) are made by July 26, 2021, the stay will remain in place, and by that date, counsel for the parties shall file a joint statement as to a proposed process for considering and ruling on any such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-04373 JAK (ASx) | Date | July 15, 2021 |
|---|---|---|---|
| Title | Michael Raziano, et al. v. Albertson's LLC, et al. | | |

objection(s).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    mr